# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case 3:18-cr-00356-S |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| THOMAS D. SELGAS (1) | § | |
| MICHELLE L. SELGAS (2) | § | |
| JOHN GREEN (3) | § | |

## JOINT MOTION TO MODIFY CONDITIONS OF RELEASE

COMES NOW, JOHN GREEN ("Defendant John Green"), THOMAS D. SELGAS ("Defendant Thomas Selgas") and MICHELLE L. SELGAS ("Defendant Michelle Selgas") by and through their attorneys of record, and files this Joint Motion to Modify Conditions of Release and for cause, would show the following:

I.

Defendants request that their Conditions of Release be modified to reflect that provision 7(g) of the Conditions of Release be modified and that the Defendants be allowed to communicate with one another and that their counsel be permitted to communicate in order to prepare for their defense in the above numbered and styled cause of action. The government requested the additional restriction that lawyers be present with clients when they meet. The Defendants disagree with this restriction. In support of this Motion, Defendants would show:

1) On August 7, 2018, the Magistrate signed the Pretrial Release Reporting Instructions form and under the section "additional conditions of release," the magistrate checked off provision 7(g) which requires the Defendants to "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:

co-defendants." The Pretrial Release Reporting Instructions are attached hereto as <u>Exhibit A</u> and incorporated by reference herein.

2) Your Defendants, through their counsel of record requests that provision 7(g) be modified. None of the three (3) Defendants have ever been accused of trying to physically harm anyone. They are of no danger to the community. They are accused of peacefully violating certain provisions of the internal revenue code. Any potential witness must be interviewed as a matter of due diligence by counsel, and to the extent necessary, with the assistance of the Defendants.[1] While there are often legitimate reasons to curtail access to witnesses, such as safety of the witness, or national security, there are none in this case.

3) The Conditions of Release form is a general form. Of course, no form works in all instances. This form is no exception. For example, there are no victims even if the allegations of the Government were all true, other than potentially the Treasury of the United States. A literal interpretation of the clause, "directly or indirectly," might even exclude counsel or investigators from doing their due diligence in meeting with as many witnesses as possible, for the benefit of their client. (In this case the Sixth Amendment of the constitution actually requires them to do so.)

4) The Government has claimed that the Defendant John Green has funds in his IOLTA account that belong to another Defendant. This claim is true. Counsel cannot communicate with each other, concerning these funds, and the other Defendant or Defendants cannot access these funds, which all parties agree are from legal sources, to use in their defense without communication "directly or indirectly." It is anticipated that one or more Defendants may choose

---

[1] Some witnesses are best interviewed by an investigator, some by counsel, some by counsel and investigator and some by the client with counsel, and sometimes the client without counsel. Budget constraints often enter into these decisions. The Defense costs in this case have been and continue to be arduous for all Defendants.

to utilize the funds for his/her defense. The government does <u>not</u> object to Defendant John Green, conducting a one-time transfer that will release any and all funds in his IOLTA account that belong to the other Defendant or Defendants. Defendant Green and the Selgas Defendants wish to do this immediately.

5) Equally important, the three (3) Defendants have been accused of conspiring together. It is reasonable to assume that in order to prepare for this trial, the Defendants need to communicate. Federal Law allows them, if they choose, to enter into a joint defense agreement. In fact, prior to indictment, all three (3) Defendants were represented by the same counsel who was legally required to give full disclosure to all of his clients. So, prior to indictment, with the full knowledge of the Government, they were either specifically or by implication operating at the minimum with some joint defense arrangements. At the time of arraignment and the initial bond hearing, all three (3) Defendants were represented jointly by the same counsel. For practical purposes, this condition of release has now interfered with the continuation of the joint defense arrangement, that appears to have been ongoing, prior to the filing of the Conditions of Release.[2] That is certainly not the purpose of the "Conditions of Release" form. The government does <u>not</u> object to the Defendants meeting together in the presence of counsel. The Government does object to Defendants meeting without counsel present.

