```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

UNITED STATES OF AMERICA,     )   Case No. 3:18-cr-00356-S
                              )
       Plaintiff,             )   Dallas, Texas
                              )   August 7, 2018
v.                            )   2:00 p.m.
                              )
THOMAS D. SELGAS (01),        )
MICHELLE L. SELGAS (02),      )   INITIAL APPEARANCE
JOHN O. GREEN (03),           )   ARRAIGNMENT
                              )
       Defendants.            )
                              )
```

### TRANSCRIPT OF PROCEEDINGS
### BEFORE THE HONORABLE REBECCA RUTHERFORD,
### UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

For the Government:        Robert A. Kemins
                           U.S. DEPARTMENT OF JUSTICE, TAX
                             DIVISION
                           717 N. Harwood Street, Suite 400
                           Dallas, TX  75201
                           (214) 880-9781

For the Defendants:        Michael P. Gibson
                           BURLESON PATE & GIBSON, LLP
                           900 Jackson Street, Suite 330
                           Dallas, TX  75202
                           (214) 871-7543

Recorded by:               Lavenia Price
                           UNITED STATES DISTRICT COURT
                           1100 Commerce Street, Room 1452
                           Dallas, TX  75242-1003
                           (214) 753-2168

Transcribed by:            Kathy Rehling
                           311 Paradise Cove
                           Shady Shores, TX  76208
                           (972) 786-3063

       Proceedings recorded by electronic sound recording;
          transcript produced by transcription service.

1        DALLAS, TEXAS - AUGUST 7, 2018 - 1:56 P.M.

2         THE COURT:  All right.  We're going to begin today
3   with United States of America versus Thomas Selgas, Michelle
4   Selgas, and John Green, which is Case No. 3:18-cr-356-S.
5         MR. KEMINS:  Robert Kemins for the United States,
6   Your Honor.  Good afternoon.
7         THE COURT:  Good afternoon.
8         MR. GIBSON:  Your Honor, good afternoon.  Michael
9   Gibson in a special appearance for all three of the
10  Defendants:  Tom Selgas, Michelle Selgas, and John Green.
11        THE COURT:  Good afternoon.
12        MR. GIBSON:  Good afternoon.
13        THE COURT:  And so thank you for those appearances.
14  If the three of you -- you're here in federal court today
15  because a grand jury sitting in this district has returned an
16  indictment charging you with several felony offenses.  And the
17  purpose of this hearing is to advise you of your
18  constitutional rights and the charges against you.
19     Let me give you some preliminary instructions, and then
20  one at a time you can come down here and stand with Mr. Gibson
21  and we'll take up some individual matters.  But with respect
22  to each of you, you each have the right to remain silent.
23  You're not required to say anything about the charges against
24  you, and anything you say other than to your attorney can be
25  used against you.

1    You also have the right to be represented by an attorney.
2 You have the right to hire an attorney of your own choosing,
3 and if you can't afford to hire an attorney, I can appoint one
4 for you.
5    Mr. Selgas, do you understand these rights?
6         DEFENDANT T. SELGAS:  Yes, I do, ma'am.
7         THE COURT:  And Ms. Selgas, do you understand these
8 rights?
9         DEFENDANT M. SELGAS:  Yes, I do.
10        THE COURT:  Mr. Green, do you understand these
11 rights?
12        DEFENDANT GREEN:  Yes, Your Honor.
13        THE COURT: Very well.  All right.  So, Mr. Selgas,
14 we'll begin with you.  If you will please come and stand with
15 Mr. Gibson.
16   Now, Mr. Selgas, the record indicates that you have hired
17 Mr. Gibson and he has made a limited appearance as your
18 attorney for this proceeding today only.  So if you -- you can
19 hire another attorney or Mr. Gibson, depending on how you work
20 it out with your codefendants, and then if a new attorney
21 appears for you he'll need to file an appearance.  If you
22 decide later that you cannot afford an attorney and you want
23 the Court to appoint one for you, you will need to file an
24 appropriate motion and a financial affidavit demonstrating
25 your indigency.  Does that make sense?

```
 1              DEFENDANT T. SELGAS:  Yes, it does.
 2              THE COURT:  All right.  Have you received a copy of
 3   the indictment charging you with the offenses?
 4              DEFENDANT T. SELGAS:  Yes, I have.
 5              THE COURT:  All right.  Were you able to review it
 6   with Mr. Gibson?
 7              DEFENDANT T. SELGAS:  Yes, we did.
 8              THE COURT:  And do you understand the charges against
 9   you?
10              DEFENDANT T. SELGAS:  Yes.
11              THE COURT:  Not if you agree with them, just if you
12   understand what the --
13              DEFENDANT T. SELGAS:  Okay.
14              THE COURT:  -- Government contends you have done?
15              DEFENDANT T. SELGAS:  Yes.
16              THE COURT:  All right.  Even so, I would ask the
17   Assistant U.S. Attorney to read the indictment aloud unless
18   you agree to waive the --
19              DEFENDANT T. SELGAS:  We'll agree.
20              THE COURT:  -- formal reading.
21              DEFENDANT T. SELGAS:  I'll agree to waive it, Your
22   Honor.
23              THE COURT:  Waive the formal reading?
24              DEFENDANT T. SELGAS:  Yes.
25              THE COURT:  All right.  Thank you.
```

