IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § § | NO. 3:18-CR-356-S |
| v. | | |
| JOHN O. GREEN (03) | | |
| Defendant. | | |

GOVERNMENT'S RESPONSE TO DEFENDANT GREEN'S OBJECTIONS TO RESTRICTIONS ON HIS BOND ORDERED BY MAGSITRATE COURT[1]

COMES NOW the undersigned and provides this response in opposition to Green's objection to the Magistrate's order prohibiting his pretrial possession of a firearm. On October 31, 2018, just prior to a scheduled hearing to modify the conditions of pretrial release, counsel for Green filed a handwritten supplemental motion seeking removal of the pretrial condition that prohibited Green from possessing a firearm. (Docket Entry #35). On November 28, 2018, the United States Magistrate Judge denied Green's motion (Docket Entry #41).

In the order denying the motion, the Magistrate Judge stated, "Green has further failed to provide sufficient facts to demonstrate that the challenged condition is more restrictive than necessary. Green is subject to supervision by Pretrial Services. Officers may make unannounced visits to his home to ensure he is complying with all the

---

[1] Docket Entry #44

conditions of his release. The condition prohibiting firearms is necessary to reasonably assure the safety of those Pretrial Services officers." (Docket Entry #41).

In his objection to the Magistrate Judge's order, Green argues that he needs a firearm to protect himself from dangerous animals (particularly bears), which he claims are present by his home in Idaho. Additionally, Green argues, for the first time, that possessing a firearm is necessary as he was a law enforcement official for ten (10) years and "assisted in the incarceration of many dangerous people."[2]

Green's arguments, however, are without merit. According to the United States Fish & Wildlife Service ("USFWS"), a firearm is not an effective measure to protect against a bear.[3] In fact, the USFWS advises that bear spray is a better method. They state, "[l]ike seatbelts, bear spray saves lives. But just as seatbelts don't make driving off a bridge safe, bear spray is not a shield against deliberately seeking out or attracting a grizzly bear. No deterrent is 100% effective, but compared to all others, including firearms, proper use of bear spray has proven to be the best method for fending off threatening and attacking bears, and for preventing injury to the person and animal involved."

Moreover despite Green's assertion that he was previous law enforcement, Green has portrayed a deep dislike of the federal government. In an article, dated May 8, 2016, from an Idaho newspaper, *The Spokesman-Review*, Green discussed his views on the

---

[2] No specifics regarding Green's law enforcement career are provided in his filing.
[3] *See* Attachment A, United States Fish and Wildlife Service, Fact Sheet #8-"Living with Grizzlies d"

authority of the federal government in light of his recent election campaign for the office of sheriff of Kootenai County (Idaho). [4] According to the article, Green stated "[i]t's no secret I have no respect for the federal government, they've way out-stepped their bounds across the country." The article further reported that Green held the view that sheriffs have the power to resist federal laws and arrest federal officials they believe are violating the Constitution. Moreover, the article related that, "at a recent candidates forum, Green asked the audience, "Do we want to go back to 1940s Germany? In a lot of ways our country is headed that way."

While the government understands that Green has a right under the First Amendment to the United States Constitution to espouse whatever views he wants towards the federal government (and other matters), this court can and should take those views into account when determining the merits of Green's objections to the Magistrate Judge's order. The Magistrate Judge correctly listed the legitimate safety concerns of pretrial services officers who have to make unannounced visits to Green's residence. In addition, there is always the possibility that Green will make a decision to not appear as required and pretrial services along with other law enforcement agents will have to go find him. As the Magistrate Judge's order stated, "18 U.S.C. § 3142(c) requires a court to impose the least restrictive combination of conditions that the court determines will reasonably assure the defendant's appearance as required and the safety of any other person and the community."

---

[4] *See* Attachment B, "Kootenai County candidates differ on proper role of sheriff." The Spokesman-Review dated Sun., May 8, 2016, 4 a.m.

CONCLUSION

For the reasons stated above, the government would respectfully argue to this court that the condition of pretrial release prohibiting Green from possession a firearm should be maintained and that his objections to restrictions on his bond ordered by the Magistrate Judge should be overruled.

ERIN NEALY COX
UNITED STATES ATTORNEY

By:    /s/ Robert A. Kemins
       ROBERT A. KEMINS
       Massachusetts Bar No. 267330
       Trial Attorney
       U.S. Dept. of Justice, Tax Division
       717 N. Harwood, Ste. # 400
       Dallas, TX 75201
       (214) 880-9781
       Robert.A.Kemins@usdoj.gov

       Mara A. Strier
       Trial Attorney
       U.S. Department of Justice
       Tax Division
       601 D Street, NW
       Washington, DC 20004

## CERTIFICATE OF SERVICE

    It is hereby certified that on December 19, 2018 this reply was filed using the Court's CM/ECF filing system and served via electronic mail on counsel for the Defendant.

                          /s/ Robert A. Kemins
By:   ROBERT A. KEMINS
       Massachusetts Bar No. 267330
       Trial Attorney
       U.S. Dept. of Justice, Tax Division
       717 N. Harwood, Ste. # 400
       Dallas, TX 75201
       (214) 880-9781
       Robert.A.Kemins@usdoj.gov