UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case 3-18-cr-356-S |
| | § | |
| v. | § | |
| | § | |
| THOMAS D. SELGAS (1) | § | |
| MICHELLE L. SELGAS (2) | § | |
| JOHN GREEN (3) | § | |

### DEFENDANTS' JOINT MOTION TO COMPEL

TO THE HONORABLE COURT:

COMES NOW, DEFENDANTS MICHELLE SELGAS AND JOHN GREEN ("Defendants"), by and through undersigned counsel, Michael Louis Minns, Ashley Blair Arnett, and John Helms and respectfully requests this Court to direct the United States to produce the Special Agent's Report ("SAR") of Special Agent Stephanie Byrd.

### ARGUMENT

**I.    SPECIAL AGENT'S REPORT**

In nearly every criminal tax case the SAR contains exculpatory information, which must be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and/or significant Jencks Act material, which also must be disclosed when a government witness whose statement is contained in the document testifies at trial.  Here, the SAR contains the Government's alleged evidence of willfulness related to the IRS's investigation of the Defendants, which if inaccurate or disprovable is also exculpatory.  The information contained in the SAR is crucial to properly preparing the defense.

Brady evidence is not limited to the Government's decision on what is exculpatory.  It

includes the Government's investigation into useful facts for the defense which is required by *Giglio*.

A. <u>**Rule 16**</u>

The SAR is more than a memorandum or mere summary of notes. It is the report used to decide whether or not to proceed with prosecution. The SAR is discoverable under Rule 16 of the Federal Rules of Criminal Procedure:

> (E) *Documents and Objects*. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>    (i) the item is material to preparing the defense;
>    (ii) the government intends to use the item in its case-in-chief at trial; or
>    (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Under Rule 16, the SAR *must* be disclosed upon the defendant's request; it is a document the government will use in its case-in-chief at trial and/or is material to preparing the defense. A defendant is entitled to request disclosure of documents believed to be material, and to have the trial court make that determination.

Under Rule 16(a)(1)(E)(i), the defendant satisfies his or her initial burden of demonstrating materiality by showing the government is in possession of information that will be helpful to the defense. Both the U.S. Supreme Court and the Fifth Circuit Court of Appeals have determined that " material to preparing the defense" within the meaning of Rule 16 means the "documents material to the preparation of [the defendant's] defense against the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). *See United States v. Whiteside*, 810 F.2d 1306, 1308 (5th Cir. 1987) ("materiality" requires showing that "the pretrial disclosure of the disputed evidence would have enabled [the defendant] significantly to alter the quantum of proof in his favor") (citations omitted)).

Here, the initial hurdle of showing materiality has been met; the SAR is necessarily material to the prosecution or defense of the charges against the Defendants.

**B.** *Brady v. Maryland*

Likewise, the SAR must be disclosed under *Brady*:

> The heart of the holding in [*Brady v. Maryland*] is the prosecution's suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or to punishment. Important, then, are (a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence

*Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). If identified exculpatory evidence creates a reasonable doubt as to the defendant's culpability, it must be deemed material. *United States v. Agurs*, 427 U.S. 97, 112 (1976). Decades ago, the Fifth Circuit emphasized, following *Brady*:

> "It is now clear that *Brady* imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence which is materially favorable to the accused either as direct or impeaching evidence." The *Brady* doctrine, the underlying policy of the *Brady* decision, "rests upon an abhorrence of the concealment of material arguing for innocence by one arguing for guilt."

*United States v. Anderson*, 574 F.2d 1347, 1353 (5th Cir. 1978) (citations omitted). Given the Supreme Court's mandate in *Brady*, the Fifth Circuit also offered the government this "suggestion": "[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure." *Id.* at 1353 (citation omitted).

But while the prosecutor is required to disclose all documents that fall within the ambit of *Brady* or Rule 16(a)(1)(E), it is not up to the prosecutor to make the materiality determination. That determination is for the court, and it is necessary for this Court, in making the determination whether a particular document must be disclosed if the Court decides not to order it turned over, to review the material in camera. *See United States v. Buford*, 889 F.2d 1406, 1408 (5th Cir. 1989) (district court abused its discretion both in denying defendant's request for production of IRS

master file and in failing to perform in camera inspection of master file); *United States v. Diaz-Munoz*, 632 F.2d 1330, 1334 (5th Cir. 1980) (error for trial court to refuse to make *Brady* determination in camera). In fact, it is error for a trial court to rely on the government's assurances that it does not possess material evidence and to refuse to undertake an in-camera investigation based on those unilateral assurances. *United States v. Gaston*, 608 F.2d 607, 613 (5th Cir. 1979). This is especially the case when the defendant does not make simply a blanket request for all of the government's documents, but, as here, identifies a particular document that prima facie contains material evidence. *Diaz-Munoz*, 632 F.2d at 1334. In *Diaz-Munoz*, the defendants sought particular documents "for substantive use as going directly to the defense in the income tax counts as well as the fraud counts," which the Fifth Circuit ultimately held were subject to review by the trial court. *Id.*

> The government, having set about to prove in every count that money came into or out of [the corporation allegedly used to launder money], was obligated to release information tending to corroborate [the defense] argument that money in that account was not theirs. It is simply not enough for the government to confirm [the existence of] payments but refuse all information as to dates and amounts, and then say it makes no difference.
>
> Under these circumstances, it was error for the trial court to fail to undertake an examination of the file in camera.

