UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case 3-18-cr-356-S |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| THOMAS D. SELGAS (1) | § | |
| MICHELLE L. SELGAS (2) | § | |
| JOHN GREEN (3) | § | |

**DEFENDANTS' MOTION TO PRECLUDE**

TO THE HONORABLE COURT:

COMES NOW, DEFENDANTS MICHELLE SELGAS AND JOHN GREEN ("Defendants"), by and through undersigned counsel, Michael Minns, Ashley Arnett, and John Helms and respectfully moves this Court to preclude evidence the Government intends to offer.

**INTRODUCTION**

On June 3, 2019, the Government served the three Defendants with a letter (see attached Letter from Mara Strier of 06/03/2019) to advise that it intends to introduce Rule 404(b) evidence in two categories, both of which involve Green. The two categories are: (1) "other clients" in Green's trust account, which the Government claims will allegedly show a tendency to "hide his clients' income and assets from the IRS"; and (2) Green's personal tax filing history, which the Government claims will show "[i]n particular, John Green failed to file his own personal income tax returns since 1998." (*Id.*)

**ARGUMENT**

These 404(b) proffers create certain problems. The Court should apply settled Fifth Circuit law and refuse to allow such evidence.

A.     **Applicable Law**

Federal Rule of Evidence 404(b) states in pertinent part: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "Rule 404(b) applies when extrinsic evidence is offered 'as relevant to an issue in the case, such as identity or intent.'" *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007) (citation omitted).

The Fifth Circuit Court of Appeals uses a two-prong test set out in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), to determine the admissibility of Rule 404(b) extrinsic evidence:

> First, the Court must determine whether the extrinsic evidence is relevant to an issue other than the defendant's character, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." "Second the evidence must possess probative value that is not substantially outweighed by its undue prejudice ...."

*Morgan*, 505 F.3d at 339 (citations omitted). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Both prongs of the admissibility test are necessary. *See United States v. Hernandez*, 750 F.2d 1256, 1258 (5th Cir. 1985) (even if by a stretch of the imagination the proffered testimony were relevant to the defendant's scheme, intent, motive or plan, the minimal probative value of the testimony was substantially outweighed by the risk of confusion of the issues, misleading the jury and unfair prejudice, and was therefore inadmissible under Fed. R. Evid. 403 and 404(b)).

When the government has not even charged the defendant with the extrinsic crime, much less proven that the defendant actually committed the offense, or adduced evidence that would

withstand a directed verdict on the extrinsic offense, "the extrinsic offense evidence loses the race toward admissibility before even reaching the starting mark." *United States v. Jimenez*, 613 F.2d 1373, 1376 (5th Cir. 1980) (where record revealed no testimony corroborative of prosecutor's accusations regarding other drug crimes, nor any indication that defendant had been formally charged with cocaine possession, then no reasonable jury could have found him guilty of the alleged cocaine possession and the extrinsic offense evidence failed to clear the *Beechum* hurdle for probative value and should not have been admitted). When, in addition to there being no probative value in connection with the charged crime, the prejudice that would come from admitting the extrinsic evidence outweighs its probative value, the evidence is inadmissible and to admit it is reversible error. *United States v. Hamilton*, 723 F.3d 542, 546 (5th Cir. 2013).

**B.     Category 1**

The Government has provided no indication whatsoever about which of Green's clients it seeks information. Without the names of the "other clients" about whom the Government seeks information, Green cannot prepare his defense. Green cannot determine whether or not other unnamed clients were even tax clients. Green cannot determine which clients he might want to call, if any, for rebuttal. And Green cannot determine whether or not the Government seeks to invade attorney-client privileges.

Any information about how Green handles other clients' trust funds is extrinsic to the issue in the present case, and cannot be used to prove Green's character in order to show that on a particular occasion, i.e., the alleged conspiracy involving the Co-Defendants, he acted in accordance with the character. Fed. R. Evid. 404(b)(1).

The Court should deny the Government's request for Green to disclose and for the Government to seek admission of Green's "other clients" in his attorney trust account.

C.   **Category 2**

Apparently the Government is now arguing that Green: (a) had an income requiring a tax return for 1998 to the current date; (b) had a duty to file tax returns for those years; (c) willfully failed to file those tax returns; and (d) committed tax transgressions—in Idaho.

The United States Districts in Texas have no jurisdiction to prosecute an alleged tax crime committed in the State of Idaho. Seeking information about Green's tax returns appears to be an effort to try Green, indirectly, outside of his tax peers in Idaho, on issues that the Government does not believe it would prevail on if indicted in the correct jurisdiction. The theory underlying the Government's suggestion of failure to file taxes is unrelated to the Government's theory in this case, which is that gold coins were used to violate federal tax law and money was hidden in Green's trust account. If the Government were allowed to allege that Green committed an unrelated tax offense in Idaho, the jury would likely conclude, for the wrong reasons, that Green might have committed the separate and unrelated transgression of conspiracy. The prejudicial effect of allowing such evidence would be overwhelming, and the probative value for the conspiracy charged approaches zero.

If the government wants to try Green on a failure-to-file case it can do so, in Green's tax jurisdiction. But it cannot accuse Green of a separate crime in the trial of this conspiracy case, for to do so would violate Rules 403 and 404(b). *See Jimenez*, 613 F.2d 1373.

Moreover, the conspiracy count charged here is so different from a failure-to-file charge as to make a significant difference in how jury selection would be handled. Undersigned counsel has tried numerous conspiracy cases in this jurisdiction and other jurisdictions. The 404(b) defense of such an allegation would take more time than the entire charged case before the Court.

The Court should not allow any evidence about filing, or failing to file in Idaho, tax returns

as it would violate Rules 403 and 404(b) of the Federal Rules of Evidence.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant his Motion to Preclude.

Respectfully submitted on this 12th day of July, 2019.

        MINNS & ARNETT

        */s/ Michael Louis Minns*
        Michael Louis Minns
        State Bar No. 14184300
        mike@minnslaw.com
        Ashley Blair Arnett
        State Bar No. 24064833
        ashley@minnslaw.com
        9119 S. Gessner, Suite 1
        Houston, Texas 77074
        Telephone: (713) 777-0772
        Telecopy: (713) 777-0453
        **Attorneys for John Green**

## CERTIFICATE OF CONFERENCE

The Government is opposed.

        */s/ Michael Louis Minns*
        Michael Louis Minns
        **Attorney for Defendant, John Green**

## CERTIFICATE OF SERVICE

This is to certify that on this this 12th day of July, 2019, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

/s/ Ashley Blair Arnett
Ashley Blair Arnett
***Attorney for Defendant, John Green***