UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:18-CR-356-S |
| THOMAS D. SELGAS (1)<br>MICHELLE L. SELGAS (2)<br>JOHN O. GREEN (3) | |

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

The United States of America, by and through undersigned counsel, submits this Response in Opposition to the Defendants' Motion to Compel the production of the Special Agent's Report ("SAR"). (Doc. 50).

As an initial point, the United States assures the Court that it understands its duties and obligations under the applicable rules and cases and has provided, or will timely provide, the Defendants with all discovery and other pretrial and trial disclosures to which they are entitled. The disclosure sought through the Defendants' pretrial motion, however, exceeds the requirements of the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the applicable case law. Accordingly, the Court should deny the Defendants' Motion to Compel.

**BACKGROUND**

On July 18, 2018, a federal grand jury returned an indictment against Thomas Selgas, Michelle Selgas and John Green (collectively, the "Defendants") charging them with one count of violating 18 U.S.C. § 371, Conspiracy to Defraud the Government. Additionally, Thomas Selgas and Michelle Selgas were charged with two counts of violating 26 U.S.C. § 7201, Evasion of the Payment of Tax. (Doc. 1). As set forth in the indictment, the defendants Thomas

1

and Michelle Selgas owed taxes to the Internal Revenue Service ("IRS"), stemming in part from a large settlement in a patent infringement lawsuit in 2005. Instead of paying taxes on their income, Thomas Selgas and Michelle Selgas, with the help of an attorney, John Green, attempted to hide their money from the IRS using, among other things, gold coins and Green's Interest Only Lawyer's Trust Accounts to pay the Selgases' personal expenses.

The Defendants made their initial appearance on August 7, 2018. The arraignment was held on the same day and each defendant entered a not guilty plea. Trial is currently set to begin on September 23, 2019. (Doc. 49).

In accordance with the Court's pretrial order (Doc. 23), the government produced discovery to the Defendants in August 2018. The government supplemented discovery on October 3, 2018, November 8, 2018 and June 28, 2019. With each production, the government provided the Defendants with an index of the documents to assist them in their review.

In an effort to inform the Defendants of the charges and the allegations, in addition to the indictment and the discovery production, on August 30, 2018, the government met in person with all three defense counsel to provide an overview of the case. During this reverse proffer, the government presented a summary of the case highlighting certain documents and answering questions.

Despite the government's efforts, the Defendants now claim that in order to have a "barebones understanding of the Government's case," they demand a copy of the SAR commencing prosecution in this matter. The SAR was prepared by the IRS Special Agent based on the government's investigation and was prepared in furtherance of the prosecution. Contrary to the Defendants' assertions, the SAR is not discoverable under Rule 16 nor does it contain material requiring disclosure under *Brady*. Furthermore, the government will disclose the report

under 18 U.S.C. § 3500 (*Jencks* Act), subject to appropriate redactions, if the author is called as a witness in the government's case-in-chief.

## ARGUMENT

I.  Rule 16 does not require disclosure of the Special Agent's Report.

Discovery under the Federal Rules of Criminal Procedure is governed by Rule 16, and Rule 16 clearly exempts investigative reports from discovery. Specifically, Rule 16(a)(2) provides:

> except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500.

Fed. R. Crim. P. 16(a)(2).

Indeed, in *United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995), the Fifth Circuit reversed the dismissal of an indictment charging the filing of false tax returns because the district court erroneously required the government to produce an agent's investigative reports. "As an internal government document produced by government agents in connection with the investigation of this case, the reports clearly fall within the ambit of [Rule 16(a)(2)], and are thus exempt from discovery." Id. Moreover, other circuits agree that Rule 16(a)(2) precludes the production of the IRS's criminal referral documents and investigative memoranda. *See United States v. Robinson*, 439 F.3d 777, 779-80 (8th Cir. 2006); *United States v. Goulding*, 26 F. 3d 656, 662 (7th Cir. 1994); *United States v. Koskerides,* 877 F.2d 1129, 1133 (2d Cir. 1989)(report not subject to pretrial disclosure under Rule 16(a)(2) in the absence of testimony by the agent).

In their motion, the Defendants suggest that Rule 16(a)(1)(E) demands production of the SAR. The Defendants, however, are wrong. Rule 16(a)(1)(E) materials, i.e. documents and tangible objects that are material to the preparation of the defense, are intended for use by the government as evidence in its case-in-chief, or were obtained from or belong to the defendant, are subject to Rule 16(a)(2)'s prohibition on the disclosure of the government's investigative reports. While Rule 16(a)(2) provides for certain exceptions, those exceptions do not include Rule 16(a)(1)(E) materials.[1] By the plain reading of the rule, government agents' investigative reports are protected from disclosure despite an argument that the report may fall within Rule 16(a)(1)(E). *See* Fed. R. Crim. P. 16(a)(2), as amended effective Dec. 2013.

