UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3-18-CR-356-S |
| THOMAS D. SELGAS (1)<br>MICHELLE L. SELGAS (2)<br>JOHN O. GREEN (3) | |

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE

The United States of America, by and through undersigned counsel, submits this Response in Opposition to the Defendants' Motion to Preclude. (Doc. 51). Because the extrinsic evidence is relevant to Defendant Green's intent and knowledge with respect to the charged conspiracy, the Court should deny the Defendants' motion.

Background

On July 18, 2018, a federal grand jury returned an indictment against Thomas Selgas, Michelle Selgas and John Green (collectively, the "Defendants") charging them with one count of violating 18 U.S.C. § 371, Conspiracy to Defraud the Government. Additionally, Thomas Selgas and Michelle Selgas were charged with two counts of violating 26 U.S.C. § 7201, Evasion of the Payment of Tax. (Doc. 1). As set forth in the indictment, the defendants Thomas and Michelle Selgas owed taxes to the Internal Revenue Service ("IRS"), stemming in part from a large settlement in a patent infringement lawsuit in 2005. Instead of paying taxes on their income, Thomas Selgas and Michelle Selgas, with the help of an attorney, John Green, attempted to hide their money from the IRS using, among other things, gold coins and Green's Interest Only Lawyer's Trust Accounts ("IOLTA") to pay the Selgases' personal expenses.

1

Elements of Conspiracy

To establish a violation under § 371, the government must prove beyond a reasonable doubt three elements: (1) that the defendant and at least one other person made an agreement to defraud the government or one of its agencies; (2) that the defendant knew that the purpose of the agreement was to defraud the government and joined it willfully, that is with the intent to defraud; and (3) that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy. *See* 5th Circuit Pattern Jury Instructions (2015), § 371. The word "defraud" is not limited to its ordinary meaning of cheating the government out of money or property; it also includes impairing, obstructing, defeating, or interfering with the lawful function of the government or one of its agencies by dishonest means. *Id.; see also United States v. Clark*, 139 F.3d 485, 488-89 (5th Cir. 1989).

Notice of Prior-Act Evidence

Pursuant to Fed. R. Crim. P. 404(b), the government provided notice to the Defendants of its intent to offer at trial evidence of Defendant Green's other crimes, wrongs, or acts, as follows:

(1) Evidence of the Defendant Green's filing history, or lack thereof, with the IRS; and

(2) Evidence that Defendant Green used his IOLTA to hide other clients' income and assets from the IRS.

The government now supplements its Notice. The government intends to offer, in its case-in-chief, evidence that John Green has not voluntarily filed a personal income tax return since at least 2000. For the tax years 2000, 2001 and 2003, because Green did not file a tax return, the IRS prepared substitute for returns for Green and assessed federal income tax

2

liabilities for those years. Green did not pay the tax due nor did he file tax returns since those assessments.

At this time, the government does not intend to introduce evidence in its case-in-chief of Green's other clients.[1] However, if Green testifies, the government does intend to ask Green about his use of the IOLTAs for other clients. Review of Green's bank records reveals that at least one other client is depositing large sums into his IOLTAs for payment of his personal expenses. That client has amassed large federal tax debts, which remain unpaid.

To the extent that this evidence is viewed as 404(b) evidence, the government contends that such evidence is relevant, necessary, reliable, and highly probative of Defendant Green's intent, lack of mistake, planning, and knowledge of the charged crimes, and its probative value is not substantially outweighed by any purported unfair prejudice.

Overview of Federal Rule of Evidence 404(b)

Federal Rule of Evidence 404(b) states that evidence of crimes, wrongs, or other acts is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). However, the evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2).

The Fifth Circuit recognizes Rule 404(b) as a rule of inclusion that favors the admission of relevant extrinsic evidence. *See United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983) (internal citations omitted). Accordingly, evidence that is extrinsic to the alleged crimes may be admitted after being qualified under the two-step test prescribed in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978). Under *Beechum*, "First, it must be determined that the

---

[1] If the government's position changes, it will timely notify the court and the defendants.

extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [R]ule 403." *Id.*, (quoted in *United States v. Nguyen*, 504 F.3d 561, 574 (5th Cir. 2007)). The court should consider several factors when weighing the evidence under Rule 403: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015) (quoting *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013)). In addition, the court considers the overall prejudicial effect of the extrinsic evidence. *See Beechum*, 582 F.2d at 917.

