UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case 3-18-cr-356-S |
| | § | |
| v. | § | |
| | § | |
| THOMAS D. SELGAS (1) | § | |
| MICHELLE L. SELGAS (2) | § | |
| JOHN GREEN (3) | § | |

## MOTION TO SEVER

COMES NOW, JOHN GREEN ("Defendant" or "Green"), and through his attorneys of record, asks this Court to sever this matter from trial from the trial of Thomas Selgas and Michelle Selgas. In support of the severance Defendant submits the following:

### FACTS

A grand jury indicted Green and Thomas Selgas and Michelle Selgas on July 18, 2018, on three distinct counts. All three Defendants were charged with conspiracy to defraud in Count 1. Count 2 charged Thomas Selgas with evasion of payment and Count 3 charged Michelle Selgas with evasion of payment.

### ARGUMENT

Green's trial should be severed from the Selgas' trial (1) under Rule 403 of the Federal Rules of Evidence because the evidence proffered against Thomas Selgas and Michelle Selgas would be unfairly prejudicial against Green, and (2) because the Government would likely use Thomas Selgas' statements at trial, though he might not testify.

Rule 14 provides in pertinent part:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). Application of the Rule is "entrusted to the sound discretion of the district court," which "may grant a severance of defendants in a joint trial if it appears that a defendant is prejudiced by the joinder." *United States v. Staller*, 616 F.2d 1284, 1294 (5th Cir. 1980). "In considering a motion for severance, the trial court must balance the possible prejudice to the defendant against the government's interest in judicial economy." *Id.* at 1294. "[T]he Supreme Court has noted that 'the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear.'" *Flores v. United States*, 379 F.2d 905, 909 (5th Cir. 1967) (quoting *Schaffer v. United States*, 362 U.S. 511 (1960)). Further,

> the Supreme Court provided three examples of when such specific prejudice might occur: (1) where "evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty;" (2) where "[e]vidence that is probative of a defendant's guilt but technically admissible only against a codefendant" is admitted; and (3) if "essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." To prevail under Rule 14, a defendant must demonstrate that such evidence is expected to be introduced, and that any prejudice resulting therefrom will be incurable by a limiting instruction.

*United States v. Potashnik*, No. CRIM. 307-CR-289-M, 2008 WL 5272807, at *12 (N.D. Tex. Dec. 17, 2008) (citation omitted).

Although the granting of a severance is within the trial court's discretion, the Fifth Circuit has long instructed that "[the trial court] should grant a severance if jurors in a joint trial may not be able to determine the culpability of a defendant fairly, impartially and solely on the basis of evidence relevant to the individual defendant." *United States v. Crawford*, 581 F.2d 489, 491, 492 (5th Cir. 1978) (holding, "this joint trial was intrinsically prejudicial"). When there are few

defendants and the case is not complex, the impact on judicial economy is lessened. *Id.* at 492; *Flores v. United States*, 379 F.2d 905 (5th Cir. 1967).

The rule stated in *Crawford* applies here. Green cannot be fairly and impartially tried, solely on the basis of evidence that pertains only to him. Therefore, the Court should grant Green's Motion to Sever.

### I. CHEEK AMBIGUITY

Because the evidence regarding the Selgas' alleged misdeeds pertaining to their taxes would be unfairly prejudicial against Green, severance is appropriate.

Severance must be granted when the defenses asserted by two defendants are irreconcilable and mutually exclusive. *Crawford*, 581 F.2d at 491–92. Severance is appropriate when "the jury would not 'as a practical matter' be able to 'keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him.'" *Flores*, 379 F.2d at 909 (citations omitted). *Accord United States v. McRae*, 702 F.3d 806, 824 (5th Cir. 2012) (defendant was entitled to new trial based on trial court's failure to sever, where extensive testimony and other evidence presented during government's case against one of the co-defendants spilled over into determination of defendant's guilt or innocence, prejudicing him).

