UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:18-CR-356-S |
| THOMAS D. SELGAS (1)<br>MICHELLE L. SELGAS (2)<br>JOHN O. GREEN (3) | |

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

The United States of America, by and through undersigned counsel, submits this Response in Opposition to the Defendant John Green's Motion to Compel the production of an expert witness report (Doc. 60).

Federal Rule of Criminal Procedure 16(a)(1)(G) directs that upon the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

**BACKGROUND**

On July 18, 2018, a federal grand jury returned an indictment against Thomas Selgas, Michelle Selgas and John Green (collectively, the "Defendants") charging them with one count of violating 18 U.S.C. § 371, Conspiracy to Defraud the Government. Additionally, Thomas Selgas and Michelle Selgas were charged with two counts of violating 26 U.S.C. § 7201, Evasion of the Payment of Tax. (Doc. 1). As set forth in the indictment, the defendants Thomas and Michelle Selgas owed taxes to the Internal Revenue Service ("IRS"), stemming in part from

a large settlement in a patent infringement lawsuit in 2005. Instead of paying taxes on their income, Thomas Selgas and Michelle Selgas, with the help of an attorney, John Green, attempted to hide their money from the IRS using, among other things, gold coins and Green's Interest Only Lawyer's Trust Accounts to pay the Selgases' personal expenses.

The Defendants made their initial appearance on August 7, 2018. The arraignment was held on the same day and each defendant entered a not guilty plea. Trial is currently set to begin on September 23, 2019. (Doc. 49).

On July 19, 2019, via an email the government disclosed to the defense its intent to call an expert witness (attached). This email informed the defense the name of the expert, what position he held, and the subject of his testimony. The government attached to this email a resume of the proffered expert (attached) and the basis of his testimony. Specifically the government's expert is James Ehler, who is the Deputy Counsel for Litigation, Regional Counsel, San Antonio Region Office of Chief Disciplinary Counsel, State Bar of Texas. In its notice, the government explained that Mr. Ehler will be called to discuss IOLTAs, including the requirements and permitted uses.

In a second email sent on July 22, 2019 (attached), the government supplemented its disclosure. In this second email, the government informed the defense that it expected that Mr. Ehler will testify that using an IOLTA to hide money from the government is an improper use of an IOLTA. The defense was also told that Mr. Ehler would testify based on his many years of experience, and the publication, "A Lawyer's Guide to Client Trust Accounts State Bar of Texas" (provided to the defense in the July 19 disclosure and attached here). His testimony would further be based on the rules governing the operation of IOLTAs, including: the Rules Governing the Operation of Texas Access to Justice Foundation; the State Bar of Texas Rules,

Article XI; and the Texas Disciplinary Rules of Professional Conduct. Finally, the government informed the defense that the disclosure would be supplemented as appropriate. Mr. Ehler has not produced a written report specific to his testimony in this case.

### ARGUMENT

Despite the above in a motion to compel totally devoid of any legal authority, or argument, Green complains that the government's expert disclosure is insufficient. The government would argue it has made adequate disclosure.

The United States Supreme Court has stated surprise can be as effective as secrecy in preventing effective cross-examination, in denying the "opportunity for (defense) counsel to challenge the accuracy or materiality of" evidence, *Gardner v. Florida*, 430 U.S. at 357, 97 S.Ct. at 1204, and in foreclosing "that debate between adversaries (which) is often essential to the truth-seeking function of trials," Id. at 360, 97 S.Ct. at 1206.

In *Smith v. Estelle*, 602 F.2d 694 (5th Cir. 1979), the court held that the prosecution's intentional omission from witness list of name of psychiatrist whose testimony on issue of "dangerousness" was crucial to prosecution's case at penalty phase of murder prosecution required the setting aside of death sentence imposed upon petitioner, since prosecution's tactics gave petitioner's attorney no chance to prepare effective response to psychiatrist's testimony or to impeach it in any significant way.

In the instant case the "expert" testimony does not involve sophisticated scientific evidence. Under such circumstances, the Fifth Circuit has held that, such opinions, unlike technical or scientific expert opinions, are not complex, so less extensive disclosure may adequately advise the defense of the nature of the testimony and allow them to prepare for cross-

examination. *United States v. Cuellar*, 478 F.3d 282 (5th Cir.2007). *See also*, *United States v. Dailey*, 868 F.3d 322 (5th Cir. 2017).

## CONCLUSION

The government here has produced to the defense notice to call an expert witness. It provided the witness' resume. It has also provided the defense with a description of what that expert testimony will be. Finally, while not in possession of any written report, the government has provided the defense with the basis of the expert testimony. The publication, which the government provided to the defense, is the only written material supplied by the expert and is what the expert has stated, will form the basis of his testimony. Accordingly, the government has made an adequate expert disclosure. There is no surprise and the defense has the information it needs to formulate a cross examination of the expert witness.

Thus, for the reasons stated above, the Court should deny the Defendant's Motion to Compel.

Respectfully Submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

By:  */s/ Robert A. Kemins*
ROBERT A. KEMINS
Massachusetts Bar No. 267330
Trial Attorney
U.S. Dept. of Justice, Tax Division
717 N. Harwood, Ste. # 400
Dallas, TX 75201
(214) 880-9781
Robert.A.Kemins@usdoj.gov

MARA A. STRIER
Florida Bar No. 644234
Trial Attorney
U.S. Dept. of Justice, Tax Division

150 M Street, NE
Mail Stop: 1.1505
Washington, DC 20002
(202) 514-5886
Mara.A.Strier@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 20, 2019, the foregoing document was filed using ECF, which will notify all counsel of record.

*/s/ Robert A. Kemins*
Robert A. Kemins
Trial Attorney
Tax Division, United States Department of Justice