UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3-18-CR-356-S |
| THOMAS D. SELGAS (1)<br>MICHELLE L. SELGAS (2)<br>JOHN O. GREEN (3) | |

RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER

The United States of America, by and through undersigned counsel, submits this Response in Opposition to Defendant Green's Motion to Sever. (Doc. 59). Defendant Green has moved to sever his trial from that of Thomas Selgas and Michelle Selgas. Because joinder in this conspiracy case was proper and the defendant has failed to show a specific compelling prejudice, the court should deny the motion to sever.

Background

On July 18, 2018, a federal grand jury returned an indictment against Thomas Selgas, Michelle Selgas and John Green (collectively, the "Defendants") charging them with one count of violating 18 U.S.C. § 371, Conspiracy to Defraud the Government. Additionally, Thomas Selgas and Michelle Selgas were each charged with violating 26 U.S.C. § 7201, Evasion of the Payment of Tax. (Doc. 1). As set forth in the indictment, the defendants Thomas and Michelle Selgas owed taxes to the Internal Revenue Service ("IRS"), stemming in part from a large settlement in a patent infringement lawsuit in 2005. Instead of paying taxes on their income, Thomas Selgas and Michelle Selgas, with the help of an attorney, John Green, attempted to hide

1

their money from the IRS using, among other things, gold coins and Green's Interest Only Lawyer's Trust Accounts ("IOLTA") to pay the Selgases' personal expenses.

Applicable Law

A.  <u>Joinder is appropriate under Fed. R. Crim. P. 8(b)</u>

In cases involving multiple defendants as well as multiple counts, Federal Rule of Criminal Procedure 8(b) provides the relevant standard. *See United States v. Kaufman*, 858 F.3d 994, 1003 (5th Cir. 1988). In part, Rule 8(b) provides:

> The indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder. *See United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995).

The propriety of joinder under Rule 8 is determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct. *U.S. v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985). "Whether the counts of an indictment fulfill the 'same series' requirement is determined by examining the relatedness of the facts underlying each offense." *Id; see also United States v. USPlabs, LLC*, 2018 WL 5831478, at *3 (N.D. Tex. Nov. 7, 2018) (*internal citations omitted*)("Proper joinder requires that the offenses charged must be shown to be part of a single plan or scheme, and that proof of a common scheme is typically supplied by an overarching conspiracy from which stems each of the substantive counts.").

It is well-settled that joinder under Rule 8(b) is proper where an indictment charges multiple defendants with participation in a single conspiracy and also charges some but not all of

the defendants with substantive counts arising out of the conspiracy. *United States v. Phillips,* 664 F.2d 971, 1016 (5th Cir. Unit B 1981), *overruled in other respects*; *Schaffer v. United States*, 362 U.S. 511, 512-13 (1960). "[A]s the plain language of Rule 8(b) provides, there is no requirement 'that each defendant have participated in the same act or acts.'" *United States v. McRae*, 702 F.3d 806, 820 (5th Cir. 2012) (*quoting United States v. Krenning*, 93 F.3d 1257, 1266 (5th Cir. 1996)).

    B.    <u>Fed. R. Crim. P. 14 does not require severance.</u>

It is the general rule "that persons who are indicted together should be tried together." *United States v. Michel*, 588 F.2d 986, 1001 (5th Cir. 1979); *United States v. Potashnik*, 2008 WL 5272807, at *7 (N.D. Tex. Dec. 17, 2008) (noting "especially in conspiracy cases"). Indeed, the Supreme Court has stated that [j]oint trials 'play a vital role in the criminal justice system.' " *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also Krenning,* 93 F.3d at 1266 ("The interests of efficiency and justice have led to a preference in the federal system for joint trials of defendants who are indicted together.")

While Federal Rule of Criminal Procedure 14 does provide the court with discretion to sever a trial "if the joinder of offenses or defendants in an indictment … appears to prejudice a defendant or the government," the Supreme Court explained that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a *serious risk* that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539, (emphasis added).

The Fifth Circuit has explained that "[i]n ruling on a motion to sever, a trial court must balance potential prejudice to the defendant against the public interest in joint trials where the

case against each defendant arises from the same general transaction." *U.S. v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004)(internal citations omitted). Notably, "[a] defendant is not entitled to severance just because it would increase his chance of acquittal or because evidence is introduced that is admissible against certain defendants." *Burton v. United States*, 237 F.3d 490, 495 (5th Cir. 2000) (citing *Zafiro*, 506 U.S. at 540.).

To overcome the heavy presumption in favor of joinder, a defendant must show that "(1) the joint trial prejudiced him to such an extent that the district court could not provide adequate protection; and (2) the prejudice outweighed the government's interest in economy of judicial administration." *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018) (*quoting United States v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012)). It is well-settled that a defendant must show a "specific compelling prejudice" resulting from joinder. *United States v. Lewis*, 476 F.3d 369, 383 (5th Cir. 2007).

