# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 3:18-CR-0356-S |
| | § | |
| THOMAS D. SELGAS (1), | § | |
| MICHELLE L. SELGAS (2), and | § | |
| JOHN GREEN (3) | § | |

## ORDER DENYING MOTION TO SEVER

This Order addresses Defendant John Green's ("Green") Motion to Sever [ECF No. 59]. For the reasons that follow, the Court denies the Motion.

The general rule "is that persons indicted together should be tried together, especially in conspiracy cases." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993) (citation omitted). "[W]hen defendants properly have been joined under [Federal Rule of Criminal Procedure] 8(b), a district court should grant a severance under Rule 14 only if there is *a serious risk* that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (emphasis added). In conspiracy cases, the Fifth Circuit "favor[s] specific instructions over severance." *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2016); *see also Zafiro*, 506 U.S. at 539 ("When the risk of prejudice is high . . . , less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."). To overcome the heavy presumption in favor of joinder, a defendant must show that "(1) the joint trial prejudiced him to such an extent that the district court could not provide adequate protection; and (2) the prejudice outweighed the government's interest in economy of judicial administration." *Ledezma-Cepeda*, 894 F.3d at 690 (quoting *United States v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012)). Specifically, the defendant

must show that it is not "within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements, and conduct." *United States v. Welch*, 656 F.2d 1039, 1053-54 (5th Cir. Unit A Sept. 1981) (quoting *Peterson v. United States*, 344 F.2d 419, 422 (5th Cir. 1965)).

This case charges Defendants Thomas Selgas, Michelle L. Selgas, and Green with a conspiracy to defraud the United States. *See* ECF No. 1 ("Indictment"). The three Defendants were charged and indicted together, *see id.*, and Green does not argue that the joinder was improper. Rather, Green argues that severance is proper under Rule 14 because: (1) Thomas Selgas intends to rely on the defense established in *Cheek v. United States*, 498 U.S. 192 (1991), and "[t]he difficulty of interpreting and explaining this line of constitutional case law should not be placed on Green"; (2) "the extensive evidence the Government plans to present on Counts 2 and 3 in order to try to convict Thomas Selgas and Michelle Selgas would spill over into the Government's case against Green in a way that the jury would not be able to keep the evidence separate"; (3) "Thomas Selgas will offer a reliance on [other] counsel defense," which "will create confusion with any advice given by Green"; and (4) as the other Defendants "have at times been represented by Green[,] Green's testimony could violate attorney-client privilege," and Green should not be required to "defend himself[] while simultaneously preserving his clients' rights." Mot. 3-5.

As to Green's first three arguments, the Court finds that limiting instructions will sufficiently remedy any prejudice that results from a joint trial. "It is generally presumed that juries follow the instructions given to them by the district court and are capable of compartmentalizing the evidence against each defendant." *Ledezma-Cepeda*, 894 F.3d at 690

2

(internal quotation marks omitted) (quoting *United States v. Chapman*, 851 F.3d 363, 380 (5th Cir. 2017). Moreover, "general 'spillover' concerns" can be cured by limiting instructions, *id.* at 692 (citation omitted), and "a quantitative disparity in the evidence is 'clearly insufficient in itself to justify severance.'" *Pofahl*, 990 F.2d at 1483 (quoting *United States v. Harrelson*, 754 F.2d 1153, 1175 (5th Cir. 1985)).

The Court is also not persuaded by Green's vague assertion of attorney-client privilege. Green asserts only that the other Defendants "have at times been represented by Green," that "Green's testimony could violate attorney-client privilege," and that these circumstances "present[] a heightened likelihood of antagonistic defenses." Mot. 4-5 (quoting *United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1148 (D. Mont. 2006)). Aside from these concerns, Green did not specify how a joint trial would prejudice his case, and the Court cannot grant "severance on the theoretical possibility that a defense he might want to assert at trial might conflict with a possible argument by one of his co-defendants." *United States v. USPlabs, LLC*, Crim. No. 3:15-CR-496-L, 2018 WL 5831478, at *13 (N.D. Tex. Nov. 7, 2018). Green's speculations are insufficient to meet his "heavy burden [of] demonstrating . . . that antagonistic defenses warrant granting a severance motion." *United States v. Daniels*, 281 F.3d 168, 177 (5th Cir. 2002). Moreover, attorney-client privilege belongs to the client, *see, e.g., United States v. Juarez*, 573 F.2d 267, 276 (5th Cir. 1978) (citations omitted), and Green's testimony would still implicate the same attorney-client privilege concerns even if the Court severed the trials.

For the foregoing reasons, the Court finds that Green has not demonstrated that there is a serious risk that a joint trial would compromise a specific trial right of any Defendant, or prevent the jury from making a reliable judgment about guilt or innocence. Furthermore, the Court finds that Green has not met his burden of showing that a joint trial would prejudice him to such an

extent that the Court could not provide adequate protection. Accordingly, the Court denies the Motion.

**SO ORDERED.**

SIGNED September 4, 2019.

_____
UNITED STATES DISTRICT JUDGE