# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CASE NO. 3:18-CR-0356-S |
| THOMAS D. SELGAS (1), MICHELLE L. SELGAS (2), and JOHN GREEN (3) | § § § § | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO PRECLUDE

This Order addresses Defendants Michelle L. Selgas and John Green's ("Defendants") Motion to Preclude [ECF No. 51]. Defendants seek to prevent the United States from introducing two categories of evidence under Federal Rules of Evidence 403 and 404: (1) evidence of "'other clients' in Green's trust account, which the Government claims will allegedly show a tendency to 'hide his clients' income and assets from the IRS'"; and (2) evidence of "Green's personal tax filing history, which the Government claims will show '[i]n particular, John Green failed to file his own personal income tax returns since 1998.'" Mot. 1 (alteration in original). For the reasons that follow, the Court grants in part and finds moot in part the Motion.

First, the United States asserts in response to the Motion that it "does not intend to introduce evidence in its case-in-chief of Green's other clients," but will "ask Green about his use of the [Interest on Lawyer Trust Accounts ('IOLTAs')] for other clients" if "Green testifies." Resp. 3. In light of the United States' representation, the Court finds the Motion moot insofar as it seeks preclusion of evidence of other clients' in Green's trust account. If the United States decides to introduce evidence regarding Green's other accounts, including IOLTAs, as impeachment evidence of otherwise, the United States is instructed to first approach the bench, with appropriate briefing prepared, and ask for a ruling on the admissibility of such matters.

Second, the Court grants the Motion as to the evidence of Green's filing history, or the alleged lack thereof, with the IRS. "Under Federal Rule of Evidence 404(b), evidence of a defendant's past crime 'is not admissible to prove a person's character,' but 'may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *United States v. Jones*, 930 F.3d 366, 373 (5th Cir. 2019) (quoting FED. R. EVID. 404(b)). The Court may admit evidence of a prior act if "(1) it is relevant to an issue other than the defendant's character, and (2) it 'possess[es] probative value that is not substantially outweighed by its undue prejudice,'" confusing the jury, undue delay, wasting time, or needlessly presenting cumulative evidence "under Federal Rule of Evidence 403." *Id.* (alteration in original) (quoting *United States v. Smith*, 804 F.3d 724, 735 (5th Cir. 2015)); *see also* FED. R. EVID. 403.

In the instant case, the Court finds that the United States did not meet either prong of the Rule 404(b) analysis. The United States contends that "Green's tax history shows his attitude about the IRS and the payment of taxes," *id.* 5, but the Court is unaware of any binding authority allowing for a defendant's prior acts to be admitted to show "attitude," and the United States cites no such authority. *See also* FED. R. EVID. 404(b)(2) (providing that the evidence may be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). Nor has United States established that Green's "attitude about the IRS and the payment of taxes" has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable."[1] *United States v. Beechum*,

---

[1] The United States is incorrect that the first prong of Rule 404(b) analysis is met solely because Green "put his . . . intent at issue by pleading not guilty in a conspiracy case." Resp. 4 (citing *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009)). Under *Cockrell*, the first prong of the analysis is satisfied where a defendant pleads not guilty to a conspiracy charge and "the prior offense involved *the same intent* required to prove the charged offense." 587 F.3d at 679 (emphasis added). The United States has not explained how Green's alleged failure to file tax returns involves the same intent as the instant conspiracy charge.

582 F.2d 898, 911 (5th Cir. 1978). An individual's failure to file tax returns may be a product of mistake, negligence, or even recklessness; the evidence is thus minimally probative of Green's "intent to defraud the IRS." Resp. 5, 8. "[E]ven if, by some stretch of imagination, [the evidence of Green's filing history was] found to be relevant to [a] scheme, intent, motive or plan, its minimal probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury." *United States v. Hernandez*, 750 F.2d 1256, 1258 (5th Cir. 1985) (citing FED. R. EVID. 403). Finally, the United States submitted no evidence showing its need for this extrinsic evidence, the similarity between the extrinsic and charged offenses, or the amount of time separating the two offenses. *See Smith*, 804 F.3d at 735 (citation omitted) (identifying the factors the Court should consider in weighing evidence under Rule 403); *see also* Resp. 4. Accordingly, the Court finds that the evidence of Green's personal tax filing history is inadmissible under Rules 403 and 404(b).

For the foregoing reasons, the Court grants the Motion as to the evidence of Green's personal tax filing history but finds the Motion moot as to evidence of Green's other clients.

**SO ORDERED.**

SIGNED September 9, 2019.

UNITED STATES DISTRICT JUDGE

3