## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case 3-18-cr-356-S |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| THOMAS D. SELGAS (1) | § | |
| MICHELLE L. SELGAS (2) | § | |
| JOHN GREEN (3) | § | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant, through undersigned counsel, submits the following Proposed Jury Instructions.

***Section I*** below contains the Fifth Circuit Court of Appeals Pattern Jury Instructions. ***Section II*** contains instructions requested by the Defendant.

**Page 1 of 14**

## SECTION I:  FIFTH CIRCUIT MODEL JURY INSTRUCTIONS

The Defendant requests that the Court give the following Fifth Circuit Pattern Jury Instructions to the Jury.

1.01 – Preliminary Instructions

1.02 – Note-Taking by Jurors

1.03 – Introduction to Final Instructions

1.04 – Duty to Follow Instructions

1.05 – Presumption of Innocence, Burden of Proof, Reasonable Doubt

1.06 – Evidence – Excluding What is Not Evidence

1.07 – Evidence – Inferences – Direct and Circumstantial

1.08 – Credibility of Witnesses

1.09 – Character Evidence

1.17 – Expert Opinion Testimony

1.18 – On or About

1.19 – Caution – Consider Only Crime Charged

1.22 – Multiple Defendants – Single Count

1.23 – Multiple Defendants – Multiple Counts

1.24 – Duty to Deliberate

1.30 – Similar Acts

1.43 – Summaries and Charts not Received in Evidence

1.44 – Summaries and Charts Received in Evidence

**SECTION II: DEFENDANT'S PROPOSED INSTRUCTIONS**

**Proposed Instruction No. 1**

**Knowingly**

The word "knowingly" as the term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

"Knowingly" means that an act was done voluntarily and not because of mistake or accident.  A defendant who committed an act out of negligence or even gross negligence is not guilty of criminal conduct.

   **Authority:**  <u>Criminal Pattern Jury Instructions for the 5th Circuit</u> (2015 Ed.), Instruction No. 1.37

### Proposed Instruction No. 2

**Presumption of Innocence, Proof Beyond a Reasonable Doubt**

Proof beyond a reasonable doubt is evidence that is so convincing that you would be willing to have other people act on it without hesitation in the most important of your own affairs. Remember, John Green, Tom Selgas and Michelle Selgas are innocent, and they remain innocent unless the government proves all charges.  All reasonable doubts benefit John Green, Tom Selgas, and Michelle Selgas and they must prove nothing.  For John Green, Tom Selgas, and Michelle Selgas to be found not guilty you need to decide only that the government failed to prove the charge beyond a reasonable doubt.  The presumption of innocence requires a verdict of not guilty if the government has not actually proved its charge.

The law does not require John Green, Tom Selgas, or Michelle Selgas to prove their innocence or to produce any evidence at all

John Green has not been charged on Counts 2 and 3.  He is not charged with income tax evasion.

> **Authority:**  *Hopt v. People*, 120 U.S. 430, 439 (1887); *United States v. Faulkner*, 488 F.2d 328 (5th Cir. 1974); *Atkins v. United States*, 240 F.2d 849, 853 (5th Cir. 1957).

**Proposed Instruction No. 3**

**Intent – Conspiracy**

Guilt must originate with an intent on the part of the Defendant to commit the crime and such intent must appear form his or her own acts and conduct.  If you have a reasonable doubt as to the intent of the Defendant to commit the crime charged, you must return a verdict of not guilty.

In determining the question of knowledge or intent on the part of the Defendant, you must ascertain and determine his or her state of mind from the evidence.  If you have a reasonable doubt as to such intent or knowledge on the party of the Defendant, you must return a verdict of not guilty as to the Defendant.

   **Authority**:  F. Lee Bailey, Kenneth J. Fishman, Part 13.  Charging and Sequestering Jury, Chapter 83.  Elements of the Crime.

**Proposed Jury Instruction No. 4**

**Proof of Membership in the Conspiracy**

One may become a member of a conspiracy without full knowledge of all the details of the conspiracy. On the other hand, a person who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

Before the jury may find that the Defendant, or any other person, has become a member of a conspiracy, the evidence in the case must show beyond a reasonable doubt that the conspiracy was knowingly formed, and that the Defendant, or other person who is claimed to have been a member, willfully participated in the unlawful plan, with the intent to advance or further some object or purpose of the conspiracy.

