UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3-18-CR-356-S |
| THOMAS D. SELGAS (1)<br>MICHELLE L. SELGAS (2)<br>JOHN O. GREEN (3) | |

United States' Motion *in Limine* to Preclude Certain Evidence

The United States of America, through undersigned counsel, files this Motion *in Limine* to Preclude Certain Exhibits, Testimony and Arguments.[1] Based on the evidence obtained during the course of the investigation, the Government anticipates that the Defendants may attempt to present evidence and/or elicit testimony that relate to the propriety of the "lawful money" theory and other tax-defier theories.[2] Furthermore, the Government anticipates that the Defendants may attempt to elicit testimony as to witnesses' opinions as to what the Defendants purportedly believed. This motion *in limine* is designed to apprise the Court of these potential improper arguments and to safeguard the jury from hearing them.

Background

On July 18, 2018, a federal grand jury returned an indictment against Thomas Selgas, Michelle Selgas and John Green (collectively, the "Defendants") charging them with one count of violating 18 U.S.C. § 371, Conspiracy to Defraud the Government. Additionally, Thomas

---

[1] The Defendants have not yet provided reciprocal discovery.

[2] *United States v. Mathes,* 576 F.2d 70 (5th Cir. 1978)(finding that "[t]axpayer's attempt to devalue Federal Reserve notes they received as income is, therefore, not lawful under the laws of the United States.")

1

Selgas and Michelle Selgas were each charged with violating 26 U.S.C. § 7201, Evasion of the Payment of Tax. (Doc. 1). As set forth in the indictment, the defendants Thomas and Michelle Selgas owed taxes to the Internal Revenue Service ("IRS"), stemming in part from a large settlement in a patent infringement lawsuit in 2005. Instead of paying taxes on their income, Thomas Selgas and Michelle Selgas, with the help of an attorney, John Green, attempted to hide their money from the IRS using, among other things, gold coins and Green's Interest On Lawyer's Trust Accounts ("IOLTA") to pay the Selgases' personal expenses.

As set out in the Government's trial brief, the Selgases and Green espoused frivolous theories in attempts to justify not paying taxes. One of those theories was the "lawful money" theory, in which they substantially undervalued their income, for tax purposes, using the face value of gold. Through the investigation in this case, the government has uncovered materials prepared by Thomas Selgas that cite to the law and other authorities in an attempt to support his "lawful money" theory. Moreover, the government anticipates that the Defendants will attempt to solicit testimony from lay witnesses regarding their opinions about the Defendants' purported good faith belief. For the reasons stated below, the government requests that the Court exclude such evidence and testimony.

Argument

A. <u>Defendants should be precluded from offering evidence that was not actually relied upon by him or evidence that would confuse the jury regarding the law.</u>

A defendant's view regarding the constitutionality and validity of the tax laws is irrelevant in a criminal tax case because a mere disagreement with the tax laws is no defense to the charged crime. *Cheek v. United States,* 498 U.S. 192, 202-3 (1991); *United States v. Barnett*, 945 F.2d 1296, 1298-1301 (5th Cir. 1991); *United States v. Stafford*, 983 F. 2d 25, 27-28 (5th Cir. 1993). A defendant may be entitled to introduce evidence bearing on a subjective, good faith

belief that he was not required to file tax returns or pay taxes on other grounds, but courts have long recognized that allowing the introduction of legal or pseudo-legal materials presents a significant danger of confusing and misleading the jury, thereby meriting its exclusion under Federal Rule of Evidence 403. *Barnett*, 945 F.2d at 1298.

In order for materials relating to a defendant's state of mind to be admissible, the defendant must first lay a proper foundation, which demonstrates that he "actually relied" upon the specific material that is being offered. *See United States v. Simkanin*, 420 F.3d 397, 412-13 (5th Cir. 1995); *United States v. Flitcraft*, 803 F.2d 184, 185-86 (5th Cir. 1986).

Once the proper foundation is established, the Court can then determine, using Fed. R. Evid. 403 analysis, whether the material should be admitted or excluded. The Court should consider whether such materials could confuse the jury as to the law or might assist a defendant who wishes to undermine the authority of the court. *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005). As the Fifth Circuit explained: "the district court must be permitted to prevent the defendant's alleged view of the law from confusing the jury as to the actual state of the law, especially when the defendant has constructed an elaborate, but incorrect, view of the law based on a misinterpretation of numerous IRS provisions taken out of proper context. *Simkanin*, 420 F.3d at 404.

