**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case 3-18-cr-356-S |
| | § | |
| v. | § | |
| | § | |
| THOMAS D. SELGAS (1) | § | |
| MICHELLE L. SELGAS (2) | § | |
| JOHN GREEN (3) | § | |

**RESPONSE TO UNITED STATES' MOTION IN LIMINE**
**TO PRECLUDE CERTAIN EVIDENCE**

COMES NOW, JOHN GREEN ("Defendant" or "Green"), through his attorneys of record, and submits the following:

**INTRODUCTION**

The term "certain evidence" is flawed. On September 9, 2019, the Government filed its Motion to Preclude "Certain" Evidence. In its preamble, the Government described, without any certainty, what it means: (1) "Certain Exhibits" (as yet identified, given that Green had not submitted his exhibits), "Testimony and Arguments" (not described) that the Government's lawyers "anticipate," that Defendant "may attempt to present"; and (2) evidence and testimony relating to "lawful money," and (3) "other tax-defier theories," and (4) opinion testimony. (Doc 87, Gov't's Mot. of 09/09/2019, at 1.) The Government's purported reason for its Motion is to "safeguard the jury from hearing" what the Government calls "potential improper arguments." (*Id.*)

The Government proffers over a page of the same "Background" as it has included in prior filings, which requires no additional response from the ones previously made.

## ARGUMENT

In contrast to the vague preamble, the Government's actual argument starts out with two propositions, that Defendant concurs with. (*Id.* at 2.) Green does not intend to offer evidence he has not relied on to support a reliance defense. Defendant agrees that his views regarding the constitutionality of the tax law are irrelevant[1].

### I.     RESPONSE TO PART A OF GOVERNMENT'S ARGUMENT

The easy solution to the Government's concern is to take out all references to the United States Constitution in all documents and to instruct witnesses not to refer to it. Counsel conferred with the Government shortly after receiving its Motion and made this suggestion. The Government's attorneys were noncommittal. Hopefully a meeting of the minds will occur before the pretrial conference.

As for a reliance testimony, while Green has no intention of offering evidence to support something he has not relied on, the Court must allow evidence of information Green *has* relied on. *See Cheek v. United States*, 498 U.S. 192, 203 (1991) (error to instruct jury to disregard evidence of Cheek's understanding that under the tax laws he was not a person required to file a tax return or pay income taxes); *United States v. Powell*, 955 F.2d 1206, 1211 (9th Cir. 1991)[2] ("a person cannot be convicted of willful failure to file a tax return if he subjectively believes in good faith that the tax laws do not apply to him"; reversing in part after court's refusal to let the defendant show the jury what she relied on). To reiterate, the Court certainly can exclude some of the reliance documents, to avoid excessive repetition, as long as, as the Government has stated, Defendant is

---

[1] Although irrelevant, Green does not maintain that the applicable tax laws are unconstitutional.
[2] *Powell* was the first court of appeals case following *Cheek* to discuss reliance exhibits.

allowed "to testify about their contents and the effect the information had in the formation of his beliefs." (Doc. 87, at 4.)

Green does not have a disagreement with the law or a challenge as to the law's validity. No evidence to this effect, therefore, is suggested. The conflict occurs as a result of Green's interpretation of those laws which conflict with the Government's interpretation. The Court may exercise its discretion as to admission of the number of documents that are allowed into the jury box to demonstrate Green's reliance, and in instructing the jury that its consideration is limited to a finding of Green's state of mind.

If the Court does limit the defense's evidence on the basis of repetition, the same may make sense for repetitive Government exhibits.

## II. STATE-OF-MIND CONSIDERATIONS

In Part B of the Government's Motion, it complains that Defendant might seek to, and should not be allowed to, proffer "state of mind" evidence through third-party witnesses. (Doc. 87, at 4-5.)

This entire case is "state of mind." It is anticipated that state of mind evidence is likely to be the primary and perhaps only core evidence contested by Green or proffered.

