# United States District Court
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:18-CR-0356-S |
| | § | |
| THOMAS D SELGAS (1) | § | |
| MICHELLE L SELGAS (2) | § | |
| JOHN O GREEN (3) | § | |

## ORDER

This Order addresses the Government's Unopposed Motion to Continue Trial Setting filed September 12, 2019 [ECF No. 102] and heard on September 13, 2019 at 9:30 a.m. The Court grants the Motion and resets this case for trial on **January 6, 2020, at 9:00 a.m.**, a date agreed to by all counsel of record. The pretrial conference is scheduled on **December 19, 2019, at 1:00 p.m.** These deadlines shall apply to Defendants Thomas D Selgas, Michelle L Selgas, and John O Green ("Defendants"). *See* 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court may grant an "ends of justice" continuance at the request of a defendant, defendant's attorney, or at the attorney for the Government if the Court does so on the basis of findings "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors the Court may consider in granting an "ends of justice" continuance is (1) "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice"; (2) "[w]hether the case is so unusual or so complex . . . that it is unreasonable to expect adequate

preparation for pretrial proceedings or for the trial itself within the time limits established by this section"; and (3) "[w]hether the failure to grant such a continuance . . . would deny. . . the attorney for the Government . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv).

At the hearing held on September 13, 2019, all counsel for the Government and Defendants agreed that this is a complex case as set forth in 18 U.S.C. § 3161(h)(7)(B)(ii) due to the complexity of the issues involved and agreed that trial should be delayed until January 6, 2020. Having reviewed the record and the relevant law, the Court finds that this case involves voluminous evidence, *see* ECF Nos. 78, 86, 93, 97, complicated legal issues, including questions of statutory interpretation and "constitutional issues dealing with gold," ECF No. 59 at 3, and alleged fraud involving gold transactions and Interest on Lawyers Trust Accounts transfers, *see* ECF No. 82 at 18. It is unreasonable, therefore, to expect adequate preparation for the trial itself within the time limits established by the Speedy Trial Act. *See United States v. Roy*, Crim. A. No. 3:12-CR-054-L, 2012 WL 1428906, at *3 (N.D. Tex. Apr. 25, 2012) (finding case complex because of voluminous evidence and complicated fraudulent scheme). Accordingly, the Court agrees with the parties that this is a "complex case" that should be taken out of the ordinary structures of the Speedy Trial Act.

Additionally, for the reasons set forth in the Government's Motion and stated on the record at the hearing held on September 13, 2019, extraordinary personal circumstances require counsel for the Government to travel outside of Dallas. Given counsel's involvement, continuation of the trial would likely be impossible or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Additionally, considering the complexities of the instance case and the present exigent circumstances, the failure to grant a continuance would deny counsel for the Government

2

reasonable time necessary for effective preparation for trial. *Id.* § 3161(h)(7)(B)(ii). Moreover, although not necessary under these circumstances, all Defendants waived their right to a Speedy Trial on the record.

Accordingly, the Court finds that (1) this is a complex case; (2) the ends of justice served by the granting of a trial continuance outweigh the best interests of the public and the defendant in a speedy trial; (3) the failure to grant a continuance in this case would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (4) taking into account the exercise of due diligence by Government's counsel, a continuance of the duration granted by this order is necessary for effective preparation by defense counsel.

**SO ORDERED.**

SIGNED September 16, 2019.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

3