# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:18-CR-356-S |
| | § | |
| JOHN O. GREEN (03) | § | PUBLIC, REDACTED |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant John Green's Objections to Restrictions on His Bond Ordered by Magistrate Court [ECF No. 44]. For the reasons that follow, the Court overrules Defendant's objections, and affirms the United States Magistrate Judge's November 28, 2018 Order.

### I. BACKGROUND

In this criminal action, the United States alleges that Defendant John Green ("Defendant") entered into a conspiracy to defraud the United States of tax revenue by, among other things, filing false IRS forms, depositing proceeds from the sale of gold coins into Defendant's Interest on Lawyer Trust Accounts ("IOLTAs"), and using the funds in the IOLTAs to pay for his clients' personal expenses. *See* ECF No. 1 ("Indictment") ¶¶ 2, 13, 15, 17, 21. The case is set for trial on January 6, 2020. *See* ECF No. 105.

Defendant made his Initial Appearance before United States Magistrate Judge Rebecca Rutherford (the "Magistrate Judge") on August 7, 2018, *see* ECF No. 13 ("Minute Entry"), and was released on his own recognizance subject to various conditions, including that Defendant was "not [to] possess a firearm, destructive device, or other weapon" (the "firearm restraint"). ECF No. 14 ("Order Setting Conditions of Release") § 7(k). The Magistrate Judge clearly informed Defendant regarding this condition at his Initial Appearance. *See* Recording of Initial Appearance

("Rec.") 2:14:04 to 2:14:27. Defendant accepted this condition and did not object, but asked whether he "ha[d] some time to get home to have [the firearms] removed from the house." *Id.* at 2:14:39 to 2:14:52. The Magistrate Judge approved Defendant's request for extra time and directed him to review the Order Setting Conditions of Release, *see id.* at 2:15:17 to 2:15:48, which Defendant signed, acknowledging that he understood and "agree[d] to follow" the conditions as stated. *Id.* at 2:16:56 to 2:17:17; Order Setting Conditions of Release 3.

Defendant objected to this condition for the first time in a handwritten Supplement to Bond Motion (the "Supplement") filed 85 days later, on October 31, 2018. *See* ECF No. 35 ("Supp. to Bond Mot."). In his Supplement, Defendant "request[ed] the right to have a weapon in his home" to defend his home against "dangerous . . . animals" that appear "in the winter." *Id.* at 1. At the hearing, Defendant was not prepared to address his objection, but clarified that he was concerned "about bears." ECF No. 42 ("Joint Mot. to Modify Conditions of Release Hr'g Tr.") at 29:2-8, 29:17-18. Defendant argued that he was not violent, and the Government was not opposed to a compromise on the issue. *See id.* at 29:22-23, 30:8-14. The Magistrate Judge asked for the opinion of the pretrial services, and Defendant represented to the Court that they were not opposed. *See id.* at 30:17-31:1. The Magistrate Judge then noted that the issue was not ripe and invited supplemental filings from the parties. *See id.* at 31:9-19. Defendant did not file any documents in support of his Supplement. After allowing the parties almost a month to further brief the issue, and having received no response from either party, the Magistrate Judge issued an order denying the Supplement. *See* ECF No. 41 ("Order Denying Supplement") at 2-3.

Defendant filed his Objections on December 11, 2018, raising three arguments: (1) that the Magistrate Judge abused her discretion by imposing the firearm restraint without analyzing the crime at issue or other circumstances of the case, *see* ECF No. 44 ("Objs.") at 5; (2) that the

condition violated the Second Amendment, *see id.* at 8-11; and (3) that "[t]he Magistrate Judge did not afford Defendant any opportunity to be heard on the" firearm restraint, *see id.* at 11-12. The Government filed its Response, arguing in support of the firearm restraint, on December 11, 2018, *see* ECF No. 45 ("Resp."), and this Court issued an electronic order on January 8, 2019, overruling Defendant's objections and affirming the Magistrate Judge's Order in its entirety, *see* ECF No. 46.

