UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL NO. 3-18-CR-356-S

THOMAS D. SELGAS (1)
MICHELLE L. SELGAS (2)
JOHN O. GREEN (3)

GOVERNMENT'S MOTION IN LIMINE

The United States of America, by and through its undersigned attorneys, hereby moves

the Court, *in limine*, to exclude from evidence in the trial, a number of exhibits listed on

defendant John O. Green's "First Amended Exhibit List[1]. Specifically the Government seeks to

exclude exhibits 1, 2, 3, 4, 5, and 7 from the trial of this case.

I.        **PROCEDURAL HISTORY**

On July 18, 2018, a federal grand jury returned an indictment against Thomas Selgas,

Michelle Selgas and John Green ("defendant Green") charging them with one count of violating

18 U.S.C. § 371, Conspiracy to Defraud the United States. Additionally, Thomas Selgas and

Michelle Selgas were each charged with violating 26 U.S.C. § 7201, Tax Evasion. (Doc. 1).

---

[1] The government was first apprised of this Amended Exhibit List via an email from counsel for
John Green, dated December 12, 2019 (Attachment A). In a subsequent telephone conference
call with defense counsel, the government attempted to discern if this amended list was a
replacement for the exhibit list already filed or a supplement to the already filed list. As of the
date of this filing, counsel for Green has not answered this question.

## II.     APPLICABLE LAW

Federal Rule of Evidence ("FRE") 401 lays out the test for the relevancy of evidence.

"Relevant evidence" means evidence having any "tendency to make the existence of any fact that

is of consequence to the determination of the action more probable or less probable than it would

be without the evidence. *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). The

determination of relevance is a two-step analysis, one being probative value and the other

materiality. *Id*.

Citing FRE 402, *Hall* goes on to state, "The essential prerequisite of admissibility is

relevance." *Id*.  In addition, to be relevant, evidence must have some

> tendency to make the existence of any fact that is of consequence to the
> determination of the action more probable or less probable than it would be
> without the evidence. Id. 401. Implicit in that definition are two distinct
> requirements: (1) The evidence must be probative of the proposition it is offered
> to prove, and (2) the proposition to be proved must be one that is of consequence
> to the determination of the action. *McCormick on Evidence* 185, at 435 (2d ed.
> 1972); 1 *Weinstein's Evidence* P 401(03), at 401-13 (1980); 22 *Wright & Graham,
> Federal Practice and Procedure*: Evidence s 5162, at 18 (1978). Whether a
> proposition is of consequence to the determination of the action is a question that
> is governed by the substantive law. Simply stated, the proposition to be proved
> must be part of the hypothesis governing the case a matter that is in issue, or
> probative of a matter that is in issue, in the litigation. *McCormick on Evidence*,
> supra, s 185, at 434; 1 *Weinstein's Evidence*, supra, P 401.

*Id*. Pursuant to FRE 403:

> The court may exclude relevant evidence if its probative value is substantially
> outweighed by a danger of one or more of the following: unfair prejudice, confusing
> the issues, misleading the jury, undue delay, wasting time, or needlessly presenting
> cumulative evidence.

FRE 403.

## III.     ARGUMENT

At the outset, the Government points out that Green is only charged with conspiracy in

Count 1. The indictment specifically states, the defendants,

did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other and with other individuals both known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the IRS in the ascertainment, computation, assessment, and collection of the revenue: to wit, the SELGASES' federal income taxes.

(Doc. 1, p. 3).  A tax due and owing is not an element of a conspiracy to impair and impede the Internal Revenue Service (IRS). *See United States v. Mann*, 161 F.3d 840, 847 (5th Cir. 1998).  A jury may convict defendants of a conspiracy to defraud the Government by finding that the defendants had an agreement to impair and impede the IRS and one conspirator committed one overt act in furtherance of that objective.  *Id.*

While the Government will discuss each proposed defense exhibit *seriatim*, most appear to attack the premise that defendants Thomas and Michelle Selgas owed income taxes. While a tax deficiency is the crux of the individual tax evasion charges against them, Green is charged in a much more broad-ranging conspiracy that was designed to defeat the lawful functions of the IRS. As to Green's defense to the conspiracy charge, exhibits challenging the IRS civil collection process against defendants Thomas and Michelle Selgas are irrelevant as Green is not charged with any other substantive tax counts. Even if these exhibits as applied to Green are somehow probative or relevant, in the alternative, they should be excluded under FRE 403.

