UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3-18-CR-356-S |
| THOMAS D. SELGAS (1)<br>MICHELLE L. SELGAS (2)<br>JOHN O. GREEN (3) | |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

NOW COMES, the United States of America, by and through its undersigned attorneys, and files this Response in Opposition to Defendants' Motions to Dismiss (Dkt. 111 and Dkt 116). As stated more fully below, Defendant Green's and Defendant Michelle Selgas' joint motions to dismiss should be denied because: (1) the indictment properly alleges each element of the charges and informs the Defendants of the charges against them; (2) alleged insufficient evidence is not proper grounds for a pretrial motion to dismiss; (3) there are no discovery violations that warrant dismissal; (4) at least one of the alleged overt acts in the conspiracy is within the statute of limitations; (5) as the criminal conduct was ongoing, dismissal for alleged delay is inappropriate; and (6) Defendants' motions to dismiss are untimely pursuant to the Court's scheduling order.

**ARGUMENT**

I.  <u>The Indictment is legally sufficient.</u>

As a preliminary matter, the Indictment in this case is legally sufficient. Rule 7(c) of the Federal Rules of Criminal Procedure provides that the indictment "shall be a plain, concise and definitive written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). To be sufficient, an indictment must include the elements of the offense intended to be

1

charged, apprise the defendant of what he or she must be prepared to meet at trial, and enable the defendant to plead an acquittal or conviction as a bar to subsequent prosecution. *Russell v. United States*, 369 U.S. 749, 763-64 (1962). An indictment may set forth the offense in the language of the statute itself, provided the words of the indictment "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. United States,* 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).

Here, the Indictment charges Defendants Thomas Selgas, Michelle Selgas and John Green with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 and Defendants Thomas Selgas and Michelle Selgas each with tax evasion, in violation of 26 U.S.C. § 7201. (Dkt. 1). The Indictment contains a statement of the essential facts and includes the proper elements of each charge. The Indictment fairly informs the Defendants of the charges against them, and ensures that the Defendants face no risk of future prosecution for the same offense.

II. <u>Insufficient evidence is not proper grounds for a pretrial motion to dismiss.</u>

To the extent the Defendants are arguing that the Government has not presented sufficient evidence for a conviction, the Defendants' motion is premature. (Dkt. 111). The Government will present evidence in its case-in-chief to support the allegations in the Indictment. While complaining about their perceived lack of evidence, the Defendants cite to Rule 29 of the Federal Rules of Criminal Procedure; however Rule 29(a) specifically provides that a motion under this rule is made <u>after</u> the government closes its evidence or after the close of all evidence. *See* Fed. R. Crim. P. 29(a).

Indeed, the Defendants appear to be making their closing argument to the Court. After the presentation of the evidence, the Defendants will have their opportunity to argue that they had "numerous other legitimate reasons for using a trust account." (Dkt. 111, ¶ 3). The Defendants' pretrial attempt to minimize Defendant Green's conduct and negate his intent to impair and impede the Internal Revenue Service ("IRS") must fail. The Defendants are merely raising potential defenses that they will have the opportunity to present to the jury through cross-examination of the Government's witnesses or through their own case.

Defendants John Green and Michelle Selgas also appear to be contesting the validity of the 2005 tax assessments against Defendants Michelle and Thomas Selgas. Importantly, a tax due and owing is not an element of a conspiracy to impair and impede the IRS. *See* 18 U.S.C. § 371. A jury may convict defendants of a conspiracy to defraud the Government by finding that they had an agreement to impair and impede the IRS and one conspirator committed an overt act in furtherance of that objective.

Furthermore, the Defendants appear to be confusing the terms "tax due and owing" with a "tax assessment." Even when a tax due and owing is an element of the crime (as in tax evasion under 26 U.S.C. § 7201), a formal civil tax assessment is not necessary. *United States v. Nolen*, 472 F.3d 362 (2006);[1] *United States v. Farnsworth*, 456 F.3d 394, 403 (3d Cir.2006); *United States v. Daniel*, 956 F.2d 540 (6th Cir. 1992). To the extent the Defendants are contesting

---

[1] Notably, Defendant Green entered his appearance *pro hac vice* in the *Nolen* case, but the court subsequently revoked his admission for making false accusations against the magistrate judge. Defendant Green was barred from practice in the Eastern District of Texas for five years for this conduct. *See United States v. Nolen,* 472 at 370.

