IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 19-10055

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

JOHN O. GREEN,

    Defendant - Appellant

United States Court of Appeals
Fifth Circuit
**FILED**
October 22, 2019
Lyle W. Cayce
Clerk

Appeal from the United States District Court
Northern District of Texas, Dallas
USDC No. 3:18-CR-356-3

Before BARKSDALE, STEWART, and COSTA, Circuit Judges.

PER CURIAM:*

    Defendant-Appellant John O. Green filed this interlocutory appeal after the district court imposed a no-firearms pretrial release condition subsequent to Green's indictment on charges of tax evasion. For the following reasons, we remand for proceedings consistent with this opinion.

### I. Procedural & Factual Background

    Green is an Idaho state representative residing in Rathdrum, Idaho, with his wife, daughter, and two other family members. In July 2018, a grand

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jury in the Northern District of Texas charged Green with tax evasion in violation of 18 U.S.C. § 371, along with two alleged co-conspirators who were Green's clients. The indictment alleges that Green conspired with his two clients to evade their income taxes by concealing their income in his IOLTA (Interest on Lawyers Trust Accounts) bank accounts and then using those accounts to pay his clients' personal expenses. Trial was originally set for September 23, 2019, but was recently reset for January 6, 2020.

During Green's initial appearance in August 2018, the magistrate judge ordered that he be released pending trial subject to certain conditions, including a requirement that he not possess a firearm, destructive device, or other weapon. This release condition was not imposed on Green's two clients. Green did not object to the no-firearms condition when it was imposed.

On September 28, 2018, Green and his co-defendants filed a joint motion to modify their release conditions restricting their communication with each other. The hearing on this motion was held on October 31, 2018, and the magistrate judge ultimately granted the motion. During the motion hearing, Green also moved for a modification of the no-firearms release condition via handwritten note. Green argued that he wanted a less-restrictive condition of release, *i.e.*, the allowance of one rifle to protect his family against the wild animals that inhabit the area near his home, especially during the wintertime.[1] The magistrate judge declined to rule on the motion at that time to afford the government an opportunity to prepare and respond.

After taking the matter under advisement, the magistrate judge denied Green's motion to remove his no-firearms release condition. In her order, the magistrate judge explained that 18 U.S.C. § 3142(f) guided the court's consideration of the request and that section required Green to establish that

---

[1] Bears are indigenous to the rural region where Green's home is located in Idaho.

there was new information, not known to him at the time of the initial detention hearing, that was material to the release condition he sought to modify. Green knew at the time of his original detention hearing that he lived in an area inhabited by wild animals in the winter, so he did not provide new information that was unavailable to him at the time the condition was originally imposed. Additionally, the magistrate judge stated, "Green is subject to supervision by Pretrial Services. Officers may make unannounced visits to his home to ensure he is complying with all the conditions of his release. The condition prohibiting firearms is necessary to reasonably assure the safety of those Pretrial Services officers."

Green filed objections to the no-firearms condition with the district court and on January 8, 2019, the district court affirmed the condition. Green noticed his interlocutory appeal with this court a week later.

## II. Discussion

On appeal, Green advances abuse-of-discretion and constitutional arguments against the no-firearms pretrial release condition. This court reviews an order imposing a pretrial release condition for abuse of discretion. *See United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988). The district court is required by 18 U.S.C. § 3142(c)(1)(B) to impose the "least restrictive . . . condition, or combination of conditions" that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." In imposing these conditions, 18 U.S.C. § 3142(g) requires the court to take into account the available information concerning "(1) the nature and circumstances of the offense charged"; "(2) the weight of the evidence against the person; (3) the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

Case 3:18-cr-00356-S Document 122 Filed 12/19/19 Page 4 of 4 PageID 722

No. 19-10055

criminal history, and record concerning appearance at court proceedings" and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

"When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)). Here, the district court affirmed in full the magistrate judge's pretrial release no-firearms condition in a two-line electronic order, without providing any discussion as to how the condition was proper under the statute. Moreover, the record is not developed enough at this point to provide an independent ground for our affirming the condition. *See United States v. Palacios*, 928 F.3d 450, 457 n.3 (5th Cir. 2019) (observing that the court of appeals "may affirm . . . on any grounds supported by the record." (quoting *Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009))). The district court's summary affirmance of the magistrate judge's order without making an "independent determination," *see Rueben*, 974 F.2d at 585, in support of the pretrial release condition was an abuse of discretion. *See United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). For these reasons, we remand for the district court to conduct additional fact-finding concerning Green's pretrial release no-firearms condition. *See McConnell*, 842 F.2d at 107. Because we remand on this basis, we need not reach the merits of Green's constitutional arguments.

### III. Conclusion

This case is REMANDED to the district court for proceedings consistent with this opinion.