UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3-18-CR-356-S |
| THOMAS D. SELGAS (1)<br>MICHELLE L. SELGAS (2)<br>JOHN O. GREEN (3) | |
| Defendants. | |

### UNITED STATES' MOTION FOR RECONSIDERATION ON THE ORDER GRANTING DEFENDANT GREEN'S MOTION *IN LIMINE*

The United States, by and through the undersigned counsel, requests that the Court reconsider its order granting Defendant Green's motion *in limine*. (Dkt. 132). Defendant Green has moved *in limine* seeking to redact the Defendants' statements contained in the Government's exhibits. (Dkt. 113, Section II). Specifically, Defendant Green seeks to remove all references made by the Defendants that the tax laws are unconstitutional. Defendant Green's argument, taken in the most generous light, is not clear. In any event, his argument must fail.[1]

ARGUMENT

I.   Statements by the Defendants offered by the Government are not hearsay.

It is well established that statements by defendants are admissions and are admissible as substantive evidence when offered by the Government under Rules 801(A) and 801(d)(2)(A) of the Federal Rules of Evidence. Defendant Green's motion to redact the Defendants' statements

---

[1] It is noted that Defendant Green's motion *in limine* did not specifically identify the exhibits that he seeks to redact nor the provisions in those exhibits that he finds objectionable.

1

from the Government's exhibits is nothing more than an attempt sidestep this long established rule.

As the Government highlighted in its Trial Brief (Dkt. 82), the Defendants (including Defendant Green) sent correspondence to the IRS, submitted filings in Tax Court and to the Henderson County Appraiser's Office, emailed MyMail partners, and sent emails and other correspondence in their real estate dealings. In many of these statements, the Defendants assert disagreements as to the validity of the tax laws. All such correspondence are admissible as a statement of a party opponent.

Furthermore, statements made by co-conspirators in furtherance of a conspiracy are also not hearsay. Fed. R. Evid. 801(d)(2)(E). In order for a co-conspirator statement to be admitted as non-hearsay the government, as the party seeking to admit the statement, must prove by a preponderance of the evidence "(1) the existence of a conspiracy, (2) [that] the statement was made by a co-conspirator of the party, (3) [that] the statement was made during the course of the conspiracy, and (4) [that] the statement was made in furtherance of the conspiracy." *United States v. Delgado*, 401 F.3d 290, 298 (5th Cir. 2005) (quoting, among other cases, *United States v. Robinson*, 367 F.3d 278, 291–92 (5th Cir. 2004)). Here the majority of the offered statements were made by co-conspirators during the course, and in furtherance, of the conspiracy.[2]

    II.    <u>Defendants' assertions that the tax laws are unconstitutional are relevant when offered by the Government to rebut a good faith defense.</u>

Defendant Green further confuses the issue by misapplying *Cheek v. United States,* 498 U.S. 192 (1991) to support his contention that the Government's exhibits should be redacted to remove the Defendants' statements regarding the constitutional validity of the tax laws.

---

[2] To the extent an offered statement was made prior to the charged conspiracy, a limiting instruction may be appropriate.

In many tax crimes, like tax evasion, the government must prove that the defendant acted willfully. The Supreme Court has defined willfulness as the "voluntary, intentional violation of a known legal duty." *United States v. Pomponio*, 429 U.S. 10 (1976); *United States v Garcia*, 762 F.2d 1222, 1224 (5th Cir. 1985). That is to say, a defendant is willful if he knew what his duty was under the law, and he acted or failed to act with the specific intent to violate the law.

If a defendant has a good faith misunderstanding or mistaken view of the law, he is not willful. *See Cheek,* 498 U.S. at 203. In contrast, however, the *Cheek* Court also held that a disagreement with the law or a belief that the tax laws are unconstitutional or invalid is **not** a valid defense to willfulness and does not support a good faith belief. *Id.* at 206.

Importantly, the Supreme Court stated:

Claims that some provisions of the tax code are unconstitutional are submissions of a different order. They do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code. Rather, they reveal full knowledge of the provisions at issue and a studied conclusion, however, wrong, that those provisions are invalid and unenforceable.

*Id.* at 205.

Accordingly, while Defendants' assertion that the tax code is invalid is irrelevant to *support* any good faith defense raised by the Defendants, such assertions are relevant when offered by the prosecution as evidence that the Defendants had "full knowledge of the provisions at issue" and their argument did "not arise from innocent mistakes caused by the complexity" of the Code. *See also United States v. Bonneau*, 970 F.2d 929, 933 (1st Cir. 1992)( "the force and persistence of the defendant's views on the constitutional issue certainly were evidence for the jury to consider in deciding what he actually believed.")

Likewise, the Government anticipates offering the evidence as proof that the Defendants merely had a disagreement with the tax laws. As the Court also noted, "the more unreasonable

the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreements with known legal duties imposed by the tax laws." *Cheek,* 498 U.S. at 203-04; *United States v. Kellar*, 394 Fed. Appx. 158 (5th Cir. 2010).

The evidence in this case will show the Defendants did not possess a good faith subjective belief based upon a misunderstanding of the tax law. Rather the Defendants repeatedly defied the tax laws despite being told by the IRS and other authorities that their position was frivolous. The Defendants' adoption of the "lawful money" theory was simply the latest chapter in their ongoing efforts to cheat the United States.

While the Defendants are not permitted to argue that the tax code is unconstitutional, the Government is permitted to introduce into evidence that their claimed good faith belief defense is actually a disagreement with the law based on constitutional or philosophical beliefs rather than a misunderstanding of the law.

## CONCLUSION

For the reasons stated above, the Government requests that the Court reconsider its order granting Defendant Green's motion *in limine* seeking to redact the Government's exhibits to remove Defendants' statements on the constitutional validity of the tax laws.

       Respectfully Submitted,

       ERIN NEALY COX
       UNITED STATES ATTORNEY

       */s/ Mara A. Strier*
By:  ROBERT A. KEMINS
       Massachusetts Bar No. 267330
       Trial Attorney
       U.S. Dept. of Justice, Tax Division
       717 N. Harwood, Ste. # 400
       Dallas, TX 75201
       (214) 880-9781
       Robert.A.Kemins@usdoj.gov

       MARA A. STRIER
       Florida Bar No. 644234
       Trial Attorney
       U.S. Dept. of Justice, Tax Division
       150 M Street, NE
       Mail Stop: 1.1505
       Washington, DC 20002
       (202) 514-5886
       Mara.A.Strier@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 27, 2019, the foregoing document was filed using ECF, which will notify all counsel of record.

       */s/ Mara Strier*
       Mara Strier
       Trial Attorney
       Tax Division, United States Department of Justice