UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3-18-CR-356-S |
| THOMAS D. SELGAS (1) | |
| MICHELLE L. SELGAS (2) | |
| JOHN O. GREEN (3) | |

GOVERNMENT'S RESPONSE TO DEFENDANT JOHN GREEN'S MOTION FOR A
LIMITING INSTRUCTION

The United States of America, by and through its undersigned attorneys, hereby provides

this response to defendant John Green's motion for a limiting instruction[1].

## I.    PROCEDURAL HISTORY

On July 18, 2018, a federal grand jury returned an indictment against Thomas Selgas,

Michelle Selgas and John Green ("defendant Green") charging them, *inter alia*, with one count

of violating 18 U.S.C. § 371, Conspiracy to Defraud the United States. Specifically the

indictment charges that the defendants (in the conspiracy count):

> did unlawfully, voluntarily, intentionally, and knowingly conspire, combine,
> confederate, and agree together and with each other and with other individuals
> both known and unknown to the Grand Jury to defraud the United States for the
> purpose of impeding, impairing, obstructing, and defeating the lawful
> Government functions of the IRS in the ascertainment, computation, assessment,
> and collection of the revenue: to wit, the SELGASES' federal income taxes.

In his most recent filing, defendant Green seeks a limiting instruction that directs the jury

not to consider certain testimony and evidence against him. While defendant Green states he has

not heard the testimony and is unsure how the government will use each exhibit, he anticipates

---

[1] Dkt. 130

requesting a limiting instruction to approximately 98 separate Government exhibits. Because the majority of the 98 identified exhibits are probative evidence of the conspiracy, the Government objects to the breadth of the defendant Green's request.

## II.    **APPLICABLE LAW**

To establish a violation pursuant to § 371, the Government must prove: (1) that two or more persons agreed to defraud the United States; (2) that at some point during the existence of the conspiracy or agreement, one of the members of the conspiracy knowingly performed one of the overt acts charged in the indictment in order to accomplish the object or purpose of the agreement; and (3) that the defendant had the intent to defraud the United States. *See United States v. Yamin*, 868 F.2d 130, 133 (5th Cir. 1989).

Furthermore, the Fifth Circuit Pattern Jury Instruction (2015) 2.15B states in part:

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

The essence of the crime of conspiracy is the agreement. *United States v. Falcone*, 311 U.S. 205, 210 (1940); *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975). To establish a defendant's membership in a conspiracy, the government must prove that the defendant knew of the conspiracy and intended to join it with the purpose of accomplishing the object of the conspiracy. *United States v. Yanin*, 868 F.2d at 133.

Notably, for the purposes of proving that a conspiracy exists, the overt acts of one co-conspirator may be imputed to all of the coconspirators. *United States v. Falcone*, 311U.S. at 210 (1940); *see also United States v. Enstam*, 622 F.2d 857, 867 (5th Cir.1980) (only necessary for one coconspirator to commit overt act); *United States v. Veltre*, 591 F.2d 347, 350 (5th Cir.1979) (once conspiracy shown, proof of single overt act done in furtherance of conspiracy establishes the guilt of each member). The United States Supreme Court has pointed out that "[t]he function of the overt act in a conspiracy prosecution is simply to manifest that the conspiracy is at work and is neither a project still resting solely in the minds of the conspirators nor a fully completed operation no longer in existence." *Yates v. United States*, 354 U.S. 298, 334, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957). Since the reason for requiring proof of an overt act is to demonstrate that the conspiracy is operative, the overt act may be lawful or unlawful conduct. *United States v. Miller*, 491 F.2d 638, 644 (5th Cir.1974).

A conspirator is responsible for offenses committed by a co-conspirator if the conspirator was a member of the conspiracy when the coconspirator committed the offense and the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy. *Pinkerton v. United States*, 328 U.S. 640, 645-47 (1946). The government is not required to prove that each defendant specifically agreed to commit the offense or knew that the offense would be committed. *United States v. Tilton*, 610 F.2d 302, 309 (5th Cir. 1980). It is sufficient if the government establishes that the offense was in furtherance of the conspiracy or was reasonably foreseen as a necessary or natural consequence of the unlawful agreement.

## III.   ARGUMENT

While the Government may agree to a limiting instruction for a specific document if that document is not relevant to the conspiracy, the exhibits listed in defendant Green's motion paint

with too broad a brush. Indeed, the majority of the listed exhibits are highly probative to the charged conspiracy.

The Government alleges (and will have to prove) that defendant Green entered into an agreement with Thomas and Michelle Selgas to impair and impede the IRS in the collection, assessment and ascertainment of the Selgases' income taxes. At the heart of the Government's case are the tax debts of Thomas and Michelle Selgas and the defendants' attempts to frustrate IRS collection of those debts. Once the Government proves an agreement to defraud, all overt acts in furtherance of the conspiracy apply to defendant Green whether he participated in them or not.

The majority of the 98 exhibits identified by defendant Green in his motion will be introduced by the Government to prove intent, agreement or an overt act by one or more conspirator. Indeed, many of the Government's exhibits identified by defendant Green are, in fact, evidence of a tax debt by Thomas and Michelle Selgas. Other exhibits are evidence of overt acts committed by one or more of the conspirators, including evidence proving the defendants sought to frustrate IRS collection efforts. Lastly, some of the listed exhibits evidence defendant Green's own involvement and agreement in the conspiracy. Accordingly, since the majority of the identified exhibits are evidence of a conspiracy, a limiting instruction would not be appropriate.

## <u>CONCLUSION</u>

The government respectfully requests the court take cognizance of this response to defendant John Green's motion for a limiting instruction.

Respectfully Submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ Robert A. Kemins*

By:   ROBERT A. KEMINS
Massachusetts Bar No. 267330
Trial Attorney
U.S. Dept. of Justice, Tax Division
717 N. Harwood, Ste. # 400
Dallas, TX 75201
(214) 880-9781
Robert.A.Kemins@usdoj.gov

MARA A. STRIER
Florida Bar No. 644234
Trial Attorney
U.S. Dept. of Justice, Tax Division
150 M Street, NE
Mail Stop: 1.1505
Washington, DC 20002
(202) 514-5886
Mara.A.Strier@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 2, 2020, the foregoing document was filed using ECF, which will notify all counsel of record.

*/s/ Robert A. Kemins*
Robert A. Kemins
Trial Attorney
Tax Division, United States Department of Justice