## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case 3-18-cr-356-S |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| THOMAS D. SELGAS (1) | § | |
| MICHELLE L. SELGAS (2) | § | |
| JOHN GREEN (3) | § | |

### DEFENDANT GREEN'S OPPOSITION TO GOVERNMENT'S BRIEF REGARDING THE ADMISSION OF GOVERNMENT EXHIBIT 68

TO THE HONORABLE COURT:

COMES NOW, DEFENDANT JOHN GREEN ("Green"), by and through undersigned counsel, Michael Louis Minns and Ashley Blair Arnett, and respectfully requests that this Court DENY the Government's purported motion seeking "the Admission of Government Exhibit 68" that it filed on January 7, 2020.  The Government seeks to introduce a motion filed by the government in unrelated civil litigation.

The Government has been ordered to justify admission of any evidence that references the United States Constitution.  The Government's position is that Government Exhibit 68 is offered "as proof that the Defendants merely had a disagreement with the tax laws." (Gov't Br., 4.)  Here, the Government has failed to make the required showing that the proffer is admissible and if admissible, however unlikely, the value of this civil motion outweighs the prejudice that it would cause to Green, such that the Court should refuse to allow Government Exhibit 68.

**ARGUMENT**

**I.    TO ADMIT GOVERNMENT EXHIBIT 68 WOULD BE TO DISREGARD *CHEEK*.**

The Court has correctly analyzed the discussion in *United States v. Cheek*, 498 U.S. 192 (1991), and the fact that there is only one published case that actually has some bearing on the Government's position.  That single case is *United States v. Bonneau*, 970 F.2d 929 (1st Cir. 1992).[1] The distinctions between the present case and *Bonneau* are greater than the similarities.  And the management problems of complying with *Cheek* in the present case, as in all such cases, tremendous.

What the Government fails to mention is that in *Bonneau* wanted to use evidence of his constitutional beliefs, and the government filed the motion to keep it out.  The *Bonneau* court held:

> We agree with Bonneau that in principle *Cheek* does not require that every constitutional reference be omitted or deleted in a tax evasion case; such evidence may indeed be relevant for some purpose other than to show that the defendant thought that the tax laws were unconstitutional. Still, trial judges have ample latitude under Fed. R. Evid. 403 to weigh the importance of the evidence against the risk of jury confusion, and confusion is a risk where, as here, the most obvious use of such constitutional references is forbidden by *Cheek*.  In this case, the trial judge … imposed only reasonable redactions and did not unfairly handicap the defense.

*Id.* at 932.  The defense has been unable to find a single case in which it was not a rejected proffer from a defendant, but the government.  In *Bonneau*, the trial court properly excluded as irrelevant evidence regarding the defendant's views on constitutionality of tax laws in prosecution for attempted tax evasion.  The court then cautiously allowed focused cross examination after Bonneau improperly argued on direct, a constitutional argument.

If Selgas or Green were to take the stand and testify that he believed the Selgases were not required to pay taxes because of the U.S. Constitution, then under *Bonneau*[1] the door is open.

---

[1] *Bonneau* is First Circuit law and has not been adopted by the Fifth Circuit.

Should this door be opened—and it cannot be opened unless or until a defendant takes the stand and opens it on direct testimony—the proper procedure would be an objection, and an instruction by the Court to disregard. Otherwise, *Bonneau* stands for the rule that such evidence is impermissible under *Cheek*.

By accepting the Government's proffer, this Court would be going further than the *Bonneau* court considered. And doing one more thing: contravening *Cheek*, which took these constitutional arguments out of the jury's province.[2]

When the *Cheek* decision first arrived on the scene, two circuit court opinions immediately came out interpreting the extent of the evidence to come in. (Both are cited in *Bonneau*.) The more conservative of the two cases was a two-to-one decision—*United States v. Willie*, 941 F.2d 1384 (10th Cir. 1991), in which the court held evidence could be restricted more tightly (the dissenter did not). The other case, *United States v. Powell*, 955 F.2d 1206 (9th Cir. 1991), was a unanimous decision for a more liberal interpretation of evidence production. *Powell* was submitted and argued before *Cheek* came out. When *Cheek* came out, the Ninth Circuit ordered the parties to take *Cheek* into consideration in briefing.[3]

This Court has many options. Open a door not breached for more than 20 years in the Fifth Circuit and make this more confusing. Or, in the event the *Bonneau* door is opened either strike the irrelevant testimony or allow a very long trial, with additional cross and re-direct, and then appeal to see if the Fifth Circuit adopts *Bonneau*.

