UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case 3-18-cr-356-S |
| | § | |
| v. | § | |
| | § | |
| THOMAS D. SELGAS (1) | § | |
| MICHELLE L. SELGAS (2) | § | |
| JOHN GREEN (3) | § | |

**DEFENDANT GREEN'S MOTION TO COMPEL TESTIMONY OF WITNESS**

TO THE HONORABLE COURT:

COMES NOW, DEFENDANT JOHN GREEN ("Green"), by and through undersigned counsel, Michael Louis Minns and Ashley Blair Arnett, and respectfully requests that this Court find that prospective witness Don Gary ("Gary") has waived his Fifth Amendment right against self-incrimination such that he must be compelled to testify.

**FACTS**

Gary, a former CPA and current tax lawyer, met with the Government on at least three occasions, providing information relevant to the present case. (*See* MOI interviews, attached as Exhibit A.) Gary had researched various legal theories, and ultimately prepared the Amended Form 1065 the IRS has claimed is an overt act in the conspiracy count against Defendants. It is unknown whether Gary was one of the alleged "unknown" or "known" unindicted co-conspirators, but it is reasonable to assume that he is. At each of the meetings with the Government, Gary was represented by counsel who accompanied him to the meetings. During these meetings, Gary gave a proffer. He did not assert the Fifth Amendment at any of those meetings.

2

Gary was properly served with a subpoena, but has, through counsel, stated that when he appears at trial he will invoke the Fifth Amendment. Green was formally served at the courthouse on January 8, 2020 with Gary's written intent to take the Fifth. (*See* Ex. B.)

**ARGUMENT**

**THE WITNESS MUST TESTIFY.**

I. **THE WITNESS HAS WAIVED HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION.**

The Court should order that Gary be compelled to testify in Green's trial and may not remain silent in invocation of his Fifth Amendment right against self-incrimination. Gary has waived his Fifth Amendment privilege due to multiple meetings with Government officials, where he proffered testimonial evidence and did not assert the Fifth Amendment. He has no Fifth Amendment right not to testify to the same facts that he has already given the Government.

Although a witness has the right under the Fifth Amendment to remain silent rather than make a statement that will be incriminating,[1] a witness may be found to have waived that Fifth Amendment right based on his or her actions under all the circumstances. *United States v. Goodwin*, 470 F.2d 893, 902 (5th Cir. 1972) (question whether individual knowingly and voluntarily waived his or her Fifth Amendment rights is based on an evaluation of entire context in which the person spoke). *See United States v. Oliver*, 630 F.3d 397, 409–10 (5th Cir. 2011)

---

[1] Of course, a witness may only plead the Fifth Amendment privilege to "protect[] against real dangers, not remote and speculative possibilities." *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472, 478 (1972). An individual seeking to invoke the Fifth Amendment privilege against self-incrimination bears a heavy burden of establishing that (1) the subject of the questioning will raise "real danger" that he or she might be compelled to disclose incriminating information; and (2) the individual legitimately has a "real and substantial" fear that his or her prosecution is likely to follow. *In re Nigro*, 555 F. Supp. 65, 67 (D. Colo.) (quoting *United States v. Yanagita*, 552 F.2d 940, 946 (2d Cir. 1977), *aff'd sub nom. In re Grand Jury Proceeding 82-2*, 705 F.2d 1224 (10th Cir. 1982).

(holding witness voluntarily waived Fifth Amendment privilege notwithstanding refusal to sign written waiver); *Sweeney v. Carter*, 361 F.3d 327, 331 (7th Cir. 2004) (waiver may be inferred from individual's understanding of his or her rights, along with conduct demonstrating a desire to waive those rights). In *Sweeney*, such conduct included the facts that the defendant was accompanied by counsel at meetings with the government; he discussed use immunity with counsel; and he attended the final meeting with government authorities pursuant to agreement and for the purpose of making statements. *Id.*, 361 F.3d at 331.

These circumstances can include the witness' prior statement: by the fact of the witness willingly, knowingly and voluntarily providing the testimony the court can infer a waiver. *Klein v. Harris*, 667 F.2d 274 (2d Cir. 1981) (a waiver may be inferred from witness' prior testimony). "A witness who fails to invoke the Fifth Amendment against questions as to which he could have claimed it is deemed to have waived his privilege respecting all questions on the same subject matter." *United States v. O'Henry's Film Works, Inc.*, 598 F.2d 313, 317 (2d Cir. 1979). *See Mitchell v. United States,* 526 U.S. 314, 321 (1999) ("It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details."). *Accord Rogers v. United States*, 340 U.S. 367, 373 (1951). *See United States v. Basciano*, 430 F. Supp. 2d 87, 94 (E.D.N.Y. 2006) (witness' privilege waiver may be inferred from his or her course of conduct or prior statements on the subject matter), *adhered to*, No. 03-CR-929, 2006 WL 1027154 (E.D.N.Y. Apr. 19, 2006).

