THE UNITED STATES ATTORNEY'S OFFICE for the
NORTHERN DISTRICT of TEXAS

STEPHEN P. FAHEY, *Assistant United States Attorney*

1100 Commerce Street, 3rd Floor
Dallas, Texas 75242

*Telephone:* 214.659.8718
*Facsimile:* 214.659.8807

## PROFFER AGREEMENT

November 5, 2013

Michael A. Villa, Jr.
Meadows, Collier, Reed, Cousins, Crouch & Ungerman, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

Dear Mike:

We have agreed that your client, Donald Gary, will meet with federal law enforcement agents for the purpose of disclosing information that may be of use to us. This Proffer Agreement sets forth the terms under which the United States Attorney's Office for the Northern District of Texas (this "Office") will proceed in such a meeting, which has been scheduled for **November 6, 2013, at 10 a.m**. at the U.S. Attorney's Office in Dallas:

1. This agreement covers all statements and information provided by your client or you at the proffer meeting. The term "information," as used in this letter, includes, but is not limited to, all statements, records, documents, computer media, and other electronic data provided by your client, or you, at the proffer meeting.

2. Your client must tell the truth, and must not withhold any material information. He must not seek to minimize his own or anyone else's criminal activity. Further, he must not seek to implicate anyone falsely in criminal activity, nor seek to overstate or magnify anyone else's criminal activity.

3. This Office agrees it will not use information provided by you or your client at the proffer meeting in its case-in-chief during a federal criminal trial of your client, except that this Office may prosecute your client for false statements under oath (18 U.S.C. § 1623) or for false statements in a matter within federal jurisdiction (18 U.S.C. § 1001) for false statements or material omissions made during the proffer, or for statements or omissions outside the proffer that are inconsistent with your client's proffer. This helps to ensure that your client tells the truth and does not abuse the proffer opportunity.

Page 1 of 3

Client Initials: ___

4. In the event that your client is convicted for any offense(s), pursuant to USSG § 1B1.8, no self-incriminating information given by your client will be used to enhance the Offense Level against your client except as provided in that Sentencing Guidelines provision. This Office may, however, use any statements made or information provided by your client to rebut evidence or arguments at sentencing that are materially different from any statements made or other information provided by your client during the proffer meeting. Notwithstanding this, this Office may be required by the Court to disclose to United States Probation, which conducts pre-sentence investigations and reports, all statements made by your client.

5. Except as provided in paragraphs 3 and 4, this Office may use the information provided during the proffer meeting for any purpose, including, but not limited to, federal grand jury proceedings, applications for complaints, arrest warrants, search warrants, applications for electronic and wire interceptions under 18 U.S.C. §§ 2510-2522, at any pre-trial hearing, including bail and detention hearings, on appeal, and in any civil case, including forfeiture and cases under 28 U.S.C. § 2255.

6. This Office may make derivative use of, and may follow investigative leads suggested by, information provided at the proffer meeting. Your client agrees that such derivative use is proper and waives any right to challenge such use, including any right to require the Office to demonstrate, under *Kastigar v. United States*, 406 U.S. 441 (1972), that its case against your client is untainted by information provided during the meeting.

7. If at any stage of any trial or other proceeding, your client or anyone on his behalf offers or elicits evidence, assertions, representations, or arguments that are inconsistent with information supplied by you or your client during the proffer meeting, this Office may use proffer information to rebut or refute the inconsistent information through impeachment, cross-examination, introduction of the proffer information as evidence, and/or through argument.

8. This letter is not an immunity agreement, a plea agreement, or a cooperation agreement of any kind, nor is it a precursor to, or part of, such an agreement. Your client agrees that Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) do not govern information provided at the proffer meeting and waives any argument to the contrary.

9. This agreement applies to the meeting referred to in this agreement, and to all future proffer meetings. In the event your client signs a plea agreement, this proffer agreement will terminate. No understandings, promises, or agreements have been entered into between the parties other than those contained in this agreement, and none will be entered into except by writing signed by all the parties.

10. This agreement applies only to non-violent criminal activity. If your client was involved in violent criminal activity, then you and your client should not sign this agreement because the government may decide to use information related to violent crime provided by your client directly against him.

If these terms are acceptable to your client, please have your client sign and date this agreement where indicated below, and initial each page of this agreement in the space indicated. You should also sign this agreement as indicated below. Return the original agreement to me once it is fully signed.

Sincerely,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY


Stephen P. Fahey
Assistant United States Attorney

### CERTIFICATION

I have read this Proffer Agreement, and my attorney has explained it to me. I understand this agreement and the rights I waive. I agree to its terms voluntarily and not under any threat or coercion. No one has made any promises or agreements with me except those contained in this agreement.

_____          11/5/13
Donald Gary                        Date

I have read this Proffer Agreement and explained it to my client. My client understands this agreement and is voluntarily entering into this agreement. In particular, my client understands the possible uses of my client's proffer statements against him at trial, whether to rebut my client's own testimony, that of others, or arguments made on my client's behalf.

_____          11/5/13
Michael A. Villa, Jr.              Date

Page 3 of 3
Client Initials: _____