UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS D. SELGAS (1)<br>MICHELLE L. SELGAS (2)<br>JOHN O. GREEN (3) | CRIMINAL NO. 3-18-CR-356-S |

GOVERNMENT'S ADDITIONAL SUPPORT FOR A PROPOSED JURY INSTRUCTION

The United States of America, by and through its undersigned attorneys, supplies the court with this submission.

## I. BACKGROUND

On January 10, 2020, the government filed a proposed jury instruction to clarify that an assessment is not required in a Tax Evasion (payment) case[1].

The government requested the court instruct the jury as follows: "The law does not require an assessment or demand for payment before a tax deficiency arises. Therefore, in order to prove that defendants attempted to evade the payment of a tax, it is not necessary to prove that the IRS formally assessed, or determined, the amount of tax due and owing."

## II. DISCUSSION

The case support for the requested instruction was utilized by this court to deny defendants Michelle Selgas and John Green's Motion to Dismiss [ECF No. 111] and Joint Motion to Dismiss Based on Statute of Limitations [ECF No. 116][2].

---

[1] ECF No.159
[2] ECF No. 131

Specifically this court held: "A "formal assessment" of a tax is not required to sustain a conviction for a conspiracy under 18 U.S.C. § 371, see *United States v. Tinghui Xie*, 942 F.3d 228, 240 (5th Cir. 2019) (citations omitted) (setting forth the elements of a conspiracy charge), or for tax evasion under 26 U.S.C. § 7201, *see United States v. Nolen*, 472 F.3d 362, 377 (5th Cir. 2006) (quoting *United States v. Hogan*, 861 F.2d 312, 315 (lst Cir. 1988))."

While the government's proposed instruction is not a pattern jury instruction, the government's proposed instruction does mirror a pattern jury instruction of the United States Court of Appeals for the Seventh Circuit. That instruction states the following: "If the defendant has incurred a tax liability, then it exists from the date the return is due. The government need not prove that there was an administrative assessment of tax or that the defendant received a tax assessment[3]."

A court's instruction to a jury should be a correct statement of the law. It also should clearly instruct jurors as to the principles of the law applicable to the factual issues confronting them. *United States v. Brooks*, 681 F.3d 678 (5th Cir. 2012). The Fifth Circuit in *United States v. Davis*, 609 F.3d 663 (5th Cir. 2010) in discussing whether it was error for a trial court to refuse a defense instruction stated, "A refusal to give a requested instruction constitutes reversible error only if the proposed instruction (1) is substantially correct, (2) is not substantively covered in the jury charge, and (3) pertains to an important issue in the trial, such that failure to give it seriously impairs the presentation of an effective defense." The government's requested instruction is a correct statement of the law, it is not substantially covered in the court's draft jury charge, and it pertains to an important issue in the trial.

---

[3] PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT (2012 Ed.) (plus 2015-2017 and 2018 changes).

In the instant case, counsel for the defendants extensively cross-examined all the government's witnesses from the Internal Revenue Service. Many of the questions revolved around whether there were valid tax assessments against Thomas and Michelle Selgas and whether notices were sent to the defendants. While whether the defendants received notice from the IRS is an issue for the jury to decide without specific instruction, the necessity of an assessment is a matter of law the court needs to instruct the jury about. The proposed government instruction properly states the law and addresses a factual issue facing the jury.

### III.     CONCLUSION

For the foregoing reasons the government requests the court take this submission into account in evaluating the government's proposed jury instruction regarding the necessity of a formal tax assessment.

                    Respectfully Submitted,

                    ERIN NEALY COX
                    UNITED STATES ATTORNEY

                    */s/ Robert A. Kemins*
By:   ROBERT A. KEMINS
       Massachusetts Bar No. 267330
       Trial Attorney
       U.S. Dept. of Justice, Tax Division
       717 N. Harwood, Ste. # 400
       Dallas, TX 75201
       (214) 880-9781
       Robert.A.Kemins@usdoj.gov

       MARA A. STRIER
       Florida Bar No. 644234
       Trial Attorney
       U.S. Dept. of Justice, Tax Division
       150 M Street, NE
       Mail Stop: 1.1505
       Washington, DC 20002
       (202) 514-5886
       Mara.A.Strier@usdoj.gov

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on January 13, 2019, the foregoing document was filed using ECF, which will notify all counsel of record.

                                      */s/ Robert A. Kemins*
                                      Robert A. Kemins
                                      Trial Attorney
                                      Tax Division, United States Department of Justice