ORIGINAL

# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIM. ACTION NO. 3:18-CR-356-S |
| | § | |
| THOMAS SELGAS | § | |
| JOHN GREEN | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The Indictment or formal charge against a defendant is not evidence of guilt. Indeed, the Defendants are presumed by the law to be innocent. The Defendants begin with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatsoever may be drawn from the election of a defendant not to testify.

The Government has the burden of proving the Defendants guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the Defendants. While the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendants' guilt be proved beyond

all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendants' guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the Defendants beyond a reasonable doubt before you can find them guilty.

I remind you that it is your job to decide whether the Government has proved the guilt of the Defendants beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses, including any defendant who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the Government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of any defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Where a defendant has offered evidence of good general reputation or opinion testimony concerning: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

During the trial you heard the testimony of expert witnesses. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining

a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

You are here to decide whether the Government has proved beyond a reasonable doubt that the Defendants are guilty of the crimes charged. The Defendants are not on trial for any act, conduct, or offense not alleged in the Indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

A separate crime is charged against one or more of the Defendants in each count of the Indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each Defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other Defendant. You must give separate consideration to the evidence as to each Defendant.

You have heard evidence of acts of the Defendants which may be similar to those charged in the Indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendants committed the acts charged in the Indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendants did commit the acts charged in the Indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the Defendants had the state of mind or intent necessary to commit the crime charged in the Indictment;

**or**

Whether the Defendants had a motive or the opportunity to commit the acts charged in the Indictment;

**or**

Whether the Defendants acted according to a plan or in preparation for commission of a crime;

**or**

Whether the Defendants committed the acts for which they are on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve.

The charges against Michelle Selgas have been removed from your consideration and are no longer before you for decision.

Do not concern yourself with this development and do not speculate about it.

The removal of this portion of the case must not influence your consideration of those portions of the case which you must decide.

## Count One:
## Conspiracy to Defraud the United States
## (Violation of 18 U.S.C. § 371)

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to defraud the United States or any agency thereof in any manner or for any purpose.

The Defendants are charged with conspiring to defraud the United States by impeding, impairing, obstructing, or defeating the lawful function of the Internal Revenue Service in the ascertainment, compilation, assessment, or collection of income taxes.

The word "defraud" here is not limited to its ordinary meaning of cheating the Government out of money or property; it also includes impairing, obstructing, defeating, or interfering with the lawful function of the Government or one of its agencies by dishonest means.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime," in which each member becomes the agent of every other member.

For you to find the Defendants guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*: That a defendant and at least one other person made an agreement to defraud the Government or one of its agencies, as charged in the Indictment;

*Second*: That a defendant knew that the purpose of the agreement was to defraud the Government and joined in it willfully, that is, with the intent to defraud; and

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. In determining whether a particular defendant was a member of the conspiracy, you should consider only his acts and statements. If a defendant understands the unlawful nature of a plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the Indictment were actually agreed upon or carried out. Nor must it prove that all the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

In order to sustain its burden of proof under Count One of the Indictment, the Government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act in the Northern District of Texas and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goals of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.

Although you must unanimously agree that the same overt act was committed, the Government is not required to prove more than one of the overt acts charged.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

For you to find a defendant guilty of the conspiracy under Count One, you must find that a member of the conspiracy of which the defendant was a member, performed at least one overt act on or after July 18, 2012. If you find that all of the overt acts were made before July 18, 2012, you must find that defendant not guilty of Count One.

6

## Count Two:
## Tax Evasion
## (Violation of 26 U.S.C. § 7201)

Title 26, United States Code, Section 7201, makes it a crime for anyone willfully to attempt to evade or defeat the payment of any federal income tax.

For you to find Thomas Selgas guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*: That there exists a substantial tax deficiency owed by Thomas Selgas to the Internal Revenue Service, as charged;

*Second*: That Thomas Selgas committed at least one affirmative act to evade or defeat assessment or payment of the income taxes owed. An affirmative act includes any conduct the likely effect of which would be to mislead or conceal; and

*Third*: That Thomas Selgas acted willfully, that is, the law imposed a duty on Thomas Selgas, Thomas Selgas knew of that duty, and Thomas Selgas voluntarily and intentionally violated that duty.

In order to prove that Thomas Selgas attempted to evade the payment of a tax, the Government does not need to prove that the IRS formally assessed, or determined, the amount of tax due and owing.

For you to find Thomas Selgas guilty of tax evasion under Count Two, you must find that, on or after July 18, 2012, Thomas Selgas willfully failed to file a tax return or committed an act of tax evasion. If you find that Thomas Selgas's failure to file a tax return or acts of tax evasion occurred before July 18, 2012, you must find Thomas Selgas not guilty on Count Two.

The word "willfully," as that term has been used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something that the law forbids; that is to say, with a bad purpose either to disobey or disregard the law.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

You may find that a defendant acted knowingly or willfully if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge or willfulness on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge or willfulness can be inferred if the defendant deliberately blinded himself to the existence of a fact.

If you find that any defendant acted in "good faith," that would be a complete defense to the charges in the Indictment, because good faith on the part of a defendant would be inconsistent with his acting willfully.

7

A person acts in "good faith" when he has an honestly held belief, opinion, or understanding that his acts were not unlawful, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect. Thus, in this case, if a defendant made an honest mistake or had an honest misunderstanding about the legality of his conduct, then he did not act willfully. A belief, opinion, or understanding does not need to be objectively reasonable to be held in good faith.

A defendant does not act in "good faith," however, if, even though he honestly held a certain opinion or belief or understanding, he also knowingly made false statements, representations, or promises to others.

The Defendants do not have the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement of the offenses charged, that the Defendants acted willfully. As I have told you, it is the Government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element. In deciding whether the Government proved that the Defendants acted willfully or, instead, whether the Defendants acted in good faith, you should consider all of the evidence presented in the case that may bear on the Defendants' state of mind. If you find from the evidence that a defendant acted in good faith, as I have defined it, or if you find for any other reason that the Government has not proved beyond a reasonable doubt that a defendant acted willfully, you must find that defendant not guilty of the offenses charged in the Indictment.

An individual can act in good faith if he follows the advice of an attorney and/or a tax professional. In determining whether a defendant acted in good faith, you should consider whether the defendant sought the advice of a competent attorney and/or a tax professional concerning the material fact allegedly omitted or misrepresented, whether the defendant gave his attorney and/or a tax professional all the relevant facts known to him at the time, whether the defendant received an opinion from his attorney and/or a tax professional, whether the defendant believed the opinion was given in good faith, and whether the defendant reasonably followed the opinion. However, if the defendant subsequently discovers reason to doubt the advice, he cannot hide behind the advice of his counsel and/or a tax professional to escape the consequences of his violation.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the Government has proved the Defendants guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience. The foreperson will write the unanimous answer of the jury in the space provided for each count of the Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on any count of the Indictment, until after you have reached a unanimous verdict.

**SO ORDERED.**

SIGNED January 15, 2020.

*[signature]*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**