UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3-18-CR-356-S |
| THOMAS D. SELGAS<br>JOHN O. GREEN | |

### GOVERNMENT'S SENTENCING MEMORANDUM AND MOTION FOR UPWARD DEPARTURE

**COMES NOW** the United States of America, by and through the undersigned, and respectfully moves this Court to upwardly depart or vary from the recommended advisory sentencing guideline ranges applicable to Thomas Selgas and John Green, as stated in the respective, final Presentence Investigation Reports (PSRs). (Doc. 266-1 & 267-1). As discussed below, the government requests that this Court depart upward under Section 4A1.3(a)(1) of the United States Sentencing Guidelines because each defendant's criminal history category substantially underrepresents their criminal history or the likelihood that the defendant will commit other crimes. Further, as the guidelines are only advisory, these defendants deserve a sentence above the Guidelines based on the factors found in 18 U.S.C. § 3553.

### Factual Background

The facts underlying this matter are detailed in the PSRs for each defendant and will only be repeated here in limited fashion. In brief summary, Selgas has a long history of failing to file his individual income tax returns and pay taxes that he owed, which led to Internal Revenue Service (IRS) assessments that the Tax Court sustained in 2005. (GEX 224). That same year, Selgas and his wife received an approximately $1 million distribution from settlements in favor of MyMail, Ltd., that Selgas, rather than pay their tax debt and current tax liabilities, transferred

**Government's Sentencing Memorandum and Motion for Upward Departure—Page 1**

to gold coins. (GEXs 9, 63.) Selgas and Green then caused the filing of an amended 2005 tax return for MyMail that sought to devalue the $6.8 million settlement proceeds to approximately $720,000, and drafted "Statements" to the IRS that were filled with false and misleading statements about the Selgases' income and expenses. (GEXs 9 through 11). Over the next decade, Selgas sold the gold coins back to Dillon Gage, a precious metals trading business, and deposited the proceeds—along with other income and assets—into Green's Interest On Lawyer's Trust Accounts (IOLTAs) from which Green would pay off the Selgases' credit cards. (GEXs 95, 188, 300 through 306).Through this scheme, Selgas evaded payment of his tax liabilities with Green's assistance, and when the IRS tried to collect the Selgases' taxes, Green did not disclose that he was holding Selgas's money in his IOLTA and lied to the IRS, stating that Selgas did not owe any money and refused to hand over the Selgases' financial information. (GEXs 31 through 40).

  For the purposes of this motion, the government would call the Court's specific attention to five areas: Paragraph 63 of Green's PSR; the Court's December 4, 2019 Memorandum Opinion and Order (Doc. 110); Green's admissions on cross-examination about his involvement in *United States v. Nolen*, 472 F.3d 362 (5th Cir. 2006); Rule 404(b) evidence of Green's personal filing history and another client's use of Green's IOLTAs that was not admitted at trial; and pages 23 through 30 of Selgas's PSR.

  First, Green provided the U.S. Probation Office with the opinion of Dr. George S. Glass that Green has a psychiatric diagnosis of delusional disorder which is narrowly focused on certain aspects of the tax code. (Doc. 267-1, ¶ 63).

**Government's Sentencing Memorandum and Motion for Upward Departure—Page 2**

Second, this Court previously overruled Green's objection to the firearms restriction of his bond order on grounds that he admitted to having "no respect for the federal government" and likening "the federal government to Nazi Germany." (Doc. 110, at 4–5).

Third, the government reminds the Court that, on cross-examination at trial, Green admitted that the court in *Nolen* revoked his pro hac vice admission for making false accusations against the magistrate judge. In that case, Green represented a defendant who, like Selgas, was charged was evading the payment of his income taxes and held anti-government views. *Nolen*, 472 F.3d at 368, 370. Green was barred from practice in the Eastern District of Texas for five years for this conduct. *Id.* at 370.

Fourth, the government argues that the Court should consider excluded evidence that it noticed under Fed. R. Evid. 404(b) about Green's filing history and his use of his IOLTA with other clients. The government intended to offer in its case-in-chief that Green had not voluntarily filed a personal income tax return since at least tax year 2000. The IRS prepared substitutes for returns for Green for tax years 2000, 2001, and 2003, assessing his tax liabilities, but Green did not pay the tax due or subsequently file returns. The government also noticed its intent, if Green testified, to question him about his bank records that revealed at least one other client depositing large sums into Green's IOLTA for payment of the client's personal expenses where the client had incurred a large, unpaid federal tax debt. (Doc. 58, at 2–3).

