# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 3:18-CR-356-S |
| § | |
| THOMAS D. SELGAS (01) § | |
| JOHN O. GREEN (03) § | |

## ORDER

This Order addresses Defendant Thomas D. Selgas's Motion for Reconsideration of Order Denying Rule 33 Motion for New Trial [ECF No. 274]. Having reviewed and considered the Motion, the documents filed in support thereof, the Government's Response [ECF No. 288], and the pertinent filings, transcripts, and evidence filed and presented in this case, the Court **DENIES** the Motion.

Motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure," but they "are a recognized legitimate procedural device." *United States v. Lewis* 921 F.2d 563, 564 (5th Cir. 1991) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982)); *see also United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995) (noting that motions for reconsideration in the criminal context are "judicial creation[s] not derived from statutes or rules"); *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975) (noting that district courts have "continuing jurisdiction" over criminal cases and are "free to reconsider [their] own earlier decision[s]"). Such motions typically "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (cleaned up) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)); *see also United States v. Fisher*, No. 3:02-CR-172-D, 2009 WL 10702910, at *1 (N.D. Tex. Feb. 24, 2009) (noting motions for reconsideration may be granted in

a criminal case if the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice"). Courts undertaking such analysis have noted the "high burden of proof on the party seeking reconsideration" so as to "discourage litigants from making repetitive arguments on issues that have already been considered by the court." *Id.* (cleaned up); *see also United States v. Olis*, Nos. H-07-3295 & H-03-217-01, 2008 WL 5046342, at *31 (S.D. Tex. 2008) (noting the "high burden" is also "to ensure finality" and "to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters").

For the reasons previously stated in the Court's April 21, 2020 Memorandum Opinion and Order [ECF No. 230], the Court denies the Motion for Reconsideration.[1] The Court finds that the interests of justice do not so require the Court to vacate the judgment and grant a new trial. *See* FED. R. CIV. P. 33(a).

**SO ORDERED.**

SIGNED June 18, 2021.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that Defendant asserts in the Motion an allegation of ineffective assistance of counsel, which he did not raise in his initial Rule 33 motion [*see* ECF No. 213]. Defendant provides no explanation for not raising this argument earlier. *See United States v. Prince*, Nos. 4:09-CR-161 & 4:10-CR-47, 2012 WL 12904091, at *1 (E.D. Tex. Feb. 21, 2012) (denying *de facto* motion for reconsideration where the facts and evidence "could have been offered in Defendant's prior motions, but were not" and where there was no showing "that any of th[e] arguments or facts [we]re newly discovered"). Nevertheless, the Court finds that Defendant's arguments in this regard do not persuade the Court that it erred in denying his initial Rule 33 motion.