# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:18-CR-356-S |
| | § | |
| THOMAS D. SELGAS (01) | § | |
| JOHN O. GREEN (03) | § | |

## ORDER

This Order addresses Defendant Thomas D. Selgas's Motion for Reconsideration of Order Denying Rule 29 Motion for Acquittal [ECF No. 272]. Having reviewed and considered the Motions, the documents filed in support thereof, the Government's Response [ECF No. 288], and the pertinent filings, transcripts, and evidence filed and presented in this case, the Court **DENIES** the Motion.

Motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure," but they "are a recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982)); *see also United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995) (stating that motions for reconsideration in the criminal context are "judicial creation[s] not derived from statutes or rules"); *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975) (noting that district courts have "continuing jurisdiction" over criminal cases and are "free to reconsider [their] own earlier decision[s]"). Such motions typically "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (cleaned up) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)); *see also United States v. Fisher*, No. 3:02-CR-172-D, 2009 WL 10702910, at *1 (N.D. Tex. Feb. 24, 2009) (noting motions for reconsideration may be granted in

a criminal case if the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice" (citation omitted)). Courts undertaking such analysis have noted the "high burden of proof on the party seeking reconsideration" so as to "discourage litigants from making repetitive arguments on issues already considered." *Salinas*, 665 F. Supp. 2d at 720 (cleaned up); *see also United States v. Olis*, Nos. H-07-3295 & H-03-217-01, 2008 WL 5046342, at *31 (S.D. Tex. 2008) (noting the "high burden" is also "to ensure finality" and "to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters").

For the reasons previously stated in the Court's April 21, 2020 Memorandum Opinion and Order [ECF No. 230], the Court denies the Motion for Reconsideration.

**SO ORDERED.**

SIGNED June 18, 2021.

**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**