6) The Government's theory of the conspiracy appears to be that one of the Defendants used a trust account to assist one or more of the other Defendants and that under their theory of the case, that is not proper. While the defense does not agree it was improper in any way, or continues to be improper, the Defendant John Green would like to divest himself of any remaining trust funds belonging to another Defendant or Defendants. The only way that can be

---

[2] The Three (3) Defendants are now represented by three (3) separate firms.

accomplished, is with "communication directly or indirectly," between the Defendants. As it stands, the current bond condition 7(g) requires the Defendants accused of a disputable "bad fact" to continue with that bad fact until time of trial. It also severs the Selgas Defendants from much needed funds.

7) Your Defendant, John Green lives in Rathdrum Idaho. Travel to Dallas or back to Idaho takes nearly a full day.[3] There are potential witnesses in both States. The Government has not shared its witness list, so potentially, every client of Defendant Green could be on it. Getting all lawyers and all clients together in one room is prohibitively expensive. An order prohibiting contact with potentially unknown witnesses is unconstitutionally vague. Prohibiting Defendant John Green from interviewing witnesses if he and counsel conclude it makes sense, adds cost to the defense and interferes with his due process rights. The same is true for the Selgas Defendants. This does not mean any of the three (3) Defendants would choose to participate to this extent. However, that effort should not be precluded without valid reasons. The Defendants may not object to a court order preventing the Defendants from speaking (without counsel present) to certain specific witnesses if they are identified and good cause is shown for the judicial restraint, although it is difficult to imagine the reasons in this particular case.

Wherefore premises considered, your Defendants request that bond provision 7(g) be modified, and that Defendant John Green be allowed to tender a check or money order to his co-Defendant(s).

---

[3] This is true for the Defendants and for their various law firms.

**Page 4 of 7**

Respectfully submitted on September 28, 2018.

MINNS & ARNETT

*/s/ Michael Louis Minns*
Michael Louis Minns
State Bar No. 14184300
mike@minnslaw.com
Ashley Blair Arnett
State Bar No. 24064833
ashley@minnslaw.com
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453
**Attorneys for John Green**

*/s/ Franklyn Mick Mickelsen*
Franklyn "Mick" Mickelsen
State Bar No.
mick@texas Crimlaw.com
2600 State Street
Dallas, Texas 75204
Telephone: (214) 720-9552
Telecopy: (214) 720-9594
**Attorney for Defendant, Thomas Selgas**

*/s/ John M. Helms*
John M. Helms
State Bar No.
john@johnhelmslaw.com
12240 Inwood Road, Suite 220
Dallas Texas 75244
Telephone: (469) 951-8496
**Attorney for Defendant, Michelle Selgas**

## **CERTIFICATE OF CONFERENCE**

I certify that I have conferred, or made a reasonable attempt to confer, with all other parties which are listed below about the merits of this motion with the following results:

[4]**Robert A. Kemins, Assistant United States Attorney**
     X    opposes some of the motion
     X    does not oppose some of the motion
     ___    agrees with motion
     ___    would not say whether motion is opposed
     ___    did not return my message regarding the motion

**Franklyn ("Mick") Mickelsen, Attorney for Defendant Thomas D. Selgas**
     ___    opposes motion
     ___    does not oppose motion
     X    agrees with motion
     ___    would not say whether motion is opposed
     ___    did not return my message regarding the motion

**John Helms, Attorney for Defendant Michelle Selgas**
     ___    opposes motion
     ___    does not oppose motion
     X    agrees with motion
     ___    would not say whether motion is opposed
     ___    did not return my message regarding the motion

Respectfully submitted on September 28, 2018.

         */s/ Michael Louis Minns*
         Michael Louis Minns
         ***Attorney for Defendant, John Green***

---

[4] Please see the email communication from the Government attached hereto as Exhibit B and incorporated by reference herein. The Government does not oppose Defendants meeting together in the presence of counsel. The Government does oppose Defendants meeting without counsel. The Government does not object to Green tendering the entire amount of the Selgas IOLTA account to the Selgas Defendants in a "one-time transfer." It is best, however, that with partial agreement and partial disagreement that the Court have access to the exact communication as both sides have worked in good faith to resolve this issue but remain partially divided.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this the 28th day of September 2018, a true and correct copy of

the above and foregoing instrument was served upon all counsel of record.


 */s/ Ashley Blair Arnett* 
Ashley Blair Arnett
***Attorney for Defendant, John Green***