1      Mr. Gibson, is Mr. Selgas prepared to enter a plea this
2   afternoon?
3           MR. GIBSON:  I believe he's prepared to enter a plea,
4   yes, ma'am.
5           THE COURT:  All right.  Mr. Selgas, how do you plead
6   to the charges against you in the indictment?
7           DEFENDANT T. SELGAS:  Not guilty.
8           THE COURT:  Thank you.  What is the Government's
9   position on release or detention?
10          MR. KEMINS:  We're fine with the recommendations of
11  Probation, Your Honor, of a PR bond with the surrender of a
12  passport, not applying for a new passport, no contact with any
13  victims, witnesses, codefendants associated with the offense
14  other than his wife.  So we're fine with that, ma'am.
15          THE COURT:  All right.  And Mr. Gibson, are there any
16  other conditions or issues that you would ask the Court to
17  consider?
18          MR. GIBSON:  No, Your Honor.  I think that's adequate
19  to cover their release and returning back to court at the
20  appropriate time.
21          THE COURT:  All right.
22          MR. GIBSON:  I do -- I will notify the Court, I do
23  have his passport and we'll get the material to surrender it,
24  if not this afternoon, by in the morning.
25          THE COURT:  All right.  Mr. Selgas, I am going to

enter an order releasing you on conditions.  Those conditions will include that you surrender the passport, not apply for any new passport or international travel document, and that you have no contact with witnesses or codefendants in this case other than your wife.

We're going to put together an order that contains those conditions and I'm going to give it to you so you have an opportunity to look over it with Mr. Gibson.

I will admonish you that there are serious consequences for not complying with the conditions.  If you fail to appear or violate any of the conditions, then that could be a -- a warrant could be issued for your arrest and there could be a separate prosecution for failure to appear or for violating those conditions.

If you commit any other crime while you're on release, that could have more serious consequences than if you committed that crime at any other time.

And it is also a separate crime to attempt to influence, threaten, bribe, or obstruct justice in the case in which the charges are pending.

Will you be -- so, Mr. Gibson has your passport?  Is there any problem surrendering that to the Clerk by 4:00 tomorrow?

MR. GIBSON:  No, ma'am.  No, that'll --

THE COURT:  Okay.

MR. GIBSON:  That'll be fine.  We'll get it probably

```
 1  this afternoon.  I just forgot to bring -- I honestly forgot
 2  to bring it with me.
 3          THE COURT:  That's okay.  Well, if we give you a day,
 4  if for some reason if you can't make it back this afternoon,
 5  --
 6          MR. GIBSON:  Right.  Yes.
 7          THE COURT:  -- tomorrow will be fine.
 8     (Pause.)
 9          MR. GIBSON:  You want to do each -- I've got two sets
10  here.
11          THE COURT:  Yes.
12          MR. GIBSON:  Do each set?  Okay.
13          THE COURT:  Because you'll be provided an original to
14  take with you.
15          MR. GIBSON:  Yes, ma'am.
16     (Pause.)
17          THE COURT:  All right, Mr. Selgas.  I have received
18  back a copy of the order with your signature on it.  Did you
19  have a chance to read this carefully before you signed it?
20          DEFENDANT T. SELGAS:  Not specifically, but I saw
21  enough detail that I know that I'm to obey your order or
22  suffer serious consequences.
23          THE COURT:  Very well.  And like I said, you will be
24  provided an original to take with you so you can study it.
25          DEFENDANT T. SELGAS:  Okay.
```