*Id. See also United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984) (rejecting argument that the government, not the district court, decides in the first instance when to turn over *Brady* documents).

When the prosecution claims that the SAR is exempt from discovery because it contains attorney impressions, advice, or work product, the fair and easy solution is to redact those portions of the SAR, disclosing the rest. *Price v. United States*, 335 F.2d 671, 676 (5th Cir. 1964) (approving court's allowing government to remove sections of SAR containing special agent's

conclusions and recommendations and giving counsel for taxpayer an opportunity to examine entire report except for such conclusions and recommendations).

The Defendants have satisfied the initial burden of showing *Brady* materiality here. The Court should instruct the Government to turn over the SAR to the defense or to provide the Court with the SAR for in camera review prior to disclosure.

The Defendants also request receipt of all actions taken by the Government to seek exculpatory and impeachment information from all members of the prosecution team. Typically, this would be in the report of the Special Agent in Charge.

**C.     Jencks Act**

The special agent usually testifies. The Government in this case has not indicated that Special Agent Byrd will not testify. It is also possible that the Defendants might call the Special Agent. There is always Brady material, in the Special Agent's Report. This has been the case in most of the tax cases counsel has handled over forty years of combined experience. The Jencks statute plainly requires production of the witness' statement "[a]fter a witness called by the United States has testified on direct examination," 18 U.S.C. § 3500(b), and further authorizes the district court to recess trial proceedings "for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial," *id*., § 3500(c). Thus, it has been longstanding practice for trial courts to allow a recess or continuance after Jencks material is provided in order for counsel to study the material and prepare examination. *See id*. ("Whenever any statement is delivered to a defendant pursuant to this section, the court in its discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial."). Most courts order this turned over

before trial to avoid this waste of judicial resources and last-minute rush preparation for the defense.

The defense is not asking the Government to turn over the work product of the lawyers who have worked on this case, or their research—only the SAR that undoubtedly contains *Brady* and/or Jencks Act material and their communications with witnesses included but not limited to the Special Agents. If the Government is genuinely doubtful that the full SAR must be disclosed to the Defendants, the Court must review the report in camera to determine portions that are not discoverable. *See United States v. Welch*, 817 F.2d 273, 274 (5th Cir. 1987) (referencing in camera examination of reports to determine whether they were Jencks Act material). The logic against turning over this single report to the Court—if this Court does not order it turned over to the defense, which is the preferable and most common method particularly for this circuit—is that this Court, Defendants, and if necessary, the Court of Appeals, just has to take the Government's word that it contains no *Brady* and no Jencks Act material. Absent relief now, this Court faces the potential for numerous motions for continuance, during trial, all of which could be dealt with before the jury is sworn in.

Special Agent Byrd has contacted most, if not all, of the witnesses. The defense merely wants the SAR of the agent-in-charge so that the defense can have a barebones understanding of the Government's case and prepare a defense against it—or even have frank discussions about it with Defendants to effectively give them competent counsel. For all of these reasons, the Court should compel disclosure of the SAR.

## CONCLUSION

The Government has brought very serious felony charge against Defendants, requiring the utmost consideration and preparation. For the above reasons, the SAR must be tendered to the

Defendants prior to the trial. If the Court does not immediately order the production of the SAR, the undersigned requests pursuant to *Buford*, that it be submitted under seal.

Respectfully submitted on July 12, 2019.

                              MINNS & ARNETT

                              */s/ Michael Louis Minns*
                              Michael Louis Minns
                              State Bar No. 14184300
                              mike@minnslaw.com
                              Ashley Blair Arnett
                              State Bar No. 24064833
                              ashley@minnslaw.com
                              9119 S. Gessner, Suite 1
                              Houston, Texas 77074
                              Telephone: (713) 777-0772
                              Telecopy: (713) 777-0453
                              ***Attorneys for John Green***

# CERTIFICATE OF CONFERENCE

The Government is opposed.

>/s/ Michael Louis Minns
>Michael Louis Minns
>***Attorney for Defendant, John Green***

# CERTIFICATE OF SERVICE

This is to certify that on this the 12th day of July 2019, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

>/s/ Ashley Blair Arnett
>Ashley Blair Arnett
>***Attorney for Defendant, John Green***