In any event, the SAR is not, and cannot be, an exhibit in the government's case-in-chief. The written report contains no admissible evidence or documents, only assertions by the author based on other statements or documents. The supporting documents and statements, some of which could be exhibits in the government's case-in-chief, have been produced to the defense in accordance with the government's discovery obligations.[2]

II.   The Special Agent's Report contains no *Brady* required disclosures

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment.

---

[1] While Rule 16(a)(2) does provide for exceptions as permitted in Rule 16(a)(1)(A)-(D), (F) and (G), none of those exceptions require disclosure of the SAR here as the government has provided, and will continue to provide, the required disclosures.

[2] Summaries based on bank records have been updated. These updated summaries have been provided to the Defendants.

"*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978, *cert. denied,* 440 U.S. 947 (1979). The *Brady* rule is not a vehicle which grants Defendants the right to know the tactics and theories of the government's case. Mere speculation by the Defendants that the material is favorable does not require the government to open its files for a "fishing expedition." *See e.g. United States v. Bagley*, 473 U.S. 667, 675 (1985)("the prosecution is not required to deliver his entire file to defense counsel…").

Indeed, the Defendants make an unsupported assertion that the SAR contains exculpatory evidence that was not otherwise disclosed. The supporting evidence for the SAR, however, has been produced to the Defendants. Accordingly, if the SAR does contain any restatement of *Brady*-type evidence, the appropriate production has already been made, and the disclosure of the SAR is not required.

  III. <u>If the Special Agent's Report becomes a required disclosure under the *Jencks* Act, it will be produced in accordance with the Court's Pretrial Order</u>

Federal Rule of Criminal Procedure 26.2 and 18 U.S.C. § 3500, also known as the *Jencks* Act, specifically define a criminal defendant's entitlement to statements by government witnesses. Rule 26.2(a) provides, in relevant part:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witnesses' testimony.

In regard to such production, the *Jencks* Act is a specific statutory prohibition against the premature disclosure of such material. *United States v. Campagnuolo*, 592 F.2d 852, 861 (5th Cir. 1979). The *Jencks* Act provides, in part:

> In any criminal prosecution brought by the United States, no statement or report…which was made by a government witness or a prospective government witness shall be the subject of…discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500.

At this time, the government is uncertain if the author of the SAR will testify at trial. If it is determined that she will testify, then the government agrees that the SAR, subject to appropriate redactions, will be discoverable under the *Jencks* Act. It is noted, however, that the Fifth Circuit has "frequently found that there is no *Jencks* violation where the Court fails to require the production of material that is merely duplicative of material already in the defendant's possession." *United States v. Medel*, 592 F.2d 1305, 1316-17 (5th Cir. 1979) (string cite omitted). Moreover, as the Defendants' noted in their motion, the Fifth Circuit has also allowed the government to remove portions of the SAR containing the special agent's conclusions and recommendations. *See Price v. United States*, 335 F.2d 671, 676 (5th Cir. 1964). In any event, a motion requiring disclosure of the SAR pursuant to the *Jencks* Act is premature at this time.

## CONCLUSION

Rule 16 clearly exempts investigative reports from discovery. The SAR, an investigative report from the IRS, is a distillation of the case based on documents that have already been produced to the defense. The supporting documents and statements were provided in discovery, meeting and exceeding the government's obligations with respect to Rule 16, *Brady*, and *Jencks* Act disclosures.

Furthermore, the Defendants do not need the SAR for a "barebones understanding of the Government's case." The indictment clearly sets forth the allegations, the government has presented defense with a reverse proffer, and discovery has been produced with indexes to help

6

facilitate review. Additional convenience for the Defendants is not sufficient grounds to compel disclosure.

Accordingly, for the reasons stated above, the Court should deny the Defendants' Motion to Compel.

                Respectfully Submitted,

                ERIN NEALY COX
                UNITED STATES ATTORNEY

                */s/ Mara A. Strier*
By:   ROBERT A. KEMINS
       Massachusetts Bar No. 267330
       Trial Attorney
       U.S. Dept. of Justice, Tax Division
       717 N. Harwood, Ste. # 400
       Dallas, TX 75201
       (214) 880-9781
       Robert.A.Kemins@usdoj.gov

       MARA A. STRIER
       Florida Bar No. 644234
       Trial Attorney
       U.S. Dept. of Justice, Tax Division
       150 M Street, NE
       Mail Stop: 1.1505
       Washington, DC 20002
       (202) 514-5886
       Mara.A.Strier@usdoj.gov

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 19, 2019, the foregoing document was filed using ECF, which will notify all counsel of record.

                */s/ Mara Strier*
                Mara Strier
                Trial Attorney
                Tax Division, United States Department of Justice