<u>Analysis</u>

I. <u>The Evidence is Relevant to an Issue Other than Character</u>

The first prong, relevance, requires that the evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. *Id.,* at 911. "The standards [under the first step] are established by Rule 401, which deems evidence relevant when it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *Id.* (quoting Fed. R. Evid. 401).

Here, the government must prove that the Defendants joined the conspiracy with the intent to defraud the government. The Fifth Circuit has found that the first prong in *Beechum* is satisfied when the defendant puts his or her intent at issue by pleading not guilty in a conspiracy case. *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009). "The mere entry of a not guilty plea in a conspiracy case raises the issue of intent sufficiently to justify the admissibility of

extrinsic evidence. In other words, where the prior offense involved the same intent required to prove the charged offense, the prior offense is relevant and we are required only to consider whether the requirements of Rule 403 are met under *Beechum's* second prong." *Id.* (internal citations omitted).

Where both the offense charged and the extrinsic offense bear on the same state of mind, intent, or mode of operation, the relevancy prong of the two-prong *Beechum* test is satisfied. *See, e.g., United States v. Dunbar*, 614 F.2d 39 (5th Cir. 1980). Such "relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses." *Beechum*, 582 F.2d at 911. When admitting such evidence to show knowledge, "[t]he extrinsic offense need merely be of such a nature that its commission involved the same knowledge required for the offense charged." *Id.*, n.15.

Here, Defendant Green's filing history with the IRS is relevant to Defendant's intent in the charged conspiracy. Defendant Green's tax history shows his attitude about the IRS and the payment of taxes. Courts frequently allow the use of such evidence to show a defendant's negative attitude toward payment of taxes, and an intent to defraud the IRS.

For example, in *United States v. Heard*, 709 F.3d 413, 430 (5th Cir. 2013), a case involving conspiracy to defraud the United States of corporate employment tax revenue, the Fifth Circuit upheld the district court's admission into evidence of the defendant's fraudulent personal bankruptcy petition (which conduct had not been separately charged as a crime). In *Heard*, the defendant falsely understated his income and assets on the petition in an attempt to discharge his personal tax liabilities to the IRS. *Id*. The Fifth Circuit found that defendant's bankruptcy fraud was properly admitted into evidence at trial to show intent, which was directly in issue because

he pleaded not guilty. *Id*. The court reasoned that it was more likely that the defendant intended to further the charged objective of employment tax fraud while he was simultaneously defrauding the United States of income tax revenue by filing a fraudulent bankruptcy petition. *Id*. The court specifically rejected the argument that the probative value of such evidence was "substantially outweighed" by its prejudicial effect under Fed. R. Evid. 403. *Id*. at 431; *see also United States v. Shows*, 307 F. App'x 818, 822 (5th Cir. 2009) (tax returns and IRS notices relating to uncharged years properly admitted to show willful intent, and probative value of such records not substantially outweighed by prejudice under Fed. R. Evid. 403).

Of course, the extrinsic evidence is only relevant if the extrinsic offense was in fact committed. Contrary to the Defendants' assertion, the government is not seeking to try Defendant Green on his failure to file tax returns. However, the government must offer proof demonstrating that the defendant committed the prior act. The government intends to call at trial an IRS records custodian, who will testify that he obtained a copy of Defendant Green's tax filing history from the IRS computer system that shows that he did not pay taxes for 2000, 2001 or 2003 nor did he voluntarily file tax returns since at least 2000.

In *Huddleston v. United States*, 485 U.S. 681, 690 (1988), the Supreme Court made the following observation:

> The trial court neither weighs credibility nor makes a finding that the Government has proved a conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether a jury could reasonably find the conditional fact…by a preponderance of the evidence.