Thomas Selgas has relied on his interpretation of the monetary law, and may or may not raise constitutional issues dealing with gold. The case of *Cheek v. United States*, 498 U.S. 192 (1991), makes it clear that a defendant has an absolute right to rely on his or her interpretation of statutes in following the law, and regardless of the accuracy of his or her legal opinion, the defendant is not guilty of a criminal violation (even if guilty of a civil violation) upon a showing of a good faith belief that the defendant was not violating the tax law. However, *Cheek* also makes it clear that reliance on a constitutional interpretation is not a defense. The difficulty of interpreting

and explaining this line of constitutional case law should not be placed on Green, should issues be raised by the Selgas' in reliance on the U.S. Constitution in addition to the reliance on statutes. The instructions are confusing enough without adding this additional hurricane to a potential storm.

Here, as in *McRae* and *Flores*, the extensive evidence the Government plans to present on Counts 2 and 3 in order to try to convict Thomas Selgas and Michelle Selgas would spill over into the Government's case against Green in a way that the jury would not be able to keep the evidence separate. There would be evidence admitted in a joint trial that the jury would view as probative of Green's guilt, even though that evidence is not technically admissible against him. The prejudicial effect of joinder here demands severance.

## II.     ATTORNEY-CLIENT CONSIDERATIONS

Both of the two Co-Defendants have at times been represented by Green. Green's testimony could violate attorney-client privilege. Putting a lawyer on trial and requiring him to defend himself, while simultaneously preserving his clients' rights, is an unfair burden to place on him.

Federal courts have so held. In *United States v. W.R. Grace*, 439 F. Supp. 2d 1125 (D. Mont. 2006), the federal district court concluded that a joint trial involving the corporate co-defendant and its attorney "present[ed] a heightened likelihood of antagonistic defenses and a near certainty that a defendant will seek to introduce evidence that incriminates one or more of his co-defendants." *Id.* at 1148.

> As Grace's in-house counsel, nearly all of Favorito's conduct relevant to these charges is protected by Grace's attorney-client privilege. Moreover, the materials Favorito intends to offer to attempt to show his innocence must necessarily put him at odds with those he advised, including the company and its managers, some of whom are his co-defendants.

*Id.* Severance was required. *Id. See also United States v. Walters*, 913 F.2d 388, 393 (7th Cir. 1990) (reversal required as to one defendant where a co-defendant's pursuit of advice-of-counsel defense violated defendant's attorney-client privilege).

To avoid the possibility of compromising on the attorney-client privilege and being seen in an unfair light regardless of which way Green goes, this case should be severed, allowing separate defenses.

### III.

It is anticipated that Thomas Selgas will offer a reliance on counsel defense. Mr. Selgas has utlitized many lawyers with many different theories. This will create confusion with any advice given by Green and potentially force Green to compromise either his own rights or client privileges.

### CONCLUSION

Each of these three distinct reasons justifies severance. Combined they require severance. Finally, given there are, for all intents and purposes, only two defendants—Green and Thomas and Michelle Selgas, who are husband and wife—there will be little effect on judicial administration for there to be two separate trials. For all of these reasons, the Court should GRANT Green's Motion to Sever.

Respectfully submitted on August 8, 2019.

                    MINNS & ARNETT

                    */s/ Michael Louis Minns*
                    Michael Louis Minns
                    State Bar No. 14184300
                    mike@minnslaw.com
                    Ashley Blair Arnett

          State Bar No. 24064833
          ashley@minnslaw.com
          9119 S. Gessner, Suite 1
          Houston, Texas 77074
          Telephone: (713) 777-0772
          Telecopy: (713) 777-0453
          ***Attorneys for John Green***

## CERTIFICATE OF CONFERENCE

On August 8, 2019 I conferred with DOJ attorney Bob Kemins, he informed me the Government is opposed to the Motion.

Respectfully submitted on August 8, 2019.

          */s/ Michael Louis Minns*
          Michael Louis Minns
          ***Attorney for Defendant, John Green***

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of August 2019, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

          */s/ Ashley Blair Arnett*
          Ashley Blair Arnett
          ***Attorney for Defendant, John Green***