In conspiracy cases especially, severance should be the rare exception rather than the rule. Rarely, if ever, will it be improper for co-conspirators to be tried together. *United States v. Leach*, 613 F.2d 1295, 1303 (5th Cir. 1980). Severance is also not appropriate simply because all the conspirators did not participate in all phases of the conspiracy. *Blumenthal v. United States*, 332 U.S. 539, 556-57 (1947).

In *United States v. Michel*, the Fifth Circuit explained that when "the government charges several defendants with conspiracy and numerous substantive counts, the possibility always exists that the jury might cumulate the evidence introduced against all to find guilty a defendant whose connection was only marginal." 588 F.2d 986, 1002–03 (5th Cir. 1979). The Fifth Circuit determined, however, that the possibility of prejudicial cumulation of evidence could be best cured by a charge to the jury, warning them to give separate and personal consideration to each

defendant. *Id.* at 1003. Consistent with the Fifth Circuit's holding in *Michel*, the Fifth Circuit has explained that "[i]f the jury can keep separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, a severance should not be granted." *U.S. v. Ramirez*, 145 F.3d 345, 355 (5th Cir. 1998) (*citing United States v. Walters*, 87 F.3d 663, 670–71 (5th Cir. 1996)).

The Fifth Circuit has held that limiting instructions are adequate to remedy most potential prejudice. *United States v. Neal*, F.3d 1035, 1046 (5th Cir. 1994). Generally, "traditional safeguards will remedy the risk of prejudice from joinder." *Potashnik*, 2008 WL 5272807, at *7 (*citing Zafiro*, 506 U.S. at 539). "Limiting instructions are generally sufficient to prevent the threat of prejudice resulting from unsevered trials." *United States v. Massey*, 827 F.2d 995, 1005 (5th Cir. 1987).

Analysis

I. <u>Potential spillover does not warrant severance.</u>

Although Green complains that possible evidence introduced against Thomas and Michelle Selgas "would spill over into the Government's case against Green in a way that the jury would not be able to keep the evidence separate," any potential for such spillover can be resolved by limiting instructions to the jury. (DE 59, p. 4). Moreover, the Defendants in this case have been charged with conspiring to defraud the government with respect to the "Selgases' federal income taxes." Accordingly, evidence of the Selgases' tax debt and their knowledge and intent in evading payment of the tax debt is clearly relevant in the overall conspiracy with Green.

As the court in *Potashnik* astutely recognized,

> Criminal defendants indicted and tried together often claim prejudice resulting from the spillover effect; that is, prejudice may result from the introduction of evidence at trial relating to co-conspirators that is irrelevant to a particular defendant, such as evidence of the codefendants' other crimes or bad conduct.

5

*Potashnik*, 2008 WL 5272807, at *8. When considering severance based on evidentiary concerns, the mere presence of a spillover effect does not ordinarily warrant severance. *United States v. Pofahl*, 990 F.3d 1456, 1483 (5th Cir. 1993). Moreover, ". . . prejudice that may result from the introduction of evidence at trial relating to co-conspirators that is irrelevant to a particular defendant . . . does not require severance." *Potashnik,* 2008 WL 5272807, at *8. "The Fifth Circuit generally finds that the spillover problem is remediable by limiting instructions . . . ." *Id.*

As alleged in the indictment, Green conspired with co-defendants Thomas Selgas and Michelle Selgas to impede and impair the IRS with the ascertainment, computation, assessment and collection of revenue concerning the Selgases' federal income taxes. Accordingly, the evidence to prove Thomas and Michelle Selgas' intent to evade the payment of taxes will also be relevant to their alleged conspiracy with Green to impair and impede the IRS concerning their taxes. Indeed, the allegations regarding the Selgases' evasion of payment also include Green. The Indictment alleges in Counts 2 and 3 that Thomas Selgas and Michelle Selgas deposited their money into Green's IOLTA and caused their personal expenditures to be paid from it. The evasion of payment tax charges encompass the same scheme and transactions as the conspiracy to defraud the government, and such counts and defendants are properly joined.

II. <u>Vague assertions of attorney-client considerations do not warrant severance.</u>

Despite Green's argument that his potential testimony could violate attorney-client privilege, his vague assertion does not show a specific compelling prejudice to warrant severance. It is unclear how Green foresees that his testimony may violate a potential privilege. In fact, Green fails to define the scope of his representation for the Selgases and merely states that "the two Co-Defendants have at times been represented by Green." (DE 59, p. 4). Green

6

does not provide any context or substance of his claimed communications, and his blanket statement that severance is appropriate "to avoid the possibility of compromising on the attorney-client privilege" is insufficient. Id., p. 5.