To act or participate willfully means to act or participate voluntarily and intentionally, and with specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, to act or participate with the bad purpose either to disobey or to disregard the law. So, if the Defendant, or any other person, with understanding of the unlawful character of a plan, knowingly encouraged, advised or assisted, for the purpose of furthering the undertaking or scheme, the Defendant thereby became a willful participant—a conspirator.

In determining whether a conspiracy existed, the jury should consider the actions and declarations of all of the alleged participants. However, in determining whether a particular defendant was a member of the conspiracy, if any, the jury should consider only his or her acts and statements. A Defendant cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that the Defendant was one of its members.

If you find that the Defendant committed some overt act, but you find that there is no substantial evidence connecting him or her with the unlawful agreement, you must find the Defendant not guilty.

Once the conspiracy is ended, whether by failure, success or arrest, admissions made by the other Defendants or alleged co-conspirators are incompetent as against the Defendant, and you are instructed to disregard and ignore such admissions.

You are instructed that you may not consider against the Defendant any act or declaration or statement made by his or her Co-Defendant(s) out of the Defendant's presence as tending in any manner to establish the Defendant's guilt, unless you first find that the following situations exist:

that the act, declaration or statement was made during the existence of the alleged conspiracy;

that the act, statement or declaration was done or made in furtherance of the object of the conspiracy; and

**Page 6 of 14**

that the Defendant is shown to have been a member of the conspiracy by his or her own acts and statements.

If any of the three situations do not exist, then you may not consider acts and declarations of alleged co-conspirators against the Defendant.

You are instructed that suspicion, however strong, is never proof under our concept of law and you may not substitute suspicion for evidence. Any inference of participation in this conspiracy cannot be made from the mere association between the Defendants.

Mere presence at the scene of an event, knowledge that a crime is being committed, or association with people involved in a crime does not necessarily establish a conspiracy. You must find a defendant to have been an active participant rather than a knowing spectator.

In order to find a defendant guilty of conspiracy, you must find beyond a reasonable doubt that he actively participated in the conspiracy. Mere knowledge of an illegal act on the part of an alleged co-conspirator is insufficient proof of guilt.

**Authority**: **Complete Manual of Criminal Forms 3d** | August 2018 Update, F. Lee Bailey, Kenneth J. Fishman; *United States v. Gomez*, 16 F.3d 1214 (5th Cir. 1994); *United States v. Allred*, 867 F.2d 856 (5th Cir. 1989).

**Proposed Instruction No. 5**

**Overt Act**

In order to sustain its burden of proof under Count 1 of the Indictment, the Government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goal(s) of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.

You must unanimously agree that the same overt act(s) was committed.

Proof beyond a reasonable doubt of an agreement between two or more defendants to violate the laws of the United States, together with proof of the commission of one or more of the overt acts alleged by the indictment to be in furtherance of that agreement, will not warrant your conviction of such defendants who so agreed, unless you are further convinced, beyond a reasonable doubt, that the overt act proved was an act which in fact was intended to accomplish the object of the conspiracy. The fact that an act is alleged in the indictment to be an act in furtherance of a conspiracy is insufficient. The purpose of the overt act must be proved, not merely alleged.

In considering the conspiracy counts, you are instructed that a conspiracy cannot be proved merely by proof, beyond a reasonable doubt, that one of the overt acts alleged in fact occurred. A conspiracy is an agreement or design by two or more persons to violate some law of the United States. An overt act is an act done to accomplish that design. Both must be proved beyond a reasonable doubt.

**Authority**: 18 USC § 371, Manual of Model Criminal Jury Instructions (8th Circuit) § 5.06D; **Complete Manual of Criminal Forms 3d** | August 2018 Update, F. Lee Bailey, Kenneth J. Fishman; *United States v Falcone* 311 U.S. 205 (1940); *Johnson v. United States*, 84 F.2d 114 (5th Cir. 1936); 2 Fed. Jury Prac. & Instr. § 31.07 (5th ed.).