Courts have generally discouraged the admission of these types of materials as cumulative and have recognized that the admission of these materials will serve only to confuse the jury. In *Flitcraft*, the Fifth Circuit found that "the introduction of the documents themselves would have been cumulative because [the defendant] testified to the documents he relied on and their contents" 803 F.2d at 186. Furthermore, the Court found that "the documents presented a danger of confusing the jury by suggesting the law is unsettled… ." *Id.*  Indeed, the Fifth Circuit

has routinely upheld courts limiting defendants' testimony to a summary of the relied upon materials. *See, e.g., Saldana*, 427 F.3d at 307; *Simkanin*, 420 F.3d at 414; *Stafford*, 983 F.2d at 27-8; *Barnett*, 945 F.2d at 186 (concluding that the delicate balance required by Rule 403 of the Federal Rules of Evidence would be satisfied by excluding the challenged documents but allowing the defendant to testify about their contents and the effect the information had in the formation of his beliefs).

Moreover, as stated above, a disagreement with the law is not a valid defense to a criminal tax charge. Accordingly, if the Defendants interject into the proceedings their disagreements with the law or challenges to the validity of the tax laws, the Supreme Court in *Cheek* indicated that it would be proper for the Court to issue an instruction to disregard them. *Cheek*, 498 U.S. at 206.

> B.  <u>Defendants should be precluded from eliciting self-serving statements or presenting "state of mind" evidence through third-party witnesses.</u>

The government anticipates that the Defendants may seek to elicit self-serving hearsay through third-party witnesses. In *United States v. Bishop*, the defendant attempted to introduce statements that he made to his tax lawyer. The defendant called the lawyer to testify that the defendant believed that he needed the lawyer for only civil matters. The Fifth Circuit held that the defendant's statements to his lawyer were inadmissible as self-serving assertions that the defendant did not have the requisite intent to commit a crime. 264 F. 3d 535, 548-9 (5th Cir. 2001). To the extent that the Defendants attempt to elicit self-serving statements through third-parties, such testimony should be excluded.

The government also anticipates that the Defendants may attempt to elicit testimony as to the witnesses' opinions as to what the Defendants purportedly believed. Federal Rule of Evidence 701 provides:

> If the witness is not testifying as an expert, the witnesses' testimony in the form of opinions and inferences is limited to those opinions and inferences which are (1) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue.

Fed. R. Evid. 701.

To the extent the Defendants seek to elicit witness testimony that calls for speculation regarding the Defendants' state of mind and purported good-faith belief, such testimony would not be helpful to the jury. *See, e.g., United States v. Hauert*, 40 F.3d 197, 201-202 (7th Cir. 1994) ("by the nature of a tax protestor case, defendant's beliefs about the propriety of his filing returns and paying taxes, which are closely related to defendant's knowledge about tax laws and defendant's state of mind in protesting his taxpayer status, are ordinarily not a proper subject for lay witness opinion testimony absent careful groundwork and special circumstances. . ."); *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992) (witness testimony regarding a defendant's observations, what the defendant was told, and what the defendant said or did "will often not be 'helpful' within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant knew."). Here, the appropriate person to testify about each defendants' purported good-faith belief is that defendant.

Accordingly, the Defendants should be precluded from eliciting self-serving statements or presenting "state of mind" evidence through third-party witnesses during trial.

Conclusion

For the above-stated reasons, the Government respectfully requests that the Court exclude evidence and testimony that is irrelevant, more prejudicial than probative, and improper.

Respectfully Submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ Mara A. Strier*
By: ROBERT A. KEMINS
Massachusetts Bar No. 267330
Trial Attorney
U.S. Dept. of Justice, Tax Division
717 N. Harwood, Ste. # 400
Dallas, TX 75201
(214) 880-9781
Robert.A.Kemins@usdoj.gov

MARA A. STRIER
Florida Bar No. 644234
Trial Attorney
U.S. Dept. of Justice, Tax Division
150 M Street, NE
Mail Stop: 1.1505
Washington, DC 20002
(202) 514-5886
Mara.A.Strier@usdoj.gov

**CERTIFICATE OF CONFERENCE**

Undersigned has conferred with (1) counsel for Defendant Green, who objects to this motion in full; and (2) counsel for Defendant Thomas Selgas, who objects in part.

*/s/ Mara Strier*
Mara Strier
Trial Attorney
Tax Division, United States Department of Justice

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 9, 2019, the foregoing document was filed using ECF, which will notify all counsel of record.

*/s/ Mara Strier*
Mara Strier
Trial Attorney
Tax Division, United States Department of Justice