The Government's heavy burden is to prove that Green had a malicious state of mind. *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 435 (1978) (defendant's state of mind is an element of offense that must be established by evidence and inferences, not reliance on a presumption of wrongful intent). To date, its lawyers have neither offered nor hinted at having such evidence. Instead their evidence supports the contrary. With the exception of expert witnesses, and actual statements made by the defendant, state of mind is generally proven by circumstantial evidence of demeanor and of the defendant's behavior. *Martin v. Thomas*, 973 F.2d

449, 457 (5th Cir. 1992) ("Because it is difficult to prove a person's state of mind, malice can be inferred from circumstantial evidence."). *See United States v. Scott*, 48 F.3d 1389, 1396 (5th Cir. 1995) (witness' testimony was admissible to prove defendant's state of mind as being conducive to allowing distribution of cocaine from his store and conducive to conspire to distribute cocaine); *United States v. Herrera*, 600 F.2d 502, 504 (5th Cir. 1979) (threatening statements made by witness were admissible to show defendant's state of mind in consequence of statements in support of duress defense). A defendant's behavior is most often described by the witnesses.

As memorialized in a Memorandum of Investigation, the Government has taken statements from witnesses who have told the Government Special Agent that Tom Selgas (the accused co-conspirator with Green) is essentially trying to follow the law. Green cannot conspire with someone who wants to follow the law, nor can co-conspirators conspire with Green when it is his decision to obey the law. The Special Agent qualifies as an expert. *United States v. Ollison*, 555 F.3d 152, 163 (5th Cir. 2009); *United States v. Mendoza-Medina*, 346 F.3d 121, 126 (5th Cir. 2003). She can testify to this as an expert, which might explain the Government's interesting decision to offer revenue evidence and special agent evidence through officers who did not conduct interviews.[3] Lay witnesses can testify to the Defendants' demeanor and character witnesses can testify to the Defendants' reputations for integrity and truth. (*See* 5th Cir. Pattern Jury Instruction.) All these evidentiary methods commonly inform jurors.

Regardless, the Government's case has not begun and its witnesses have not taken the stand. Its positions and reasons for trying to prove that one or all of Defendants knowingly violated

---

[3] This "certainly" raises *Brady* concerns. *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Gaston*, 608 F.2d 607 (5th Cir. 1979); *United States v. Brown*, 574 F.2d 1274 (5th Cir. 1978).

tax laws have not been heard, and Defendants have not cross examined a single witness or put on their defense. A Motion in Limine to prevent cross-examination, or rebuttal preceding regarding unknown testimony, is premature. The Motion is not an attempt to "safeguard" the jury; it is an attempt to throttle the defense and prevent meaningful examination into the primary issue in this case.

## CONCLUSION

Defendant agrees that references to reliance on the Constitution regarding tax positions (except as it relates to the burden of proof and presumption of innocence, both of which counsel has requested instructions) should not be permitted, per *Cheek*; however, objections concerning the core issue of this case, state of mind, cannot be definitively cut off before the questions have even been formed for cross, or direct testimony. The defense case is basically, for the most part, a rebuttal case. The government is anticipating that the defense will seek to contest evidence of knowing willful conduct, presuming there is any, and the Government wants some road bumps to hinder the effort.

If there is no evidence of state of mind during the Government's case-in-chief, Rule 29 relief is required; presuming there will be an attempt at such evidence, if there is no ability to contest it, the Fifth and Sixth Amendments are implicated.

Respectfully submitted on September 12, 2019.

MINNS & ARNETT

*/s/ Michael Louis Minns*
Michael Louis Minns
State Bar No. 14184300
mike@minnslaw.com
Ashley Blair Arnett
State Bar No. 24064833
ashley@minnslaw.com

9119 S. Gessner, Suite 1<br>
Houston, Texas 77074<br>
Telephone: (713) 777-0772<br>
Telecopy: (713) 777-0453<br>
***Attorneys for John Green***

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of September 2019, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

    */s/ Ashley Blair Arnett*
Ashley Blair Arnett
***Attorney for Defendant, John Green***