The Fifth Circuit, however, remanded the matter to this Court on October 22, 2019, because the Court did not "provid[e] any discussion as to how the condition was proper under the statute" and because "the record [was] not developed enough . . . to provide an independent ground for . . . affirming the condition." *United States v. Green*, No. 19-10055, 2019 WL 5406256, at *2 (5th Cir. Oct. 22, 2019). Pursuant to the Fifth Circuit's instructions, the Court provides the following discussion explaining how the condition was proper.[1]

## II.     ANALYSIS

### A.     *Order Setting Pretrial Conditions*

"When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)). However, a defendant must seek review of a magistrate judge's detention order within fourteen days as prescribed by FED. R. CRIM. P. 59(a), or the "right to review is waived, and review by the district court following such a waiver is discretionary and not a matter of right." *United States v. Watts*,

---

[1] Because "[t]his review does not mandate a new evidentiary hearing, . . . the court may rely on the evidence introduced before the magistrate judge," *United States v. Baltazar Novoa*, Crim. A. No. 3:16-CR-536-L, 2019 WL 1040722, at *2 (N.D. Tex. Mar. 5, 2019) (citation omitted), and the Court finds the existing record sufficient to conduct its *de novo* review, the Court will not conduct an additional hearing.

3

Crim. No. 3:09-CR-249-D (09), 2010 WL 11452009, at *1 (N.D. Tex. June 25, 2010) (citation omitted).

In this case, Defendant did not file a motion to amend or revoke the Order Setting Conditions of Release within the time allotted by FED. R. CRIM. P. 59(a). The Magistrate Judge issued the Order Setting Conditions of Release on August 7, 2018, and Defendant filed his objections on December 11, 2018. *See* Order Setting Conditions of Release 3; Objs. 12. Even if the Court considers the Joint Motion to Modify Conditions of Release and Defendant's Supplement as motions to amend or revoke the Order Setting Conditions of Release, *see* ECF No. 30; Supp. to Bond Motion, these motions were filed on September 28, 2018, and October 31, 2018, respectively—well outside the fourteen days allowed for motions to modify the conditions of release. *See* FED. R. CRIM. P. 59(a). Therefore, the Court finds that Defendant waived his right to have the Court review the pretrial conditions and "declines in its discretion to review the [M]agistrate [J]udge's order."[2] *Watts*, 2010 WL 11452009, at *1 (citing, among other authorities, *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc)).

Even if the Court construes Defendant's Supplement and Objections as a timely motion for review of the release order under 18 U.S.C. § 3145, the Court agrees with the recommendation of Pretrial Services, ▇▇▇▇▇▇▇▇▇▇▇▇, that Defendant should not be allowed to possess a firearm, destructive device, or other weapon. Even if Defendant is not charged with a crime of violence and has no history of violence, *see* 18 U.S.C. § 3142(g)(1), (3); Objs. 7-8, Defendant's possession of firearms endangers officers of the Pretrial Services who may make unannounced visits to ensure that Defendant is complying with the conditions of his release. The record before the Court establishes that Defendant: (1) has admitted to "have no respect for the federal

---

[2] Importantly, Defendant does not ask the Court to review the Order Setting Pretrial Conditions, but limits his objections to the Order Denying Supplement. *See* Objs. 1.

4

government," Resp. Ex. 2 at 2; (2) has advocated for state officers to arrest federal officials, *see id.* at 1-2; (3) has likened the federal government to Nazi Germany, *see id.* at 2; and (4) may be ███████████████████████ ECF No. 74-1. *See* 18 U.S.C. § 3142(g)(3), (4) (instructing the Court to consider "the history and characteristics of the person" and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release"); *cf. United States v. Deane*, No. 93-2669, 1993 WL 455623, at *1 (5th Cir. 1993) (finding that threats of violence against witnesses justified pretrial detention). Accordingly, the Court finds that restricting Defendant "from possessing a firearm, destructive device, or other dangerous weapon" is the "least restrictive . . . condition" that would "reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B)(viii).