A.  **Exhibit 1**:

Exhibit 1 is an order issued by this Court on November 2, 2018, modifying some of the defendant Green's conditions of pretrial release. In part, it allowed defendant Green to disburse funds still held in his Interest Only Lawyers Trust Account on behalf of the Selgas's to them. It also allowed defendants Green and Thomas Selgas to communicate regarding their mutual business, in MyMail, Inc.

The indictment in this case was filed on July 18, 2018. Count One of the indictment charges a conspiracy to defraud the United States by impairing and impeding the lawful functions of the IRS. The indictment alleges that this conspiracy began in or about December 2005 and lasted until in or about August of 2017.

Based on the above the Government cannot discern the relevancy of a pretrial order of the court issued at least fifteen months after the dates alleged in the indictment. While the order does discuss Green, giving funds back to the Selgas's, to quote from the *Hall* case *supra*, this piece of evidence does not have the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

**B.   Exhibit 2**:

Exhibit 2 is an order of the United States Tax Court dated January 23, 2013, ruling a notice of deficiency for tax years 2003 and 2004 issued to Thomas Selgas was invalid as the IRS had sent it to the wrong address.

The Government fails to see any relevance to this document as it has nothing to do with anything alleged in the indictment. Tax years 2003 & 2004 are not even part of the conduct charged in the indictment. In addition, as discussed above, this has nothing to do with the charge against Green. What appears to have happened here is that all the parties agreed that the IRS had mailed this document to an incorrect address and therefore this particular document was invalid. In addition, even if it has some arguable relevancy, the Government would argue that its probative value is outweighed by the facts that this proposed exhibit would confuse the issues of what is alleged against the defendants and confuse the jury.

C.  **Exhibits 3 and 4**:

Exhibits 3 and 4 appear to be substantially the same document. In October 2019, Thomas and Michelle Selgas went to United States Tax Court challenging an assessment for tax year 2005. The response from the IRS (which is what these exhibits consist of) states that the IRS could find no assessment against Thomas or Michelle Selgas for 2005.

As discussed in the indictment, the Selgas's tax assessment for 2005 results from their participation in MyMail, Inc., which was a partnership. As alleged in paragraph 4 of the indictment, "During tax year 2005, MyMail settled various lawsuits against internet service providers for approximately $6.8 million (hereinafter the "Settlement"), from which the SELGASES received a distribution of approximately $1.1 million." Further, paragraph 11 of the indictment alleges "On or about August 4, 2010, the IRS assessed federal income taxes against the SELGASES, individually, for tax year 2005."

It appears Green wants to use the IRS reply to the Selgas's October 2019 Tax Court filing to allege there was no valid assessment against the Selgas's for 2005.

Again, Green is only charged in the conspiracy count. A tax due and owing is not an element of this offense. Thomas and Michelle Selgas have also been charged with tax evasion (payment) along with the conspiracy. The issue in a tax evasion prosecution is a tax due and owing, not a technical assessment of the taxes. While not a Fifth Circuit ruling, *United States v. Farnsworth*, 456 F.3d 394, 401 (3rd Cir. 2006) is directly on point. In *Farnsworth* the Third Circuit ruled than an assessment is not required to prove attempted evasion of payment under § 7201. While the Fifth Circuit has not directly ruled on the issue it did in *United States v Nolen*,

472 F.3d 362 (5th Cir. 2006)[2] cite to *Farnsworth* and discuss the issue of an assessment being required to prove an evasion of payment charge[3]. In *Nolen*, the District Court used the term payment in its jury instruction. On appeal, Nolen argued that using the word payment changed the charge against him into evasion of payment as opposed to evasion of assessment. As there was no evidence presented at trial of a formal IRS assessment, Nolen argued the Fifth Circuit should reverse his tax evasion conviction. The Fifth Circuit in addressing this argument stated, "Finally, even if we were to characterize Nolen's conviction as a one for "evasion of payment" of taxes only, we would not be constrained to reverse for lack of a formal administrative tax assessment. Without unnecessarily straying down a road we need not travel, we observe that the entirety of the case law on this issue provides less than compelling support for Nolen's position. As the Third Circuit recently recognized in a case argued by Nolen's appellate counsel, "the weight of authority favors [the] view that an assessment is not required to prove attempted evasion of payment under § 7201." 472 F.3d at 379-380.