proper notice of the Selgases' civil tax assessment, such argument is a matter for civil court and is not relevant in this criminal case.[2]

    III.    <u>There are no discovery violations that warrant dismissal of the Indictment.</u>

The Government complied with its discovery obligations in this matter and its continued obligation to supplement discovery as appropriate. The Defendants, however, previously filed two motions seeking to compel: (1) the production of the IRS Special Agent's investigative report; and (2) an expert report for Government's Interest Only Lawyer's Trust Account witness. (Dkts. 50 and 51). After full hearings on both motions, the Magistrate Judge ultimately denied the Defendants' motions. The Defendants alleged no additional information to warrant further consideration of their motions to compel. In any event, a motion to dismiss is not the proper vehicle to re-litigate these issues.

    IV.    <u>The Indictment was returned within the statute of limitations.</u>

The Grand Jury returned the Indictment against the Defendants in July 2018 charging, among other things, a conspiracy to defraud the United States. According to the allegations in the Indictment, the conspiracy began in 2005 and continued through August 2017. In their motion to dismiss, the Defendants assert that the Indictment was returned after the expiration of the statute of limitations to charge conspiracy. Again, the Defendants are wrong.

The statute of limitations for a *Klein* conspiracy under the defraud clause of Section 371, as charged here, is six years. *See* 26 U.S.C. § 6531; *United States v. Aubin*, 87 F.3d 141, 145 (5th Cir. 1996); *United States v. Heard*, 709 F.3d 413, 427–28 (5th Cir. 2013). The statute of

---

[2] The Government filed a motion *in limine* to exclude exhibits concerning these Tax Court matters. (Dkt. 119).

limitations begins to run from the last overt act. *See Grunewald v. United States*, 353 U.S. 391, 396-7 (1957).

As alleged in the Indictment, the use of Defendant Green's IOLTA to impair and impede the IRS in the collection, assessment and ascertainment of the Selgases' tax liability occurred up to August 2017, well within the statute of limitations. Furthermore, the depletion of Defendant Thomas Selgas' Individual Retirement Account and related correspondence regarding the tax consequences of these distribution were alleged as additional overt acts that occurred from 2012 through 2016. *See* Dkt.1. Accordingly, overt acts within the statute of limitations were properly alleged in the Indictment.

V.  <u>There was no unnecessary delay to warrant dismissal pursuant to Fed. R. Crim. P. 48</u>

While the Defendants' conspiracy began in 2005, it continued through August 2017. There was no unnecessary delay in presenting an indictment in this matter as Defendants' criminal conduct was ongoing. Furthermore, while Rule 48(b) of the Federal Rules of Criminal Procedure provides the Court discretion to dismiss an indictment for want of prosecution, it is generally only appropriate when a delay has been purposeful or oppressive. *United States v. Acuna*, 502 F. Supp. 2d 521, 527 (W.D. Texas, February 26, 2007).  The Defendants have presented no evidence of a purposeful or oppressive delay in this matter, and their motion to dismiss for alleged delay must fail.

VI.  <u>The motion to dismiss is untimely.</u>

Pursuant to the Court's Scheduling Order, pretrial motions were due on July 12, 2019. (Dkt. 49). Accordingly, Defendants' motions to dismiss are untimely. *See also* Fed. R. Crim. P. 12(b)(3) for motions that must be made before trial.

**CONCLUSION**

For the above-stated reasons, the Government respectfully requests that the Court deny the Defendants' motions to dismiss the indictment.

>Respectfully Submitted,
>
>ERIN NEALY COX
>UNITED STATES ATTORNEY
>
>*/s/ Mara A. Strier*
By:   ROBERT A. KEMINS
>Massachusetts Bar No. 267330
>Trial Attorney
>U.S. Dept. of Justice, Tax Division
>717 N. Harwood, Ste. # 400
>Dallas, TX 75201
>(214) 880-9781
>Robert.A.Kemins@usdoj.gov
>
>MARA A. STRIER
>Florida Bar No. 644234
>Trial Attorney
>U.S. Dept. of Justice, Tax Division
>150 M Street, NE
>Mail Stop: 1.1505
>Washington, DC 20002
>(202) 514-5886
>Mara.A.Strier@usdoj.gov

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on December 18, 2019, the foregoing document was filed using ECF, which will notify all counsel of record.

>
> */s/ Mara Strier*
> Mara Strier
> Trial Attorney
> Tax Division, United States Department of Justice