The Government in the instant case, however, argues that based on prior documents in a different case, it should be allowed to proffer those documents in full, with the constitutional

---

[2] *Cheek* allows only arguments dealing specifically with statutory interpretation.
[3] Undersigned counsel argued *Powell* in the Ninth Circuit, and consulted with the public defender in *Willie*.

arguments even before any Defendant testifies.  In other words, it wants this Court to adopt the First Circuit case, and expand on it without authority to say an opened door isn't necessary.

In *Bonneau*, the defendant was punished by his direct testimonial argument that he did not have to pay taxes because of the Constitution.  The court ruled his testimony opened the door.  But the Court also then gave him wide latitude on re-direct since his constitutional arguments had originally been precluded on the Government's motion.  Now, in this case, the Government asks for freedom to unlock the door without testimony.  If Selgas testifies and claims he is constitutionally protected, he will come up against an objection likely by both Codefendants.[4]  When or if that happens, if the Court accepts the Government's request to insert itself into the Fifth Circuit's shoes and creates new law on this issue; a very long trial on irrelevant issues will result.

And the effort is unnecessary.  There are myriad of very unlikely arguments made based on statutes that it can argue in this case.  If Selgas or Green in direct examination states that the coin issue is based on his constitutional beliefs, the Court may decide the door is open, if we adopt *Bonneau*.  If it is based on case law, and/or statutory interpretations, the door has not been opened.

But there is no reason to open this Pandora's box anyway.  The issues are very clear.  Did the Selgases owe a tax?  Did they know they owed a tax?  Did they intentionally willfully fail to pay an owed tax?  And, if all of that is true, did they then conspire with Green to hide the money?

The Government has argued two conspiracy theories:  (1) A defective 1065X authored by Don Gary, and (2) The trust fund. Both are fundamentally wrong, based on flawed factual interpretations.

---

[4] Green does not believe the statutes are unconstitutional, and will not testify to that effect.

The Government's opening argument was unburdened by objections to 90% of its exhibits because the defense agreed to them as long as the constitutional issues were kept out.  On the other hand, the defense got no agreements on any of its substantive exhibits.  The Court simply ruled that the jury couldn't see evidence that had not yet been admitted.  It created an unfair imbalance in opening.  Many concessions by the defendants.  None by the Government.  Now the Government seeks to bootstrap that into a refusal to admit all of the documents that Green has relied on over the years, for much of the period of time, and that he acted on.  A two-way street?  The Government simply does not want to try this case based on the law and the actual facts.

## II.   GOVERNMENT EXHIBIT 68, BECAUSE IT CONSTITUTES LEGAL ARGUMENT, CANNOT BE ADMITTED AS EVIDENCE.

The Government's filing in a separate, civil case does not and cannot constitute evidence in this case.  *See, e.g.*, *Guillen v. Holder*, 397 F. App'x 30, 32 (5th Cir. 2010) (counsel's statements in motion and briefs are not evidence); *Olivier v. Baca*, 913 F.3d 852 (9th Cir. 2019) (legal memoranda are not evidence); *Rossin v. S. Union Gas Co.*, 472 F.2d 707, 712 (10th Cir. 1973) ("argument by brief is not evidence").  *See also Prescott v. Higgins*, 538 F.3d 32 (1st Cir. 2008) (the district court is not required to take notice of submissions in another case).

If the Government wants to make the arguments it made in Government Exhibit 68, it is free to make those arguments in the appropriate way--by brief or argument in the present case.  If it were to do so, it would have to comply with the Court's prior ruling that mentions of the U.S. Constitution are prohibited.  The Court should reject outright the absurd suggestion that counsel's briefing in an unrelated case can constitute evidence.

## III.   GOVERNMENT EXHIBIT 68 IS HEARSAY.

Finally, the Court must deny admission of Government Exhibit 68 because it is hearsay and a violation of Green's Confrontation Clause rights--a witness' out-of-court testimonial

statements offered for their truth, where Green did not have an opportunity to cross-examine the witness.  *United States v. Kizzee*, 877 F.3d 650 (5th Cir. 2017) (trial court's error in admitting hearsay statements was not harmless).

## CONCLUSION

For the foregoing reasons, Green respectfully requests that the Court exclude Government Exhibit 68.

Respectfully submitted on January 8, 2020.

MINNS & ARNETT

*/s/ Michael Louis Minns*
Michael Louis Minns
State Bar No. 14184300
mike@minnslaw.com

Ashley Blair Arnett
State Bar No. 24064833
ashley@minnslaw.com

9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453

*Attorneys for John Green*

## CERTIFICATE OF SERVICE

This is to certify that on this the 8 day of January 2020, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

*/s/ Ashley Blair Arnett*
Ashley Blair Arnett
***Attorney for Defendant, John Green***