For instance, a witness who gives self-incriminating testimonial evidence to a grand jury regarding an alleged criminal scheme may not later refuse to testify as to the details of that evidence if under the circumstances he or she knew of the right to remain silent but nevertheless chose to testify, even if the prosecutor indicated the witness was not a target of the investigation.

*United States v. Trinh*, 638 F. Supp. 2d 143 (D. Mass. 2009). While there are contrary views as to how such a waiver comes about, "[t]he great weight of authority in this country [is] that a witness who discloses a fact or transaction without invoking his privilege against self-incrimination, thereby waives that privilege with respect to the details and particulars of such fact and transaction." *Sears, Roebuck & Co. v. Am. Plumbing & Supply Co. of Green Bay*, 19 F.R.D. 329, 332 (E.D. Wis. 1954). *Accord United States v. Seiffert*, 357 F. Supp. 801, 808 (S.D. Tex. 1973) (Fifth Amendment privilege against compulsory self-incrimination applies to bankrupt, but if bankrupt person voluntarily provides documents without claim of constitutional privilege, it can be concluded the person has effectively waived privilege), *aff'd*, 501 F.2d 974 (5th Cir. 1974). Thus, under circumstances similar to those in the present case, the courts have found waiver of the privilege. In *United States v. Baljit*, 207 F. Supp. 2d 118 (S.D.N.Y. 2002), there was no evidence that the witness was in custody when he met with government representatives at proffer sessions, and there was no evidence that he was compelled to attend the meetings, or made statements against his will. *Id.* at 120–21. The *Baljit* court concluded that the witness waived his Fifth Amendment privilege against self-incrimination when he voluntarily made statements in these non-custodial meetings with the government. *Id.* at 121. *See also United States v. Adejumo*, 772 F.3d 513 (8th Cir. 2014) (admission of statements defendant made during proffer session with government did not violate his Fifth Amendment right against self-incrimination); *United States v. Dortch*, 5 F.3d 1056, 1069 (7th Cir. 1993) (decision to waive rights demonstrated by fact that both witness and his attorney initialed proffer letter provisions).

Likewise, here, Gary proffered information to the Government in at least three meetings with officials. These statements are exculpatory for Green. That Gary has waived any Fifth Amendment privilege that might attach to this information is evident from the totality of the

circumstances and the context in which the privilege was waived: Gary, accompanied by counsel, proffered testimony to the Government under circumstances that should lead the Court to conclude Gary waived any privilege against self-incrimination. He may not proffer statements that indicate a privilege waiver and then refuse to provide details on the stand. The Court should compel testimony, finding that Gary's Fifth Amendment right against self-incrimination was waived.

## II. ALTERNATIVELY, THE COURT SHOULD ORDER TRANSACTIONAL OR USE IMMUNITY AGAINST THE USE OF GARY'S TESTIMONY.

The Government has critical, exculpatory information from Gary, and should be willing to offer Gary immunity. In case the Court does not agree that Gary has waived his Fifth Amendment privilege—or, in the alternative, has no such privilege since the statute of limitations has clearly run—Green requests that this Court order transactional immunity against the use of any of Gary's testimony in this case, or in the alternative, complete immunity.[2]

If the Court finds that Gary has not waived his Fifth Amendment privilege to refuse to testify on the basis that the information he provides on the stand might be incriminating, the Court should in the alternative require the Government to provide Gary transactional or use immunity.

## CONCLUSION

For the foregoing reasons, Green respectfully requests that the Court compel Gary's testimony.

Respectfully submitted on January 9th 2020.

MINNS & ARNETT

---

[2] Transactional immunity is essentially an agreement by the government not to prosecute. *United States v. Jimenez*, 256 F.3d 330, 347 (5th Cir. 2001). "Under a grant of use immunity, the government is prohibited from using information provided by the defendant in any criminal case." *United States v. Cantu*, 185 F.3d 298, 301 (5th Cir. 1999).

>*/s/ Michael Louis Minns*
>Michael Louis Minns
>State Bar No. 14184300
>mike@minnslaw.com
>
>Ashley Blair Arnett
>State Bar No. 24064833
>ashley@minnslaw.com
>
>9119 S. Gessner, Suite 1
>Houston, Texas 77074
>Telephone: (713) 777-0772
>Telecopy: (713) 777-0453
>
>***Attorneys for John Green***

### **CERTIFICATE OF CONFERENCE**

The Government is opposed to the Motion. Undersigned requested immunity for Don Gary and the Government refused to give it.

>*/s/ Michael Louis Minns*
>Michael Louis Minns
>***Attorney for Defendant, John Green***

### **CERTIFICATE OF SERVICE**

This is to certify that on this the 9th day of January 2020, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

>*/s/ Ashley Blair Arnett*
>Ashley Blair Arnett
>***Attorney for Defendant, John Green***

2