Finally, Selgas submitted eight pages of response to questions about his acceptance of responsibility. (Doc. 266-1, at 23–30). Throughout his response, Selgas placed responsibility for his crimes on everyone but himself. Of particular relevance, Selgas wrote, "The IRS's failure to follow the law and its own rules was used as a cover-up to convict me." (Doc. 266-1, at 26). Selgas also declared:

**Government's Sentencing Memorandum and Motion for Upward Departure—Page 3**

> I am the victim of 'bureaucratic ineptitude and indifference' caused by the Secretary of Treasury and his subordinates at the IRS," and [the Secretary of Treasury and his subordinates] are retaliating against me because I have questioned and exposed their failures.

(Doc. 266-1, at 28–29). Selgas also contended that his behavior had caused others "to question their confidence in the IRS" and "see just how corrupt and disingenuous the IRS is." (Doc. 266-1, at 30).

The defendants' respective PSRs calculate a total offense level of 22 for Selgas, resulting in a Guidelines range of 41–51 months' imprisonment, and total offense level of 24 for Green, resulting in a Guidelines range of 51–63 months' imprisonment, reflecting a calculated criminal history category of I for each defendant. (Doc. 266-1, ¶ 83; Doc. 267-1, ¶ 76).

## Applicable Legal Standards

1. **Sentencing facts need only be found by a preponderance of the evidence.**

The Court may make a factual finding about Green's and Selgas's disregard for the tax laws and federal government and that Green was involved in a similar fraudulent scheme with at least one other client (even though these facts were not explicitly part of their convictions at trial). "Findings of fact for sentencing purposes need only be found by a preponderance of the evidence. *United States v. Sampson*, 741 F.3d 539, 556 (5th Cir. 2014). A district court may draw reasonable inferences from the facts, and its findings will not be disturbed when plausible considering the record in its totality. *United States v. Odom*, 694 F.3d 544, 547 (5th Cir. 2012).

2. **A court may upwardly depart or vary from the applicable Guidelines range.**

There exists three types of sentences: (1) "a sentence within a properly calculated Guidelines range"; (2) "a sentence that includes an upward or downward departure as allowed by the Guidelines"; and (3) "a non-Guideline sentence" or a "variance" that is outside the relevant Guidelines range. *United States v. Smith*, 440 F.3d 704, 706–08 (5th Cir. 2006). In determining

**Government's Sentencing Memorandum and Motion for Upward Departure—Page 4**

the sentence to impose, the court may consider any information about the background, character, and conduct of the defendant unless otherwise prohibited by law. USSG § 1B1.4. While not unbounded, a district court's sentencing discretion, including to upwardly depart or vary, is reviewed for reasonableness as guided by the sentencing considerations in 18 U.S.C. § 3553(a). *Smith*, 440 F.3d at 706. A sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so: (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2); and (2) are justified by the facts of the case. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006), *cert. denied*, 548 U.S. 918 (2006).

An upward departure is warranted if reliable information indicates the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. USSG § 4A1.3(a)(1). The Guidelines list factors for the court's consideration including "prior similar adult criminal conduct not resulting in a criminal conviction." USSG § 4A1.3(a)(2)(E). A court may also upwardly depart in exceptional cases in which circumstances not identified by the Guidelines are nevertheless relevant in determining an appropriate sentence. USSG § 52K2.0(a)(2)(B).

## Argument

For Green and Selgas, each PSR calculates a criminal history category of I which understates the defendants' high proclivity for recidivism and results in Guidelines ranges that underappreciate the severity of their offenses. The government requests this Court upwardly depart and impose a Guidelines-sentence based on a criminal history category of VI, or alternatively, upwardly vary to a sentence closer to the statutory maximum. For Green, the

**Government's Sentencing Memorandum and Motion for Upward Departure—Page 5**

government argues that a 60-month, statutory maximum sentence is appropriate.[1] For Selgas, the government argues that a sentence between 84 and 105 months' imprisonment—that is, Selgas's Guidelines range at a criminal history category of VI—is sufficient but not greater than necessary in this case.