1            THE COURT:  At this time, do you have any questions
2    regarding the conditions under which you are being released?
3            DEFENDANT T. SELGAS:  No, ma'am.
4            THE COURT:  All right.  Mr. Gibson, is there anything
5    further that we should address with respect to Mr. Selgas this
6    afternoon?
7            MR. GIBSON:  No, ma'am, I don't believe so, Your
8    Honor.
9            THE COURT:  For the Government?
10           MR. KEMINS:  Nothing, Your Honor.  Thank you.
11           THE COURT:  All right.  Then I will order you
12   released after processing.  You'll need to meet with the
13   representative from the Pretrial Services Offices this
14   afternoon before you leave.
15           DEFENDANT T. SELGAS:  Yes, ma'am.
16           THE COURT:  All right.  Thank you.  All right.
17           DEFENDANT T. SELGAS:  Would you like me to sit back
18   down?
19           THE COURT: Yes, if you -- or do you want to take him
20   up?  It'll just be easier.  Yes.
21      Ms. Selgas?  Good afternoon.  Have you -- first, I want to
22   make sure that it's clear on the record that you have
23   appearing with you today Mr. Gibson, and he is appearing in
24   your capacity as an attorney with respect only to this
25   proceeding this afternoon.  Do you understand that?

1          DEFENDANT M. SELGAS:  Yes.
2          THE COURT:  All right.  Have you received a copy of
3  the indictment setting forth the charges against you?
4          DEFENDANT M. SELGAS:  Yes.
5          THE COURT:  And did you read that indictment?
6          DEFENDANT M. SELGAS:  Yes.
7          THE COURT:  Do you understand the charges against
8  you, what it is the Government contends that you have done?
9          DEFENDANT M. SELGAS:  Yes.
10         THE COURT:  Even so, I will require the Assistant
11 U.S.  Attorney to read the indictment aloud unless you waive a
12 formal reading of the indictment.  Would you like to waive a
13 formal reading of the indictment?
14         DEFENDANT M. SELGAS:  Yes.
15         THE COURT:  All right.  Mr. Gibson, is Ms. Selgas
16 prepared to enter a plea?
17         MR. GIBSON:  I believe she is prepared, Your Honor.
18         THE COURT:  All right.  Ms. Selgas, how do you plead
19 to the charges in the indictment?
20         DEFENDANT M. SELGAS:  Not guilty.
21         THE COURT:  Thank you.  What is the Government's
22 position on detention?
23         MR. KEMINS:  Your Honor, we will abide by the
24 recommendations of Probation.  The only thing I would say is
25 they have her surrendering her passport and obtaining no new

1  passport, but as this is a conspiracy, I'd ask the Court to
2  consider adding the same condition as to Tom Selgas', which is
3  no contact with victims, witnesses, codefendants associated
4  with the offense other than Mr. Selgas.
5     Other than that, we're fine with those recommendations,
6  Your Honor.
7          THE COURT:  And Mr. Gibson, is there anything else
8  that the Defense would have the Court consider?
9          MR. GIBSON:  No, Your Honor.  I believe that covers
10 it.
11         THE COURT:  All right.  Ms. Selgas, I am going to
12 enter an order releasing you on conditions.  The conditions
13 will be that you, if you have a passport, that you surrender
14 it, including an expired passport, and that you obtain no new
15 passport or international travel document.
16    Also, you will be prohibited from contact with
17 codefendants, witnesses, or victims in this case except for
18 your husband.  Do you understand that?
19         DEFENDANT M. SELGAS:  Yes.
20         THE COURT:  All right.  I've prepared a copy of the
21 order setting conditions of release.  And if you would just
22 take a moment to review it with Mr. Gibson, I'm going to ask
23 you in a minute if you understand the conditions, if you have
24 any questions.  And also please pay attention on the last page
25 to the serious consequences that can occur if you violate any

1    condition, including that a warrant can be issued for your
2    arrest or that you could be tried for a separate offense if
3    you failed to appear as required.
4            DEFENDANT M. SELGAS:  Okay.
5        (Pause.)
6            THE COURT:  All right, Ms. Selgas.  I have received
7    back a copy of the order setting conditions.  It has your
8    signature on it.  Do you have any questions regarding the
9    conditions under which you're being released?
10           DEFENDANT M. SELGAS:  No.
11           THE COURT:  All right.  You will need to report to
12   the Pretrial Services officer who's assigned to your case
13   after you're processed by the Marshals.  The passport can be
14   surrendered by no later than 4:00 tomorrow.
15       Is there anything further from the Government that we
16   should take up with respect to Mrs. Selgas?
17           MR. KEMINS:  Nothing, Your Honor.  Thank you.
18           THE COURT:  All right.  For the Defense --
19           MR. GIBSON:  No, Your Honor.
20           THE COURT:  -- for Mrs. Selgas?  All right.  Thank
21   you.  Then we are adjourned as to Mrs. Selgas.
22       And Mr. Green.  If you would come down, please.
23           DEFENDANT GREEN:  May I have just one second, Your
24   Honor, to talk to Mr. Gibson?
25           THE COURT:  Yes.