Thus, "similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Id.* at 689. Here, the jury can reasonably conclude that Defendant Green owed federal income taxes, did not pay the tax due and did not file tax returns for many years.

Furthermore, the evidence that Defendant Green provided similar services to other clients is relevant to show intent, knowledge, plan, motive and lack of mistake. If Defendant Green testifies, the government expects to cross-examine him on his use of the IOLTAs with other clients. Review of the bank record and IRS records show that at least one other client deposited large sums of money into Defendant Green's IOLTA while at the same time, owing millions of dollars to the IRS.

Here, the Defendants have pleaded not guilty to a charge of conspiracy to defraud the government, and the extrinsic evidence involves the same intent. Accordingly, the first prong of *Beechum* is met.

    II.    <u>The Probative Value is Not Substantially Outweighed by the Danger of Unfair Prejudice</u>

As the Fifth Circuit has noted,

> 'the judge must consider the danger of *undue* prejudice' and the 'test is whether the probative value of the evidence is *substantially* outweighed by its *unfair* prejudice. *Id*. (emphasis added).' Rule 403 'would seem to require exclusion only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.'

*Cockrell*, 587 F.3d at 679 (*quoting Beechum*, 582 F.2d at 915, n.20).

In measuring the probative value, the court should look to the similarity between the extrinsic offense and the charged offense. "[S]imilarity means more than that the extrinsic and charged offenses have a common characteristic." *Beechum*, 582 F.2d at 911. "'[A] fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand.'" *Id*. at 911, *citing* Stone, *The Rule of Exclusion of Similar Fact Evidence: England*, 46 Harv. L. Rev. 954, 955 (1933) (emphasis added). Accordingly,

> [s]imilarity of the physical elements of the crime need not be established. The extrinsic offense need merely be of such a nature that its commission involve the same knowledge required for the offense charged.

*Id*. at 912 n.15. The extrinsic evidence, here, is the same nature of the offense charge. Defendant Green's tax filing/paying history is evidence of his attitude toward the payment of taxes and is evidence of his intent to defraud the IRS in the instant charge. Likewise, Defendant Green's use of the IOLTAs in a similar fashion for other clients is clearly probative to the charged offense.

Moreover, the extrinsic evidence has high probative value when intent is the key issue at trial. *See, e.g., United States v. Rojas*, 812 F.3d 382, 405 (5th Cir. 2016); *Smith*, 804 F.3d at 736; *Beechum*, 582 F.2d at 914–15. The prior acts evidence is necessary to help prove Defendant Green's intent and to provide context to the conspiracy. As shown above, by proceeding to trial, the Defendant Green has placed the element of intent squarely at issue. *See e.g., United States v. Juarez*, 866 F.3d 622, 627 (5th Cir. 2017).

The extrinsic evidence here will not inflame the passions of the jury nor will it cause them to abandon reason by drawing irrational inferences. Rather, the evidence will invite the jury to consider that if the Defendant Green already committed acts similar to those charged in the instant case, that he possessed the same motive, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident regarding commission of the instant offense.

Conclusion

For the reasons stated above, the Government respectfully submits that the Court should deny the Defendants' Motion to Preclude.

                Respectfully Submitted,

                ERIN NEALY COX
                UNITED STATES ATTORNEY

                */s/ Mara A. Strier*
By:   ROBERT A. KEMINS
      Massachusetts Bar No. 267330
      Trial Attorney
      U.S. Dept. of Justice, Tax Division
      717 N. Harwood, Ste. # 400
      Dallas, TX 75201
      (214) 880-9781
      Robert.A.Kemins@usdoj.gov

      MARA A. STRIER
      Florida Bar No. 644234
      Trial Attorney
      U.S. Dept. of Justice, Tax Division
      150 M Street, NE
      Mail Stop: 1.1505
      Washington, DC 20002
      (202) 514-5886
      Mara.A.Strier@usdoj.gov

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on July 26, 2019, the foregoing document was filed using ECF, which will notify all counsel of record.

                */s/ Mara Strier*
                Mara Strier
                Trial Attorney
                Tax Division, United States Department of Justice