Notably, the attorney-client privilege applies only if "asserted holder of the privilege is or sought to become a client." *In re Auclair*, 961 F.2d 65 (5th Cir. 1992). To the extent that Thomas Selgas or Michelle Selgas, as clients of Green, claim attorney-client privilege for communications, such communications would be subject to the crime-fraud exception. Under the crime-fraud exception to the attorney-client privilege, the privilege can be overcome where communication or work product is intended to further continuing or future criminal or fraudulent activity." *United States v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002) (internal citations omitted). Here, the allegations in the indictment sufficiently establish that Green, Thomas Selgas and Michelle Selgas were involved in a scheme to further criminal activity.

To the extent that Green is claiming an "antagonistic defense" with the Selgases, neither Thomas Selgas nor Michelle Selgas has asserted a reliance defense and such speculation does not warrant severance. "Joint defendants face a heavy burden in demonstrating to a district court that antagonistic defenses warrant granting a severance motion." *United States v. Daniels*, 281 F.3d 168, 177 (5th Cir. 2002)("the defenses must be so diametrically opposed that the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant"). Moreover, if either Thomas or Michelle raises a reliance defense with respect to Green, then they would waive attorney-client privilege, and Green's alleged concerns would be alleviated. *United States v. Miller*, 600 F.2d 498 (5th Cir.), *cert denied*, 444 U.S. 955 (1979).

Lastly, severance does not resolve Green's purported issue. In a separate trial, Green would still be charged with conspiring with Thomas Selgas and Michelle Selgas to impair and impede the IRS in connection with the Selgases' federal income taxes. To the extent Green would testify in a separate trial, his testimony would be subject to the same expressed concerns. Green has not presented a prejudice here, let alone a specific compelling prejudice, for the court to grant severance under Rule 14.

    III.    <u>Reliance on counsel claim has no merit.</u>

With three sentences unsupported by any case law, Green speculates that Thomas Selgas will offer a reliance on counsel defense that will create confusion and compromise attorney-client privileges in a joint trial. Green's speculation about Thomas Selgas' potential defense does not warrant severance. As Green's motion sorely lacks specific information about his potential advice-of-counsel defense, the prejudice that it would cause or a definitive statement that it will be raised remains speculative. *See United States v. USPlabs,* 2018 WL 5831478 at *13. Green "... 'certainly cannot be granted severance on the theoretical possibility that a defense he might want to assert at trial might conflict with a possible argument by one of his co-defendants.'" *Id.*

Again, severance is not appropriate even when co-defendants present mutually antagonistic theories of defense, rather, the defenses must be antagonistic to the point of being mutually exclusive or irreconcilable. *Zafiro*, 506 U.S. at 539. Green provides no basis for the court to conclude that severance is justified here.

    IV.    <u>Selgas statements, if any, used at trial will be properly admitted.</u>

Although not addressed in the body of his argument, Green notes in the introduction of

his motion that the trial should be severed "because the Government would likely use Thomas Selgas' statements at trial, though he might not testify." (DE 59, p. 1). First, the Fifth Circuit has held that statements made between co-conspirators in furtherance of a conspiracy are not testimonial. *United States v. Holmes*, 406 F.3d 337 (5th Cir. 2005); *United States v. King*, 541 F.3d 1143, 1145 (5th Cir. 2008). Such statements are by their nature generally nontestimonial and thus are routinely admitted against an accused despite the absence of an opportunity for cross-examination. *Id.*; Fed. R. Evid. 801(d)(2)(E). Second, in a separate trial, the government would still seek to introduce and use statements of Green's co-conspirators that were made in furtherance of the conspiracy. Again, severance will not solve Green's concerns, and it is unequivocally an inappropriate remedy.

## Conclusion

Joinder of the defendants in this conspiracy is proper. Defendant Green has not made a showing of specific compelling prejudice to justify severance. Any potential spillover or antagonistic defense, if any, may be cured with a limiting instruction to the jury. Simply, Green is not entitled to severance merely because he may have a better chance of acquittal at a separate trial. *Zafiro*, 506 U.S. at 540. For the reasons stated above, the Government respectfully submits that the Court should deny the Defendant's Motion to Sever.

Respectfully Submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

By:  */s/ Mara A. Strier*
ROBERT A. KEMINS
Massachusetts Bar No. 267330
Trial Attorney
U.S. Dept. of Justice, Tax Division
717 N. Harwood, Ste. # 400
Dallas, TX 75201
(214) 880-9781
Robert.A.Kemins@usdoj.gov

MARA A. STRIER
Florida Bar No. 644234
Trial Attorney
U.S. Dept. of Justice, Tax Division
150 M Street, NE
Mail Stop: 1.1505
Washington, DC 20002
(202) 514-5886
Mara.A.Strier@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 23, 2019, the foregoing document was filed using ECF, which will notify all counsel of record.

*/s/ Mara Strier*
Mara Strier
Trial Attorney
Tax Division, United States Department of Justice