**Proposed Instruction No. 6**

**Statute of Limitations**

For you to find the defendant guilty, the government must prove beyond a reasonable doubt that the offense charged was committed within 6 years of the indictment.

> **Authority**:  26 U.S.C. § 6531; *Toussie v. United States*, 397 U.S. 112, 114 (1970); *United States v. Adam*, 296 F.3d 327, 331–32 (5th Cir. 2001); *United States v. Dandy*, 998 F.2d 1344, 1355 (6th Cir. 1993); *United States v. Williams*, 684 F.2d 296, 299 (4th Cir. 1982); *United States v. Grammatikos*, 633 F.2d 1013, 1022 (2d Cir. 1980); *United States v. Cianchetti,* 315 F.2d 584 (2d Cir. 1963).

**Proposed Instruction No. 7**

**Good Faith**

Good faith is a defense to willfulness, even if that good faith belief is objectively unreasonable. If you find that John Green acted in good faith, you must acquit John Green because his good faith is inconsistent with his having the intent to defraud or violate the law.

John Green, of course, does not have to prove his good faith, since he does not have to prove anything. If the government established beyond a reasonable doubt that John Green acted with specific intent to defraud, then John Green could not have had good faith.

If John Green believed in good faith that what he was doing followed the tax law, he would not have criminal intent.

**Authority**: *Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Montgomery*, 747 F.3d 303, 309 (5th Cir. 2014); *United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005); *United States v. Wisenbaker*, 14 F.3d 1022, 1025 (5th Cir. 1994); *United States v. Doyle*, 956 F.2d 73, 75-76 (5th Cir. 1992); *United States v. Masat*, 948 F.2d 923, 931 n.15 (5th Cir. 1991); *United States v. Burton*, 737 F.2d 439, 440 (5th Cir. 1984).

## Proposed Instruction No. 8

**Willful**

John Green must be found to have acted knowingly and willfully. The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

"Willfully" means an act was done with a conscious purpose to violate the law.

Proving willfulness requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he or she had a good-faith belief that he or she was not violating any of the provisions of the tax laws.

**Authority**: 5th Circuit Pattern Jury Instructions 1.38 "Willfully"; *Cheek v. United States*, 498 U.S. 192 (1991); ; *United States v. Pomponio*, 429 U.S. 10 (1976); *United States v. Bishop*, 412 U.S. 326 (1973); *United States v. Montgomery*, 747 F.3d 303 (5th Cir. 2014); *United States v. Miller*, 588 F.3d 897 (5th Cir. 2009).  Fifth Cir. P.J.C. 2.101, Notes (quoting United States v. Cheek, 111 S. Ct. 604, 610–11 (1991)), also quoted by United States v. Doyle, 956 F.2d 73, 75–76 (5th Cir. 1992).

**Proposed Instruction No. 9**

**Fifth Amendment Privilege**

John Green not having testified must not be used against him, considered by you at all, or even be discussed in your deliberations. The law does not require him to prove his innocence or to produce any evidence at all.

**Authority**: *United States v. Montgomery*, 747 F.3d 303 (5th Cir. 2014); *Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008).

**Proposed Jury Instruction No. 10**

**Scope of Indictment**

John Green is not on trial for anything he may have done other than those acts described in the indictment.

**Authority**: *United States v. Montgomery*, 747 F.3d 303 (5th Cir. 2014); *United States v. Kidd*, 446 F.2d 1385 (5th Cir. 1971) .

Respectfully submitted on August 27, 2019.

MINNS & ARNETT

*/s/ Michael Louis Minns*
Michael Louis Minns
State Bar No. 14184300
mike@minnslaw.com
Ashley Blair Arnett
State Bar No. 24064833
ashley@minnslaw.com
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453
*Attorneys for John Green*

**CERTIFICATE OF SERVICE**

**Page 13 of 14**

This is to certify that on this the ____ day of September 2019, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.


         */s/ Ashley Blair Arnett*           
         Ashley Blair Arnett
         ***Attorney for Defendant, John Green***