### B. *Order Denying Supplement to Bond Motion*

As Defendant did not file a motion to modify the conditions of his release or timely appeal the Magistrate Judge's Order Setting Conditions of Release, Defendant's Supplement is properly analyzed under 18 U.S.C. § 3142(f)(2). Section 3142(f)(2) allows a Court to "reopen[]" a detention hearing if:

> [T]he [Court] finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assured the appearance of such person as required and the safety of any other person and the community."

*See also United States v. Mathes*, 593 F. App'x 391, 392 (5th Cir. 2015). The Fifth Circuit has "interpreted this standard as asking whether any 'new' information was presented." *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (citations omitted). Thus, a district court may deny a motion to modify the conditions of release under § 3142(f)(2) if the defendant attempts to introduce evidence that was available to him or her at the initial hearing and "provid[es] no indication of how the evidence was discovered or why it had been previously unavailable." *United*

*States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009); *see also United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (same).

In the present case, Defendant argues that the Court should revoke the firearm restraint because: (1) Defendant lives in a rural home with his family, *see* Objs. 2; (2) "wild animals frequent the area around the home," *id.* at 2-3; and (3) Defendant has a Second Amendment right to a firearm, *see id.* at 8-11. Defendant does not contend, however, that his arguments are based on new information and "provid[es] no indication of . . . why [this evidence] had been previously unavailable." *Stanford*, 341 F. App'x at 984. Defendant has resided at his current address for at least ▮▮▮, and nothing suggests that Defendant was unaware of the dangers posed by wild animals when he first appeared before the Magistrate Judge. Additionally, the arguments Defendant makes do not depend on new cases, *see* Objs. 9-12, and the record is devoid of any fact justifying Defendant's failure to raise these arguments at his Initial Appearance.[3] Therefore, Defendant did not establish that there was any new information that warranted reopening the detention hearing under § 3142(f).

The Court further disagrees with Defendant's argument that he was not afforded "any opportunity to be heard on the firearms restriction issue" in violation of the Due Process clause. Objs. 11-12. The Supreme Court has held that the procedures established by the Bail Reform Act, which were followed in this case, satisfy due process. *See United States v. Salerno*, 481 U.S. 739, 751-52 (1987). Defendant cannot manufacture a due process violation by choosing not to object

---

[3] In fact, Defendant is a practicing lawyer and apparently educated his counsel on his Second Amendment rights, *see* Joint Mot. to Modify Conditions of Release Hr'g Tr. 9:25-10:10, 14:9-10, which indicates that he understood his constitutional rights. Nonetheless, Defendant 'agree[d] to follow" all of the conditions the Magistrate Judge imposed, including the firearm restraint. *See* Rec. at 2:16:56 to 2:17:17; Order Setting Conditions of Release 3. Given Defendant's vocation and the circumstances of this case, Defendant's express agreement to observe the firearm restraint may be considered a waiver of his Second Amendment right. *See United States v. Lozano*, 757 F. App'x 348, 351 (5th Cir. 2018) (citing, among other sources, *Brady v. United states*, 397 U.S. 742, 748 (1970)). The Court does not reach this issue, however, because the Court denies Defendant's request to reopen the detention hearing.

6

to the firearm restraint for almost three months, *see* Supp. to Bond Mot., and electing not to file any evidence to substantiate his objection after the Magistrate Judge invited the parties to do so, *see* Joint Mot. to Modify Conditions of Release Hr'g Tr. 31:9-19. Accordingly, the Court overrules Defendant's objections and affirms the Magistrate Judge's denial of the Supplement.

### III. CONCLUSION

For the reasons discussed above, the Court overrules Defendant's Objections and affirms the Magistrate Judge's Order denying the Supplement to Bond Motion.

**SO ORDERED.**

SIGNED December 4, 2019.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**