Based on the above the Government would argue that defendant Green's exhibits 3 and 4 fail both tests under FRE 401 and 403.

### D.  Exhibit 5:

Exhibit 5 is a three-page exhibit which is entitled "Fraud Development Recommendation – Examination." It involves MyMail, Inc. It does not discuss any of the individual defendant's taxes. The government is unsure of Green's purpose in wanting to introduce this document. The

---

[2] Notably, defendant Green entered his appearance pro hac vice in the *Nolen* case, but the court subsequently revoked his admission for making false accusations against the magistrate judge. Green was subsequently barred from practice in the Eastern District of Texas for five years for this conduct. See *United States v. Nolen*, 472 at 370.
[3] The remainder of the counts in the instant indictment charge Thomas and Michelle Selgas with tax evasion (payment) in violation of 26 USC § 7201.

Government can only assume it has to do with the following notation on the exhibit:

"12/17/2008 There are no Overt Acts on this case, so Fraud could not be supported. Counsel

agrees." Again, the Government would argue this document fails to meet the requirements of

FRE 401. While MyMail, Inc. was a partnership the defendants were a part of, whether MyMail

committed any overt acts of tax evasion is immaterial to whether the individual defendant's in

this case committed tax evasion and conspiracy. Also once again, only Thomas and Michelle

Selgas's individual taxes are at issue in this case, not MyMail's or John Green's. Accordingly,

this document offers no relevant evidence to any issue in this case. In jnaddition, even if

probative of some issue, the document by itself will confuse issues and mislead the jury.

### E.   Exhibit 7:

The First Amended Exhibit List states exhibit 7 is Freedom to Fascism (with no other

description). According to the Internet Movie Database, *America:  Freedom to Fascism* was a

documentary released on July 28, 2006, with a running time of 95 minutes[4]. The documentary is

described as follows:  "A documentary that explores the connection between income tax

collection and the erosion of civil liberties in America." The entry also contains a cast listing.

Thomas Selgas is listed as a cast member; John Green is not listed as a cast member.

This exhibit raises a number of evidentiary issues. First, the Government cannot discern

the relevancy or probative value to Green of a documentary in which Thomas Selgas

participated. The Government can only assume this documentary contains statements from

Selgas where he espouses frivolous theories regarding the income tax laws. Going back to the

FRE 401/403 analysis, even if anything Thomas Selgas said in that documentary is probative of

---

[4] https://www.imdb.com/title/tt0772153/

anything in the case (which the Government does not concede), it would could confuse the issues or mislead the jury.

In addition, any out of court statements of Thomas Selgas are inadmissible hearsay as to both Green and Selgas. If Thomas Selgas wants to testify as to what he said in the documentary (assuming it is relevant), he can do that. However, to allow Green to admit Thomas Selgas's statements via this documentary would be improper.

## CONCLUSION

For the above stated reasons, the Government would request this court rule that Defendant Green's exhibits 1, 2, 3, 4, 5, and 7 be ruled in admissible at the trial.

Respectfully Submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ Robert A. Kemins*

By:   ROBERT A. KEMINS
Massachusetts Bar No. 267330
Trial Attorney
U.S. Dept. of Justice, Tax Division
717 N. Harwood, Ste. # 400
Dallas, TX 75201
(214) 880-9781
Robert.A.Kemins@usdoj.gov

MARA A. STRIER
Florida Bar No. 644234
Trial Attorney
U.S. Dept. of Justice, Tax Division
150 M Street, NE
Mail Stop: 1.1505
Washington, DC 20002
(202) 514-5886
Mara.A.Strier@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 18, 2019, the foregoing document was filed using ECF, which will notify all counsel of record.


/s/ Robert A. Kemins
Robert A. Kemins
Trial Attorney
Tax Division, United States Department of Justice