      Selgas and Green executed a convoluted, decade-long scheme that impaired and impeded the IRS's ability to collect Selgas's income taxes due. But more than their offense conduct that tried to undermine our country's internal revenue laws, Selgas and Green continue to display contempt and disrespect for the United States government. Green (1) holds delusions that narrowly focus on certain aspects of the income tax code, (Doc 267-1, ¶ 63); (2) has admitted to having "no respect for the federal government"; (3) advocated for state officers to arrest federal officials, and (4) "has likened the federal government to Nazi Germany." (Doc. 110, at 4–5). Indeed, Green has even been barred from practice in the Eastern District of Texas for making falsely accusations against a magistrate judge. *Nolen,* 472 F.3d at 370. And Green, beyond his conviction here, is a tax scofflaw who failed to file tax returns for two decades and is using his IOLTA similarly for at least one other client with a large federal income tax debt.

      Selgas used his opportunity to accept responsibility for his actions to instead denigrate the IRS and Secretary of Treasury and emphasize that his convictions for tax crimes make "many people question their confidence in the IRS," and "see just how corrupt and disingenuous the IRS

---

[1] If the Court accepts the enhancements applied in the PSR to Green's Guidelines range, 60 months' is within the Guidelines range without a departure or variance. If the Court disagrees with U.S. Probation's application of any enhancement, Green's resulting Guidelines range will be lower than 60 months.

**Government's Sentencing Memorandum and Motion for Upward Departure—Page 6**

is." (Doc 266-1, at 26–30.) Indeed, Selgas holds fast to his belief in a government-wide conspiracy against him rather than accepting the lawful functions of the IRS.

In *United States v. Simkanin*, 420 F.3d 397 (5th Cir. 2005), the Fifth Circuit upheld an upward departure from a criminal history category of I to VI for a similar federal income tax offender. There, Simkanin was convicted of various tax offenses and had an initially calculated Guidelines range much like Selgas and Green. *See id.* at 415. Simkanin, like Selgas and Green here, displayed contempt and disrespect for the laws of the United States. Indeed, Simkanin not only held a "cult-like belief" that the laws did not apply to him, but also was associated with groups holding anti-government sentiments, and acted in a manner inconsistent with the laws of the United States. *Id.* at 414–15. The district court found the upward departure justified based on the likelihood that Simkanin's attitude towards and beliefs about the federal government would lead him to commit future tax-related crimes despite a lack of criminal record. *Id.*

An upward departure or variance is necessary here to promote respect for the law and to provide a just punishment in this case. The defendants' actions demonstrate that they have little or no respect for the tax laws and are likely to commit similar crimes in the future. A sentence under criminal history category one or within the current guidelines range simply does not provide a sufficient deterrent effect necessary to reinforce the importance of following all the laws of the United States.

Thus, the government respectfully requests the Court to upwardly depart or vary from the present Guidelines ranges for each defendant. Such a departure or variance would result in sentences that reflect the seriousness of their offenses, promote respect for the law, provide just punishment, and afford better deterrence to guard against future recidivism by the defendants. A lesser sentence will not accomplish these goals.

**Government's Sentencing Memorandum and Motion for Upward Departure—Page 7**

For these reasons, the government respectfully requests that the Court sentence Green to 60 months' imprisonment and Selgas to a term of imprisonment within Selgas's Guidelines range at a criminal history category of VI, respectively.

Respectfully submitted,

**PRERAK SHAH
ACTING UNITED STATES ATTORNEY**

/s/ **Robert A. Kemins**
Trial Attorney
United States Department of Justice
Tax Division
Massachusetts Bar No. 267330
717 North Harwood
Suite 400
Dallas, TX 75201
Telephone: 214-880-9781
Robert.A.Kemins@usdoj.gov

**Mitchell T. Galloway**
US Department of Justice, Tax Division
150 M Street NE
Washington, DC 20002
202-353-2121
mitchell.t.galloway2@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 1, 2021, the foregoing document was filed using ECF, which will notify all counsel of record.

/s/ **Robert A. Kemins**
_____
Robert A. Kemins
Trial Attorney

**Government's Sentencing Memorandum and Motion for Upward Departure—Page 8**