1       (Pause.)
2               DEFENDANT GREEN:  We're ready, Your Honor.
3               THE COURT:  Are you ready?
4               DEFENDANT GREEN:  Yes, Your Honor.
5               THE COURT:  All right.  Have you received a copy of
6    the indictment in this case setting forth the charges against
7    you?
8               DEFENDANT GREEN:  I have, Your Honor.
9               THE COURT:  Have you had an opportunity to read it?
10              DEFENDANT GREEN:  I have.
11              THE COURT:  And were you able to go over it with Mr.
12   Gibson?
13              DEFENDANT GREEN:  I've been over it, yes, Your Honor.
14              THE COURT:  All right.  And for the record, I just
15   want to make sure that you understand that Mr. Gibson has
16   entered an appearance with respect to his representation of
17   you for the purposes of this proceeding only.
18              DEFENDANT GREEN:  Yes, Your Honor.
19              THE COURT:  And that if you hire another attorney of
20   your choosing, he or she will need to file an appearance on
21   the record.  If you decide that you would like the Court to
22   appoint counsel for you, you'll need to file an appropriate
23   motion and an affidavit that would establish your financial
24   eligibility for the appointment of counsel.
25              DEFENDANT GREEN:  Yes, Your Honor.

Case 3:18-cr-00356-S   Document 43   Filed 12/10/18   Page 13 of 19   PageID 148

13

```
 1              THE COURT:  All right.  You told me that you
 2   understood the charges in the indictment.  You understand what
 3   the Government contends that you have done?
 4              DEFENDANT GREEN:  I do.
 5              THE COURT:  All right.  I will ask the Assistant U.S.
 6   Attorney to read the indictment aloud unless you waive a
 7   formal reading of the indictment.
 8              DEFENDANT GREEN:  I'll waive it, Your Honor.
 9              THE COURT:  Thank you.  Are you prepared to enter a
10   plea?
11              DEFENDANT GREEN:  I am.
12              THE COURT:  All right.  And how do you plead to the
13   indictment?
14              DEFENDANT GREEN:  Not guilty.
15              THE COURT:  Thank you.  For the record, what is the
16   Government's position on release or detention?
17              MR. KEMINS:  We are fine with the recommendations of
18   Pretrial on Page 4 of the report.
19      I guess I'd point out, I talked to Pretrial real quick.
20   Once he reports to them, they'll have to hand him off to
21   Pretrial in whatever the district is in Idaho that he lives
22   in.  But we'll --
23              THE COURT:  I think it's just the District of Idaho.
24              MR. KEMINS:  District of Idaho?  They only have --
25   just one big district?  So we're fine with these.  And, of
```

1  course, I guess the firearms are not here, they're in Idaho,
2  so I guess he'll have to work with them to figure out what --
3  and satisfy them there and figure out what to do with that.
4  So, other than that, we're fine with the conditions laid out.
5         THE COURT:  Okay.  Thank you.
6     So, Mr. Green, I will release you on your own
7  recognizance, subject to the following conditions.  That you
8  surrender any passport, including expired passport.  That you
9  not apply for any other passport or international travel
10 document.  That you have no contact with your codefendants,
11 witnesses, or any victims in this case.  And that you do not
12 possess firearms or other weapons.
13    You will be supervised out of the District of Idaho.  And
14 to the extent that you are required to return to the Northern
15 District and make an appearance, you will have to do that.  Do
16 you understand all of those conditions?
17        DEFENDANT GREEN:  Yes, Your Honor.
18        THE COURT:  All right.
19        DEFENDANT GREEN:  May I just ask a question?
20        THE COURT:  Yes.
21        DEFENDANT GREEN:  With regard to the firearms, I
22 won't be home until probably Friday or Saturday.  My wife
23 doesn't even know where they all are.  Do I have some time to
24 get home and to have them removed from the house?
25        THE COURT:  Yes, you do.

1          DEFENDANT GREEN:  Okay.

2          THE COURT:  Yes.  And once you -- you'll be able to
3   meet with the Pretrial Services officer here today and they
4   will coordinate supervision in Idaho, and you'll be able to --
5   they'll come out for a home visit to confirm that those
6   firearms have been removed from your possession during the
7   pendency of these proceedings.

8      I've prepared a copy of the order setting conditions of
9   release, and if you would review it.  You will get an original
10  of it to take with you to study.  I'll point out to you that
11  there are serious consequences for failing to abide by any
12  condition.  If you don't appear as required, a warrant can be
13  issued for your arrest.  If you violate any of the other
14  conditions, you can also be -- a warrant can be issued for
15  your arrest, you can be separately prosecuted for a failure to
16  appear or for violating those conditions.

17         DEFENDANT GREEN:  Yes, Your Honor.
18     (Pause.)

19         THE COURT:  All right, Mr. Green.  I've received back
20  a copy of the order setting conditions of release.  I watched
21  you sign it here in open court.  I'm signing it as well.

22     By signing the order, are you telling the Court that you
23  understand the conditions of release, you agree to follow
24  them, and you understand the consequences for not following
25  them?

1        DEFENDANT GREEN:  Yes, Your Honor.

2        THE COURT:  And as I said, you will be released after

3   you're processed, and Pretrial Services can help you get set

4   up with the folks in Idaho that will actually do your

5   supervision.

6     Do you have a question?

7        DEFENDANT GREEN:  Yes, Your Honor.

8        THE COURT:  Yes?

9        DEFENDANT GREEN:  I actually rode here today with the

10  Selgases, and I understand now I'm not supposed to talk to

11  them.  My --

12       THE COURT:  That's right.

13       DEFENDANT GREEN:  My material, my -- my luggage is in

14  their car.  My stuff is at Mr. Gibson's office.  Can I walk

15  back with them to get my stuff and --

16       THE COURT:  Uh, --

17       MR. GIBSON:  We just need to separate everybody, Your

18  Honor.

19       THE COURT:  Separate everyone.

20       MR. GIBSON:  They came together, and then everybody's

21  going home.  And then after that --

22       THE COURT:  And you have a separate way to get home?

23       DEFENDANT GREEN:  I'll -- I'm flying home whenever I

24  leave Texas.

25       THE COURT:  Okay.

1              DEFENDANT GREEN:  But I'll have to find a way to get
2     where I'm going tonight.
3              THE COURT:  A car trip home would -- together would
4     be prohibited.
5              DEFENDANT GREEN:  Yes, Your Honor.
6              THE COURT:  All right.  I don't want to get into the
7     specific logistics.  However you work it out will be fine with
8     me.
9              DEFENDANT GREEN:  Okay.
10             MR. GIBSON:  Judge, just to notify the Court, like I
11    said, if you'll give us 24 hours to separate people out, they
12    understand that's a condition.  They won't be riding home
13    together or flying home together.  And then I'll let their
14    counsel, whoever they hire, work with the District Court if
15    there's a way to modify those changes or have different --
16    like I have in other cases, where different changes where with
17    lawyers present you can meet and things like that.
18             THE COURT:  Okay.
19             MR. GIBSON:  But I -- it just did not -- they all
20    came together today.
21             THE COURT:  Okay.  Yeah.  You can't go home with them
22    tonight or have dinner or anything like that.  That would --
23             DEFENDANT GREEN:  Yes, Your Honor.
24             THE COURT:  -- be in violation of the order of
25    release.

```
 1              MR. GIBSON:  Yeah.
 2              THE COURT:  Anything further from the Government?
 3              MR. KEMINS:  No.  That's it, Your Honor.  Thank you.
 4              THE COURT:  All right.  Anything further, Mr. Gibson?
 5              MR. GIBSON:  No, Your Honor.
 6              THE COURT:  All right.  Then we are adjourned as to
 7   this matter.  Mr. Gibson, thank you for being here.  Counsel
 8   are excused if they have nothing further.
 9              MR. GIBSON:  Thank you for the Court's patience and
10   --
11              DEFENDANT GREEN:  Thank you, Your Honor.
12              MR. GIBSON:  -- getting it done and letting --
13   accommodate everybody.  Thank you very much.
14              THE COURT:  Absolutely.  Thank you.
15              MR. KEMINS:  Thank you, Your Honor.
16              THE COURT:  Thank you.
17         (Proceedings concluded at 2:19 p.m.)
18                            --oOo--
19
20                          CERTIFICATE
21      I certify that the foregoing is a correct transcript from
22   the sound recording of the proceedings in the above-entitled
     matter.
23    /s/ Kathy Rehling                             12/10/2018
24   _____    _____
     Kathy Rehling, CETD-444                            Date
25   Certified Electronic Court Transcriber
```

INDEX

PROCEEDINGS                                                            2

WITNESSES

-none-

EXHIBITS

-none-

RULINGS

Defendant T. Selgas Entry of Not Guilty Plea                           5
Defendant T. Selgas Conditions of Release                              6
Defendant M. Selgas Entry of Not Guilty Plea                           9
Defendant M. Selgas Conditions of Release                             10
Defendant Green Entry of Not Guilty Plea                              13
Defendant Green Conditions of Release                                 14

END OF PROCEEDINGS                                                    18

INDEX                                                                 19